# Exhibit A
Plaintiff's Original Petition

Case 4:25-cv-02600   Document 1-2   Filed on 06/05/25 in TXSD   Page 2 of 19

Harris County - County Civil Court at Law No. 2

4/15/2025 6:58 PM
Teneshia Hudspeth
County Clerk
Harris County

Page 1 of 17   Thursday, June 5, 2025   County Clerk Harris County, Texas

CAUSE No. 1249237

| | | |
|---|---|---|
| SIMPSON, ERNESTO | § | COUNTY CIVIL COURT AT |
| | § | |
| Plaintiffs | § | |
| | § | AT LAW NO. _____ |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| HARRIS COUNTY, MARK HERMAN CONSTABLE OF HARRIS COUNTY PRECINCT 4, RAMON RUIZ AS DEPUTY CONSTABLE OF HARRIS COUNTY PRECINCT 4  JOHN AND JANE DOES 1-30 | § § § § | "Jury Trial Demanded" |
| Defendants. | § | |

### PLAINTIFF'S ORIGNAL PETITION, FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ernesto Simpson (the "Plaintiff"), files this Original Petition, Application for Declaratory Judgment against HARRIS COUNTY, MARK HERMAN in his individual and official capacity, as Constable of Harris County Precinct 4, RAMON RUIZ in his individual and official capacity as Deputy Constable of Harris County Precinct 4 John and Jane Does, (the "Defendants") in their individual and official capacity for cause shows the Court as follows:

### DISCOVERY

1. Plaintiffs intend to conduct discovery under Texas Rules of Civil Procedure 190.3 (Level 2).

### PARTIES

2. Plaintiff is a resident of Harris County Texas.

3. Defendant HARRIS COUNTY is a local government entity and county in the

1 | Page



State of Texas authorized by the laws of the State of Texas and may be served with process and citation by serving its representative the Office of the Harris County Attorney Menefee at 1019 Congress, 15th Floor Houston, TX 77002. Service is requested at this time through Certified U.S. Mail, Return Receipt, issued by the Harris County Clerk.

4. Defendant MARK HERMAN, acting in his individual and official capacity as Harris County, Texas Precinct 4 Constable may be served with process and citation at 6831 Cypresswood Dr. Spring, TX 77379. Service is requested at this time through Certified U.S. Mail, Return Receipt, issued by the Harris County Clerk.

5. Defendant RAMON RUIZ, in its individual capacity and acting in his official capacity as a Deputy Constable at Harris County, Texas Precinct 4; may be served with process and citation at 330 Meadowfern Dr Houston TX. 77067. Service is requested at this time through Certified U.S. Mail, Return Receipt, issued by the Harris County Clerk

6. Unknown John and Jane Does 1-30.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over Defendants because the Defendant conducts business Harris County, Texas. The Court has jurisdiction over the controversy because the relief sought is within the jurisdictional limits of the Court.

7. Venue is in Harris County, Texas because the subject matter of the lawsuit because , all or a substantial part of the events or omissions giving rise to Plaintiffs' causes of action against Defendants occurred in Harris County, Texas thus venue is proper under §15.002(a)(l) of the Texas Civil Practice and Remedies Code.



## STATEMENT OF FACTS

**A. Factual Allegations of Defendants Harris County, Mark Herman Constable Harris County, Precinct 4 and Deputy Constable Roman Ruiz Harris County, Precinct 4 <u>ultra vires acts</u>.**

8.  In an ultra vires case, a plaintiff must allege, and ultimately prove, that an officer acted without legal authority or failed to perform a ministerial act. *See: City of El Paso v.* 284 S.W.3d 366, 372 (Tex. 2009). This is the law of this State of Texas.

9.  Here the Plaintiff alleges and the evidence supports that on August 15, 2023, Harris County, acting thru Mark Herman Constable Harris County, Precinct 4 and its Deputy Constable Roman Ruiz Harris County, Precinct 4, surround the Plaintiff home with a "swat team" of other Deputy Constables all dressed in their official uniforms' and fully armed posted a "Notice to Tenant" to front door of the Plaintiff residence which stated that "notice is given to James Allen[1] the tenant and all occupants, that the personal property located at 8202 Terra Valley Lane, has been removed outside the unit by order of the court under a Writ of Possession [ copy attached], issued <u>on August 15, 2023.</u>".

10. Defendant Deputy Constable Roman Ruiz, personally supervised the other Deputy Constable to remove the Plaintiff and other occupants from the premises under the pretense that they were acting under the authority of a Harris County District Court of Law that had the Harris County District Clerk Marilyn Burgess issue a "Writ of Possession" on August 15, 2023, authorizing the removal of Plaintiff and other occupants under the authority of the Harris County District Court.

---

1. James Allen did not even reside at the property during this time or in the State of Texas.



11. The Plaintiff has since discovered from the Harris County District Clerk Marilyn Burgess Deputy Clerks in the Post Civil/Trial Division that the copy of the August 15, 2023, "Writ of Possession" that Ruiz attached outside their door was never issued by Deputy Clerk on behalf of any Harris County District Court of Law. Nor did any Deputy Clerk cause a "Writ of Possession" on August 15, 2023, to be delivered via a Runner Constable from Alan Rosen Constable Harris County, at Precinct 1 to Defendant Deputy Constable Roman Ruiz at Mark Herman Constable Harris County, at Precinct 4 on August 15, 2023.

12. The August 15, 2023, "Writ of Possession" was fake.

13. Instead Defendant Deputy Constable Roman Ruiz, August 15, 2023, "Writ of Possession" was fake and forgery used was a May 8, 2023, "Writ of Possession" that had expired on August 7, 2024, no longer had any legal force or effect that was illegally tampered with and altered.

14. A writ of possession is considered a government document as it is a court order issued by a judge, directing a law enforcement officer to physically remove someone from a property, essentially making it a legal document with the authority of the government behind it; and tampering or altering government document as in this case is felony. See Texas Penal Code § 37.10(6)(c)(1) with intent is to defraud or harm another, is a state jail felony and under 18 U.S. Code § 1506, is a felony 37.10(c)(1).

15. Here with just a cursory review in comparing the Ruiz fake August 15, 2023, "Writ of Possession" with the May 8,2023, "Writ of Possession" it's clear that expensive time was given to remove the seal of the Harris County District Court from the May 8, 2023,

4 | Page



expired writ along with a signature of the Harris County Clerk all of which authenticates the writ as a legal document.

16. Secondly with just a cursory review in comparing the Ruiz fake August 15, 2023, "Writ of Possession" with the May 8, 2023, "Writ of Possession" it's clear that old expired May 8,2023 Writ had been "***illegally***" tampered with altering and removing Mark Herman Constable Harris County, Texas Precinct 4's original stamped delivery date from May 17, 2023,, and re-stamping it with the fake delivery date of August 15, 2023.

17, This gives the false appearance on paper that on August 15, 2023, the "Writ of Possession" was delivered to Deputy Constable Ramon Ruiz, at Mark Herman Constable Harris County, at Precinct 4 by a Constable Runner from Alan Rosen Constable Harris County, at Precinct 1 when in fact no such delivery never transpired.

18. According to Alan Rosen Constable Harris County, at Precinct 1 Clerk their does not exist record of "Writ of Possession" logged into the system on August 15,2023, or a tracking number , evidencing a "Writ of Possession" being delivered to Mark Herman Constable Harris County, at Precinct 4.

19. Upon information and belief Deputy Constable Ramon Ruiz issued the August 15, 2023 "Writ of Possession" himself and delivered it to himself without authorization from any court of law.

20. On August 15, 2023, when Deputy Constable Ramon Ruiz and his "swat team" Deputy Constables John and Jane Does illegally evicted the Plaintiffs and all other occupants from their property, along with their personal property it was without a court order or "Writ of Possession" from any court of law authorizing them to do so.



21.     Instead Deputy Constable Ramon Ruiz and his "swat team" Deputy Constables John and Jane Does exceeded their authority and invaded the Plaintiff and all other occupants home and forcefully removed the Plaintiff and all other occupants from there and their property while acting without legal authority and acted beyond their legal authority as they lacked a court to evict anyone.

22.     On August 15, 2023, Deputy Constable Ramon Ruiz and his "swat team" Deputy Constables John and Jane Does, from Mark Herman Harris County, Texas Precinct 4 deceived and mislead the Plaintiffs and all other occupants into believing that he was acting on behalf of a Harris County District Court when instead they were acting without any legal authority whatsoever.

23. On August 15, 2023, Deputy Constable Ramon Ruiz, criminally took illegal possession of property and supervised unknown third parties to unlawfully entered into the Plaintiffs' property and they were allowed to literally rob the Plaintiffs of their jewelry, cash, silver and gold coins, electronics other valuable personal property.

24.     In essence this was an illegal criminal home invasion and armed robbery under the guise of a eviction conducted and supervised by Deputy Constable Ramon Ruiz, who had absolutely no legal authority from any court of law on August 15, 2023, and has now commence a cover-up the illegal eviction through the Harris Attorney County Attorney Office. Harris County through Mark Herman Harris County Constable Precinct 4, and Deputy Constable Precinct 4 Ramon Ruiz, continue to interfere with the Plaintiffs access to their residence and property without any legal authority.



## CAUSES OF ACTIONS
## FIRST CAUSE OF ACTION
## VIOLATIONS OF § 12 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

25. Plaintiffs incorporate by reference all paragraphs above set forth fully herein.

26. Section 12.002 of the TEXAS CIVIL PRACTICE & REMEDIES CODE ("CPRC") provides:

> A person may not make, present, or use a document or other record with:
>
> (1)   knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>
> (2)   intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, or evidencing a valid lien or claim against real or personal property or an interest in real or personal property, and
>
> (3)   intent to cause another person to suffer:
> (A)   physical injury;
> (B)   financial injury; or
> (C)   mental anguish or emotional distress.
> (b)   A person Who violates Subsection (a) or (a-1) is liable to each injured person for
> (1)   the greater of
> (A)   $10,000 or
> (B)   the actual damages caused by the violation;
> (2)   court costs;
> (3)   reasonable attorney's fees; and
> (4)   exemplary damages in an amount determined by the court.



7 | P a g e



27. On August 15, 2023, Defendant Deputy Precinct 4 Constable Ramon Ruiz made, presented, or used a criminally altered government court document or other record with the knowledge that the document or other record was a fraudulent court record as it was never issued by any court of law and delivered to Ruiz on August 15, 2023.

28. On August 15, 2023, Defendant Deputy Precinct 4Constable Ramon Ruiz made, presented, or used documents or other records with intent that the criminally altered government document or other record be given the same legal effect as a court record or document of a court created by or established under the Texas constitution or laws of the State of Texas.

29. On August 15, 2023, Defendant Deputy Constable Ramon Ruiz used a document or other record with the knowledge that the document or other record was a fraudulent altered government court record i.e. an illegally altered and expired May 8, 2023, Writ of Possession has caused damages and injuries to Plaintiffs.

30. Defendant Deputy Pct. 4 Constable Ramon Ruiz used a document or other record with the knowledge that the document or other record was a fraudulently altered government court record i.e. a fraudulently altered and fake August 15, 2023, Writ of Possession with intent to cause Plaintiffs to suffer financial injury, mental anguish, or emotional distress.

31. Defendant Deputy Constable Ramon Ruiz's actions violated TEX. CIV. PRAC. & REM. CODE § 12.002, for which Plaintiffs seek judgment against Defendants, jointly and severally, equal to the greater amount of $10,000 per violation, or actual damages in the amount caused by each violation, together with attorney's fees, court costs, and

exemplary damages in an amount determined by the Court.

## SECOND CAUSE OF ACTION
## ILLEGAL "LOCK OUT" EVICTION

32.   Plaintiff incorporate by reference all paragraphs above as if set forth fully herein.

33.   On August 15, 2023, Deputy Constable Ramon Ruiz Harris County, Texas Precinct 4 acting without any authority appeared at the Plaintiffs residence with a "Swat Team" of other Harris County, Texas Precinct 4 Deputy Constables, and mislead the Plaintiffs into believing that he was acting on behalf of Harris County District court. When in fact they acting without any legal authority from any court of law.

34.   On August 15, 2023, Deputy Constable Ramon Ruiz Harris County, Texas Precinct 4 acting without any authority illegally forced the Plaintiffs out of their home and posted a "Notice to Tenant" to front door of the Plaintiff residence which stated that "notice is given to James Allen the tenant and all occupants, that the personal property located at 8202 Terra Valley Lane, has been removed outside the unit by order of the court under a Writ of Possession [ copy attached], issued **on August 15, 2023.**".

35.   The "Writ of Possession" attached to Deputy Constable Ramon Ruiz August 15, 2023, "Notice to Tenant" posted to the front door of the Plaintiffs residence was a copy of an May 8, 2023, that had expired on August 7, 2024, no longer had any legal force or effect that had been fraudulently tampered with an altered  indeed the August 15, 2023, "Writ of Possession" was fake.

36.   With just a cursory review its clear that expensive time was given to remove the seal of the Harris County District Court from the May 8, 2023, expired writ along with a





9 | P a g e

signature of the Harris County Clerk all of which authenticates the writ as a legal document.

37. This is expressly prohibited by law and statute after it had been "*illegally*" tampered with old expired May 8,2023 Writ  by illegally altering it by falsifying and removing Mark Herman Constable Harris County, Texas Precinct 4's original stamped delivery date of May 17, 2023, and re-stamping it with the fake delivery date of August 15, 2023, this gives the false appearance on paper that on August 15, 2023 the writ had been delivered to Deputy Constable Ramon Ruiz, when in fact no such delivery ever transpired.

38. A writ of possession is considered a government document as it is a court order issued by a judge, directing a law enforcement officer to physically remove someone from a property, essentially making it a legal document with the authority of the government behind it;  and tampering or altering government document as in this case is felony. See Texas Penal Code § 37.10(6)(c)(1) with intent is to defraud or harm another, is a state jail felony and under 18 U.S. Code § 1506, is a felony 37.10(c)(1).

39. On August 15, 2023, Deputy Constable Ramon Ruiz, criminally took illegal possession of property and supervised unknown third parties  whom unlawfully entered into the Plaintiffs' property and were allowed to literally rob the Plaintiffs of their jewelry, cash, silver and gold coins, electronics other valuable personal property.

40. Harris County, through Constable Mark Herman Harris County Precinct 4, Deputy Constables have threaten to arrest the Plaintiffs if they return to their own home for trespassing without any legal authority to do so.





41. Plaintiff seeks actual money damages and for the expenses occurred resulting the illegal eviction and for theft of cash gold and coins jewelry property including compensation for: temporary housing, movers fees, storage fees, food that spoiled and for all property that disappeared or was stolen in the process of the illegal execution of the invalid Writ of Possession. Plaintiffs are entitled to exemplary damages, attorney fees and costs as such conduct was knowingly and intentionally executed.

### THIRD CAUSE OF ACTION
### DECLARATORY JUDGEMENT

42. Plaintiff incorporate by reference all paragraphs above as if set forth fully herein.

43. Civil Practices and Remedies Code Chapter 37 lists suits that are appropriate for declaratory relief: "A person whose rights, status, or other legal relationships are affected by a statute . . . can seek a declaratory judgment to determine any question of construction or validity arising under the statute . . . .and obtain a declaration of rights, status, or other legal relationships." Tex. Civ. Prac. & Rem. Code Section 37.004(a); see generally, _City of Ingleside v. Corpus Christi_, 469 S.W.3d 589, 590 (Tex. 2015).

44 A declaratory judgment action may be borough to seek "declaratory relief against official state actors who allegedly act without authority in attempt to compel the state official to act within their official capacity." _Hawkins v. El Paso First Health Plans Inc., Comm'n v. IT-Davy_, 74 S.W.3d 849, 855 (Tex. 2002).

45. An ultra vires action succeeds only if a plaintiff proves that an "'officer acted without legal authority or failed to perform a purely ministerial act.'" See: _Hall v. McRaven_, 508 S.W.3d 232, 238 (Tex. 2017) (cleaned up).




46. On August 15, 2023, Deputy Constable Ruiz fully armed and in uniform appeared at the Plaintiffs' residence under the false pretenses that he was acting on the authority of in executing a valid writ of possession issued by Harris County District Clerk and allegedly delivered to Deputy Constable Ruiz at Harris County, Texas Precinct 4, is completely false as no Harris County District or Deputy Clerk issued or re-issued any writ of possession on August 15, 2023, and caused it to be delivered to Harris County Constable Precinct 4.

47. Instead Deputy Constable Ruiz on August 15, 2023, presented an illegal, altered copy of the May 8, 2023, writ of possession in violation Texas Penal Code § 37.10(6)(c)(1) with intent is to defraud or harm another. This is a state jail felony and under 18 U.S. Code § 1506, is a felony. The illegally altered writ had expired on August 7, 2023 and no longer had any legal force or effect to illegally evict the Plaintiffs from their home rendering the illegal eviction void.

48. Harris County through Constable Mark Herman Harris County Precinct 4, Deputy Constables, including Deputy Constable Ruiz continue as of this filing to interfere with the Plaintiffs' use and access to the possession of their home under threat of being arrested for trespassing without any legal authorization from any court of law. As such these persons not entitled to immunity as their actions are without legal authority from any court at law.

### FOURTH CAUSE OF ACTION
### (Harris County Liability)

49. Plaintiff incorporate by reference all paragraphs above as if set forth fully herein.

50. On August 15, 2023, when Defendants Mark Herman Constable Harris County,

12 | Page

Texas Precinct 4, Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, and other unknown Deputy Constables, at Harris County Constable Precinct 4, (a "Swat Team") and invaded the Plaintiffs' residence without any legal authority from any court at law and removed them and their property from said residence without authority from any court at law. This action violated the Texas Constitution's Article 1, Section 19, states that no citizen can be deprived of their life, liberty, property, privileges, or immunities without due course of law. The Texas Constitution's Declaration of Rights also states that no citizen can be disfranchised, outlawed, exiled, or deprived of privileges without due course of law and the United States Constitution likewise provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law.

51. On August 15, 2023, when Defendants Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, and other unknown Deputy Constables, at Harris County, Texas Precinct 4, (a "Swat Team") deceived the Plaintiffs into believing that they had authority over Plaintiffs, by enforcing a "Writ of Possession" issued by the Harris County District Clerk on August 15, 2023, delivered to Defendant Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, as such they were acting under the authority of a Court thus under color of law at all relevant times.

52. When instead the Plaintiffs have since learned that neither the Harris County District Clerk nor Deputy Clerk issued or re-issued any "Writ of Possession" on August 15, caused it to be delivered to any constable at Harris County, Texas Constable Precinct 4.

53. In fact as it turns out the August 15, 2023, "Writ of Possession" is fake as it bears no signature of the Harris County District Clerk or Deputy Clerk, has no seal of the Harris

13 | P a g e

County District Court and is merely illegal altered copy of the expired May 8, 2023, "Writ of Possession" that no longer has any legal force or effect.

54. Due to the actions of Defendants Mark Herman Constable Harris County, Texas Precinct 4, Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, and other unknown Deputy Constables, at Harris County, Texas Precinct 4, (a "Swat Team"), Plaintiffs were subjected on August 15, 2023, to an illegal eviction executed by the defendants without any legal authority from any court of law. Instead, the Defendants' action are illegal altering a state government document i.e, a writ of possession violates Texas Penal Code § 37.10(6)(c)(1) with intent is to defraud or harm another, is a state jail felony and under 18 U.S. Code § 1506, is a felony.

55. Defendant Harris County has violated the Plaintiffs' rights under the Texas Constitution's Article 1, Section 19, Texas Constitution's Declaration of Rights and Fourteenth Amendment to the U.S. Constitution.

56. Harris County, through Defendants and policymaker Mark Herman, and other policymakers, have denied their liberty, and property, have disfranchised, outlawed, exiled, or deprived of usage access to their residence and property without any due process of law as such is liable for failing to supervise and train its police officers from taken actions that violate the law and the Plaintiffs' rights and is instead overlooking and covering-up Deputy Constable Ramon Ruiz's illegal acts of misconduct when complaints were filed. Harris County, through Defendant and policymaker Mark Herman, is liable for failing to supervise and train its police officers, and for overlooking and covering-up officer misconduct.

14 | Page



57. In addition, the County had a general policy, pattern, and/or practice of not disciplining its officers for their misconduct, thereby sanctioning the officers' unlawful behavior.

58. The County's failure to supervise and train its officers, and the County's deliberate apathy towards holding law enforcement officers accountable when they engage in unlawful behavior and egregious misconduct against natural people constitutes gross negligence and/or deliberate and conscious indifference to people's rights.

59. Constable Mark Herman, failed to provide supervision and/or proper training to prevent unlawfully outcomes resulting from deputy constables' unlawful eviction though the use of criminally illegal altered state court government document and is presently covering-up this illegal conduct.

60. In addition, the County had a general policy, pattern, and/or practice of not disciplining its officers for their misconduct, thereby sanctioning the officers' unlawful behavior.

61. The County's failure to supervise and train its officers, and the County's deliberate apathy towards holding officers accountable when they engage in unlawful behavior and egregious misconduct against natural people constitutes gross negligence and/or deliberate and conscious indifference to people's rights.

62. Constable Mark Herman, failed to provide supervision and/or proper training to prevent unlawfully outcomes resulting from Deputy Ruiz's use of an illegal and fraudulently altered May 8, 2023, Writ of Possession that had expired on August 7, 2023, by operation of law and no longer had any legal force or effect resulting in ultra vires acts



by all Harris County Constable Precinct 4 personnel involved. Instead Constable Mark Herman is presently covering-up this illegal conduct.

63. The unlawful conduct of Harris County as described above was done with intent, malice and/or reckless disregard and/or deliberate indifference to Plaintiffs' protected due process rights and due course of law.

64. As a proximate result, Plaintiffs have suffered extreme harm including, being homeless but not limited to, injury including humiliation, mental anguish and suffering.

### CONDITIONS PRECEDENT

65. All conditions precedent to the Plaintiff's right to bring these causes of action has been performed, have occurred, or have been waived.

### ATTORNEY FEEES

66. Under the UDJA, the court may award costs and reasonable and necessary attorney feed as are equitable and just. Tex. Civ. Proc. & Rem. Code 37.009.

67. It was necessary for Plaintiffs to secure the services of the undersigned counsel to prepare and prosecute this suit. Judgment for costs and attorney fees through final judgment after appeal should be granted against each of the Defendants.

### PRAYER

For these reasons Plaintiff Ernesto Simpson, respectfully pray that that Defendants be cited to appear and answer, and that upon final trial, Plaintiff recover all actual, consequential, and exemplary damages, attorney's fees, costs of court, interest, and such other and further relief as the Court may deem just and proper.



Respectfully submitted

/s/ *Ernesto Simpson*

Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 77375
ernestosimpson122@gmail.com



I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 5, 2025

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Confidential information may have been redacted from the document in compliance with the Public Information Act.