**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ERNESTO SIMPSON**
     *Plaintiff*                       **Civil Action No. 25-CV-02600**

**v.**

**HARRIS COUNTY, et al.,**

## EMERGENCY EX PARTE MOTION FOR REMAND ORDER

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW**,** Ernesto Simpson (the "Plaintiff"), and files this "Emergency Motion for Remand Order" sending this case back to Harris County Civil Court at Law (2) under cause No. where an Ex Parate Emergency Application for a Temporary Restraining Order due this Court total lack of jurisdiction and for cause shows the Court as follows:

### REQUEST FOR EMERGENCY CONSIDERATION

1. For the reasons set forth below, Defendants Mark Herman, Ramon Ruiz and Christian Menefee ("Defendants") notice of removal pursuant to 28 U.S.C. § 1441, with the consent of Harris County,  on the grounds of a "federal question" is inappropriate and improper.

2.  Defendants filed this removal, to prevent the State Court from ruling on Plaintiff  Emergency Ex Parte Application for Temporary Restraining Order to enjoin, prohibit and restrain Defendants Harris County Mark Herman, Ramon Ruiz and Christian Menefee ("Defendants"), from disobeying the Court May 8, 2025

Order granting the Plaintiff access and possession to his place of residence by advising the Constables at Constable Mark Herman Precinct 4 to ignore the judge's order and arrest the Plaintiff instead and attempting to dictate to a judge what rules he must adhere to in order for the order to be complied with is beyond belief. {Exhibits A and B). Accordingly, the Plaintiff respectfully requests that this Court consider its Motion to Remand on a Ex Parte basis to allow for hearing on the Emergency Temporary Restraining Order.

3. The Harris County District Attorney Office has already given their opinion in that Harris County DA Sean Teare is an elected official and whether he agrees with court or not is under a ministerial duty to obey all court orders and the DA Office has no legal authority to arrest anyone for obeying a court order as it is written by the court

4. Nor does elected officials Christian Menefee Harris as County Attorney Office and Mark Herman as Constable Harris County Precinct 4 have any legal authority to advise anyone to ignore a judge's order or to disobey the courts May 8,2025, order whether they agree with it or now as public officials must perform their ministerial acts. Anderson, 806 S.W.2d at 793. Ministerial acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Ballantyne v. Champion Builders, Inc*., 144 S.W.3d 417, 425

(Tex.2004) (citing *Comm'r of the Gen. Land Office v. Smith,* 5 Tex. 471, 479 (1849)).  If the public officials must obey an order, without having any choice in complying, the act is **ministerial**.

5.    There is no federal question for Jurisdiction before this Court. On May 21, 2025, Plaintiff filed his First Amended Petition, Application for Temporary Restraining Order and Temporary and Permanent Injunction (**Exhibit** C), against said defendant and pleaded the following causes for relief:

A. **First Cause of Action:** Violation of § 12 of the Texas Civil Practice & Remedies Code  (1)(2)(3)(4)(a) alleging  that Defendant Deputy Constable Ruiz on August 15 2023 present, or use a document or other record with: knowledge that the document or other record is a fraudulent court record.

B. **Second Cause of Action**: Illegal Eviction alleging  that Defendant Deputy Constable Ruiz on August 15 2023, used a false replicata of a "Writ of Possession" that was not issued by any Clerk of Court by order or authority of  any court at law and evicted Plaintiff and other occupants without any legal authority to do so;

C. **Third Cause of Action**: Declaratory Judgment in that Deputy Constable Roman Ruiz action on August 15, 2023, of evicting the Plaintiff was ultra vires because it was without authority from any court at law and without a valid writ of possession; Plaintiff hereby seeks judgment declaring the August 15,2023, eviction null and void having no legal effect.

D. **Fourth Cause of Action**:  Harris County Civil Liability alleges that on August 15, 2023, when Defendants Mark Herman Constable Harris County, Texas Precinct 4, Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, and other unknown Deputy Constables, at Harris County Constable Precinct 4, (a "Swat Team") and invaded the Plaintiffs' residence without any legal authority from any court at law and removed them and their property from said residence without authority from any court at law. This action violated the Texas Constitution's Article 1, Section 19, states that no citizen can be deprived of their life, liberty, property, privileges, or

immunities without due course of law. The Texas Constitution's Declaration of Rights also states that no citizen can be disfranchised, outlawed, exiled, or deprived of privileges without due course of law and the United States Constitution likewise provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law.

E. **Fifth Cause of Action**: Harris County Attorney office Civil Liability alleged that Elected official Christian D. Menefee as Harris County Attorney has acting though his assistant county attorney's upon information and belief encouraged the Defendants to ignore and disregard court orders.

F. **Sixth Cause of Action**: On May 8, 2025, this Court issued a Permanent Injunction in the case styled as Ernesto Simpson vs.PCF Properties in Texas LLC. The Permanent Injunction in pertinent part permanently prohibits and restrains Defendant PCF Properties in Texas LLC., and (as assigns, employees and any other person or entity in active concert or participation with them------whether acting directly or through any corporation, company partnership, trust, subsidiary, assigns, partners, parent or controlling entities' division or through any other entity or device-----and all other persons, corporations, and other entities acting in concert or participating with the Defendant who received actual notice of this order by personal service or *otherwise*, are hereby permanently restrained and enjoined from engaging in the following conduct possession and access to said property.

G. On May 16, 2025, Plaintiff counsel serve Christian D. Menefee Harris County Attorney Office whom represents Harris County, Constables at Mark Herman Harris County Precinct 4 ,and Deputy Constable Roman Ruiz Harris County Precinct 4 and other constables with a copy of the Permanent Injunction Order which prohibits and restrains said Constables from interfering with Plaintiff access or possession of said property and instead of warning said Constables to obey said court orders the Harris County Attorney Office have instead instructed said constables to ignore the court orders placing the above the law.

5.   None the Plaintiff state law above causes of actions alleges any violations of his rights under the Fourteenth Amendment of the U.S. Constitution or claims under 42 U.S.C. §1983.   In order to plead and prevail in a § 1983 claim, a plaintiff must show that the defendant acted "***under color of law***" to deprive them of their constitutional rights. There no such pleadings within the Plaintiff First Amended Petition.

## ARGUMENTS AND AUTHORIES

A removing party bears the burden of establishing by a preponderance of evidence evidence that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential  & Cas., Co*., 276 F.S.3d 720. 723 (5th Cir. 2002). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co*., 128 F.3d 919,-22(5th Cir. 1997), Any doubts concerning removal must be resolved in favor of remand. *Acuna v. Brown & Root Inc*.. 200 P.3cl 335. 339 (5th Cir.2000), and the federal court "must presume that a suit lies outside its limited jurisdiction." Howery v. Allstate Ins. Co, 243 F.3d 912, 916 (5th Cir. 2001).

Defendants come nowhere close to carrying their burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal is proper. The Plaintiff has not pleaded a cause of action color of law or cause of action under 42 U.S.C. §1983, removal on the grounds of a "federal question" is

inappropriate and improper.

According Plaintiff moves the Court find that it lacks subject matter jurisdiction over this lawsuit and REMANDS this case back to the Harris County Civil Court at Law No 2 Cause No. 1249237 and  request that the Court direct Clerk to send a certified copy of the Courts order  to the Clerk of the Court of the Harris County Civil Court at Law No 2,and such further relief the court deems just and proper.

Respectfully submitted,

/s/**James M. Andersen**
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
 P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

*Attorney for Ernesto Simpson*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the court's ECF service system on this 6th day of June 2025.

/s/**James M. Andersen**