IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNESTO SIMPSON,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:25-CV-02600 |
| | § | |
| HARRIS COUNTY, et al.<br>*Defendants.* | §<br>§<br>§ | JURY DEMAND |

## DEFENDANTS HARRIS COUNTY, MARK HERMON, RAMON RUIZ AND CHRISTIAN MENEFEE'S RESPONSE TO PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR REMAND

Defendants Harris County, Harris County Precinct 4 Constable Mark Hermon, Deputy Ramon Ruiz and Harris County Attorney Christian Menefee ("Defendants") file this response to Ernesto Simpson's (Plaintiff's) Emergency Ex Parte Motion for Remand (Dkt. 3) and show as follows:

1. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction, and the removing party bears the burden of demonstrating federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted); 28 U.S.C. § 1441(a). A court determines federal question jurisdiction by examining the well-pleaded complaint, which recognizes that "the plaintiff is the 'master of the claim,' and a plaintiff may—except in cases of complete federal preemption — 'avoid federal jurisdiction by exclusive reliance on state law.' " *Marren v. Stout*, 930 F. Supp. 2d 675, 680 (W.D. Tex. 2013) quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

2. To remove and action to federal court, a defendant must show that the plaintiff has "(1) alleged a federal claim; (2) alleged a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field; or (3) alleged a state-law claim that necessarily raises a disputed and substantial issue of federal law that a federal court may entertain without disturbing federal/state comity principles." *Stout*, 930 F. Supp. at 680.

3. Plaintiff alleges Harris County violated his U.S. Constitutional rights under the Fourth Amendment though "illegal conviction." (Dkt. 1-3 at ¶ 51-66.)

4. In Plaintiff's First Amended Complaint (Dkt. 1-3) Plaintiff sues Harris County for violating his civil rights in his fourth cause of action. Plaintiff addresses due process and highlights that Texas guarantees "due course of law" (Dkt. 1-3 at ¶ 52) and "the United States Constitution likewise provides 'nor shall any State deprive any person of life, liberty or property, without due process of law.' " (Dkt. 1-3 at ¶ 52.) Plaintiff specifies that the Defendants, when committing the allegedly illegal acts, "were acting under the authority of a Court thus under *color* of law at all relevant times." (Dkt. 1-3 at ¶ 53, emphasis added).

5. In paragraph 57, Plaintiff alleges that Harris County "has violated the Plaintiffs' rights under the Texas Constitution's Article I, Section 19, Texas Constitution's Declaration of Rights and [the] Fourteenth Amendment to the U.S. Constitution." (Dkt. 1-3 at ¶ 57).

6. Defendant distinguishes the guarantees of the Texas Bill of Rights "due course of law" from the U.S. Bill of Rights "due process of law." (Dkt. 1-3 at ¶ 52). Thereafter, he

does not use these interchangeably. In fact, he specifies that the County violated his "due process rights *and* due course of law." (Dkt. 1-3 at ¶ 65).

7. Plaintiff repeatedly alleges that the County had a "general policy, pattern, and/or practice" of failing to train, discipline and supervise officers and the unlawful conduct "as described above" was done with "intent[,] malice and/or reckless disregard and/or deliberate indifference to Plaintiff's protected due process rights *and* due course of law." (Dkt. 1-3 at ¶ 65 (emphasis added)).

8. This is not an eviction case - - this case is about ownership / title of 8202 Terra Valley Lane, Tomball, Texas 77375. Plaintiff's inundation with particulars about the "eviction" and "agreed judgement" (Dkt. 3-2) in furtherance of that argument are unpersuasive, and a red herring to lead the Court back to the State. In fact, there is a pending motion to vacate Dkt. 3-2 based upon fraud (Exhibit 1). It is not a writ in connection with an eviction as Plaintiff would have you believe, it relates to title of 8202 Terra Vista.

9. WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court deny Plaintiff's Emergency Ex Parte Motion to Remand and grant all other relief to which Defendants are entitled.

Dated: June 12, 2025

                                          Respectfully submitted,

                                          **CHRISTIAN D. MENEFEE**
                                          HARRIS COUNTY ATTORNEY

                                          **JONATHAN G. C. FOMBONNE**
                                          DEPUTY COUNTY ATTORNEY AND FIRST

|  |  |
|---|---|
|  | ASSISTANT |
|  | **NATALIE G. DELUCA**<br>MANAGING COUNSEL,<br>DEFENSIVE LITIGATION, EMPLOYMENT, & REAL ESTATE DIVISIONS<br>Respectfully submitted, |
| By: | */s/      Rachel Fraser*  |
|  | **RACHEL FRASER**<br>Senior Assistant County Attorney<br>ATTORNEY IN CHARGE<br>State Bar No. 24079725<br>Fed Bar No. 4067195<br>Tel: (713) 274-5383 (direct)<br>rachel.fraser@harriscountytx.gov |
|  | **OFFICE OF THE HARRIS COUNTY ATTORNEY**<br>Harris County Attorney's Office<br>1019 Congress<br>Houston, Texas 77002<br>**ATTORNEY FOR HARRIS COUNTY, TEXAS** |

## CERTIFICATE OF SERVICE

I certify that, on June 12, 2025, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

*/s/ Rachel Fraser*
Rachel Fraser