**Exhibit 1**
**Intervenor's Emergency Motion to Vacate Agreed Final Judgment**
**and Permanent Injunction**

Case 4:25-cv-02600     Document 8-1  1249845 Filed on 06/12/25 in TXSD     Page 2 of 36  5/19/2025 6:31 PM
Teneshia Hudspeth
County Clerk
Harris County

Harris County - County Civil Court at Law No. 2

CAUSE NO. 1249845

| | | |
|---|---|---|
| ERNESTO SIMPSON | § | IN THE COUNTY CIVIL COURT |
|    Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. TWO (2) |
| | § | |
| PCF PROPERTIES IN TEXAS LLC | § | HARRIS COUNTY, TEXAS |
| | § | |
|    Defendant | § | |

**INTERVENOR'S EMERGENCY MOTION TO VACATE AGREED FINAL JUDGMENT AND PERMANENT INJNUCTION, AND EMERGENCY MOTION TO STAY ISSUANCE OF WRIT OF POSSESSION, REQUEST FOR HEARING AND FOR SANCTIONS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, P.C.F. PROPERTIES IN TX, LLC ("INTERVENOR"), the owner of the property located at 8202 Terra Valley Lane, Tomball, TX 77375, and files this, its EMERGENCY MOTION TO VACATE AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION, EMERGENCY MOTION TO STAY ISSUANCE OF WRIT OF POSSESSION, REQUEST FOR HEARING AND MOTION FOR SANCTIONS, in the above-styled and numbered cause and respectfully shows the Court as follows:

1.      This Court entered an Agreed Final Judgment and Permanent Injunction on May 8, 2025 (the "Agreed Judgment").  See, Exhibit 1.  The entry of the Agreed Judgment was procured by fraud on this Court.  The Agreed Judgment is void and the Court should vacate the Agreed Judgment.  The Agreed Judgment affects possession of Intervenor's property located at 8202 Terra Valley Lane, Tomball, TX 77375 (the "Property").  In fact, Elizabeth Thomas attempted to use the Agreed Judgment as a means to enter the Property twice:  On the evening of May 17, 2025, Ms. Thomas, along with her locksmith, attempted to break the locks and enter the Property.  They were unsuccessful.  However, on the afternoon of May 18, 2025, Ms. Thomas and others tried to

UNOFFICIAL COPY

convince the Harris County Constables that she owned the Property and had a right to possession. Both times, Ms. Thomas was instructed to leave the Property.

2.     This is yet another attempt by Elizabeth Thomas and her Aligned Litigants to deceive this court and regain possession of the property she was evicted from in August of 2023. Below is an inexhaustive and incomplete list of the lawsuits filed by or on behalf of Elizabeth Thomas.  This case is really no different, only the names of the purported parties are changed to get around orders issued by the Harris County District Courts against Elizabeth Thomas and her aligned parties.  In the bigger picture there are more than 65-70 of the cases filed around this property over the years, and in a multitude of court venues, from Texas Justice Courts, County Courts at Law, District Courts, Courts of Appeals, and the Texas Supreme Court, as well as Federal Bankruptcy and District Courts in Texas, the Fifth Court of Appeals, New York Bankruptcy and District Courts, Delaware Federal Bankruptcy and District Courts and the Third Circuit Court of Appeals, with hundreds of thousands of pages of documents, all designed by Ms. Thomas, the former owner of the Property. Done by design of the principal filers, Ms. Thomas, former owner of the property, and her aligned litigants.  As a direct result of her actions, Ms. Thomas and those aligned with her have been declared Vexatious Litigants by order of the 80th Judicial District Court of Harris County, Texas, in Case No. 2020-35780, and styled James Allen, et al v. PCF Properties in TX, LLC.  A true and correct copy of the Vexatious Litigant Order is attached hereto as Exhibit 1.

3.     Intervenor is the owner and possessor of the property located at 8202 Terra Valley Lane, Tomball, TX 77375 (the "Property"), having purchased the Property at a foreclosure sale in March 2020.  A true and correct copy of the Trustee's Deed is attached hereto as Exhibit 2.  As the

UNOFFICIAL COPY

owner of the Property, Intervenor has a justiciable interest in the Property whose rights are impaired by the entry of the Agreed Judgment.

4.      dIntervenor took possession of the Property in August 2023 as a result of a final judgment entered in its favor in by the 80th District Court of Harris County, Texas, in Case No. 2020-35780, styled *James Allen, et al v. P.C.F. Properties in TX, LLC, et al*. A true and correct copy of the summary judgment is attached hereto as Exhibit 3.

5.      In the instant lawsuit, Plaintiff, either as a pro se litigant or through his attorney of record, James Andersen[1], and Defendant, PCF Properties in Texas, LLC, through its lawyer Alzadia Spires, have made material, false representations that Plaintiff and Defendant have agreed to allow Plaintiff possession of the Property.  Neither lawyer represents Intervenor; neither attorney has authority to bind Intervenor or affect Intervenor's rights to its Property.   More directly, Alzadia Spires does not represent Intervenor and has any right to bind Intervenor to the Agreed Judgment.

6.      Yet, the parties in this case have done just that:  the entry of the Agreed Final Judgment and Permanent Injunction purports to give Plaintiff the right to enter into and take possession of Intervenor's Property.  Intervenor is not a party to the Agreed Judgment and is not bound by it.  Because the entry of the judgment was procured by fraud, the Agreed Judgment should be vacated.  Additionally, the alleged agreement between Plaintiff and Defendant is void and unenforceable against Intervenor and its rights in and to the Property.

---

[1] James Andersen, though an attorney, has been named in the Vexatious Litigant Order as it relates to the Property.

### A. TIMELINE OF ORDERS, POSSESSION OF THE PROPERTY AND OTHER EVENTS - WHO ARE THE OTHER ENTITIES APPEARING IN THIS CASE?

7    Below is an overview of the timeline of orders affecting Intervenor's title and possession of the Property, highlighting some orders and events that happened from the date of the Summary Judgment quieting Title to Intervenor's name, onwards:

| Case No. and Date | Venue/Party/Doc | Event |
|---|---|---|
| Case No. 2020-35780; 04/19/2023 | Harris County 80th District Court 80th **107717152** | On April 19, 2023, the 80th District Court Quieted Title to the property, validating the March 3, 2020, foreclosure sale vesting title in P.C.F. PROPERTIES IN TX, LLC (as the name is correctly reflected on the 03/13/2020 recorded deed).  See, Exhibit 2.<br><br>The Judgment provides,<br><br>"ORDERED, ADJUDGED AND DECREED, that the foreclosure sale conducted on or about March 3, 2020, by JPMORGAN CHASE BANK, N.A., it successors in interest and assigns, and/or its substitute trustees, at which PCF PROPERTIES IN TX, LLC, was the successful bidder, is hereby declared valid, and title to the Subject Property is hereby quieted in favor of PCF PROPERTIES IN TX, LLC., and PCF PROPERTIES IN TX, LLC, shall be and hereby is awarded exclusive fee simple owner of the Subject Property, free and clear of any right, title or claim to right or title in the Subject Property made by JAMES ALLEN, ROBERT THOMAS, ALLAN HAYE, ELIZABETH THOMAS AND JAMES ANDERSEN."<br><br>And:<br><br>"ORDERED, ADJUDGED, AND DECREED and hereby DECLARED that:<br>• the lien held by James Allen f/k/a Jeve Enterprises, recorded at instrument number RP-2017-481834 of the Official Public Records of Harris County, Texas (the "JEVE Lien"), is and was inferior to and subject to that deed of trust lien held by JPMORGAN CHASE BANK, N.A., recorded at instrument number 20070643669 of the Official Public Records of Harris County, Texas (the "Chase Lien");<br><br>• The foreclosure of the Chase Lien extinguished the JEVE Lien and James Allen's interest in the Property; |

UNOFFICIAL COPY

|  |  | • James Allen, Robert Thomas, Allan Haye, Elizabeth Thomas and James Andersen have no right, title or interest in the Property of any sort; it is further . . ." |
|--|--|--|

We ask that the court also take judicial notice of the list of parties[2] in this case:

| PCF PROPERTIES IN TX LLC | DEFENDANT - CIVIL | SEWART, ANNA CLEMENT |
|--|--|--|
| PCF PROPERTIES IN TX LLC | CROSS PLAINTIFF | SEWART, ANNA CLEMENT |
| PCF PROPERTIES IN TX LLC | THIRD PARTY PLAINTIFF | SEWART, ANNA CLEMENT |
| PCF PROPERTIES IN TX LLC (A DOMESTIC LIMITED LIABILITY COMPANY) | REGISTERED AGENT | |

| Case No. 01-23-00331-CV; 05/05/2023 | 1ST Court of Appeals | Appeal of the April 19, 2023 summary judgment is filed: https://search.txcourts.gov/Case.aspx?cn=01-23-00331-CV&coa=coa01 |
|--|--|--|
| Case No. 2020-35780; 07/27/2023 | Harris County 80th District Court **109503454** | Order Approving Stipulation Signed; Order Granting Sanctions Signed.<br><br>Among the stipulations mentioned therein:<br><br>ORDERED, ADJUDGED and DECREED that, in the event any other lawsuits are filed by any person claiming an interest in the property located at 8202 Terra Valley Lane, Tomball, TX 77375, seeking injunctive relief in any form or manner, the Clerk of the Harris County Ancillary Court shall provide immediate prior written notice to P.C.F. Properties in TX, LLC, and its counsel of record, of any hearing, whether *ex parte* or otherwise, in person or via zoom before granting or entering any form of temporary restraining order, temporary injunction or otherwise affecting P.C.F. Properties in TX, LLC's rights, title, or interest, including possession thereof, of the property located at 8202 Terra Valley Lane, Tomball, TX 77375. P.C.F. Properties in TX, LLC's contact information is:<br><br>BARRY & SEWART, PLLC |
| Case No. 2020-35780; 08/10/2023 | HC 80th DC **109664976** | Order Approving Stipulation Signed, Order Setting Bond Signed, Order Signed Setting Aside Order.<br><br>In that order:<br><br>ORDERED, ADJUDGED, and DECREED that the Harris County Constable immediately execute the writ of possession and remove any and all persons and their belon from the property located at 8202 Terra Valley Lane, Tomball, TX 77375. It is further |

UNOFFICIAL COPY

---

[2] The PCF that was a party to the case is a Domestic LLC and not the defendant which is a Colorado LLC having nothing to do with the property. More on that a little further down this timeline.

| Case No. 2020-35780; 08/15/2023 | HC Constables Precinct 4 | Writ of Possession executed delivering the property to P.C.F. PROPERTIES IN TX, LLC[3] |
|---|---|---|
| 11/03/2023 | Colorado SOS | Imitation Entity PCF PROPERTIES IN TEXAS LLC is formed in Colorado. |



Colorado Secretary of State

ID#: 20238170094
Document #: 20238170094
Filed on: 11/03/2023 10:42:3
Paid: $50.00

**Articles of Organization for a Limited Liability Company**
filed pursuant to § 7-90-301 and § 7-80-204 of the Colorado Revised Statutes (C.R.S.)

The domestic entity name of the limited liability company is   PCF Properties in Texas LLC

A foreign entity, not registered to do business in the State of Texas, soon after its formation, represented by Alzadia Spires (as the Court has seen in this case), starts filing documents in an attempt to assert itself as the Appellee in the Appeal Case (filed 6 months *before* it was formed), the judgment creditor of a Judgment that was signed 6.5 months *before* it existed and the owner of the property in question which would imply that it purchased it at the foreclosure auction of March of 2020, more than 3.5 years before its formation.

| Case No. 2020-35780; 11/14/2023 | HC 80th DC **111337836** | Order Approving Stipulation Signed; Order Granting Sanctions Signed. |

ORDERED, ADJUDGED and DECREED that JAMES ALLEN, ALLAN HAYE, JAMES ANDERSEN and ELIZABETH THOMAS are SANCTIONED as a result of their knowing, willful, and intentional violation of Court Orders. Monetary sanctions in the amount of $ 50,000.00 are imposed against JAMES ANDERSEN and ELIZABETH THOMAS, jointly and severally, It is further

ORDERED, ADJUDGED and DECREED that future violations of this Court's Orders shall be punishable by contempt; it is further

ORDERED, ADJUDGED and DECREED that P.C.F. Properties in TX, LLC is awarded *in rem* relief with respect to any challenge of ownership, title, possession, or use of the property located at 8202 Terra Valley Lane, Tomball, TX 77375, and any further actions seeking injunctive relief in any form or manner is hereby strictly prohibited. In the event any person or entity files any action or proceeding to challenge P.C.F. Properties in TX, LLC's ownership, title, possession, or use of the property located at 8202 Terra Valley Lane, Tomball, TX 77375, the Clerk of the

---

[3] P.C.F. PROPERTIES IN TX, LLC remains in possession of the property since and to date. The "settlement agreement" presented to this court is nothing but a fraudulent attempt to gain possession of its property.

| Case No. 2020-35780; 11/16/2023 | HC 80th DC | Order[4] declaring Elizabeth Thomas, James Andersen and several other parties Vexatious Litigants is signed. In that order:<br><br>This list of cases does not include the volumes of pleadings in the cases Elizabeth Thomas files, most of which are lengthy, incoherent, irrelevant, and outright false, wherein Elizabeth Thomas intentionally misstates, mischaracterizes, or misrepresents the effects of orders or judgments, or other relief to which she declares she is entitled. Additionally, the list of cases does not include the number of times Elizabeth Thomas changes case captions, the names of party-plaintiffs and/or defendants, misstates a party's legal position, solely for the purposes of increasing litigation costs, confusion, delay, or otherwise to harass parties to litigation, or files motions for sanctions against parties and/or their attorneys of record.<br><br>III.    Elizabeth Thomas filed Cases in Other People's Names:<br><br>Elizabeth Thomas has employed a new strategy attempting to hinder, defraud the courts, and delay PCF's rights in the Terra Valley Property: Elizabeth Thomas has used the following parties to challenge this Court's judgment: |
| Case No. 01-23-00331-CV; 04/25/2024 | 1st COA | The 1st Court of Appeals issues an order admonishing Attorney Spires<br><br>Nothing in the record reflects that Spires represents appellee. *See generally* Tex. R. App. P. 6 ("Representation by Counsel"). Attorney John V. Burger is lead counsel for appellee. *See* Tex. R. App. P. 6.1. Burger has notified the Court that "Spires does not represent [a]ppellee" and "Spires has not been authorized to settle[] any issues on [a]ppellee's behalf in this case." Absent actions that comply with the Texas Rules of Appellate Procedure, Burger remains as the attorney of record for appellee in this case. All future filings in which anyone other than the appellee's attorney of record purports to represent appellee will be stricken and the filing party will be subject to sanctions. |
| Case No. 01-23-00331-CV; 04/25/2024 | 1st COA | The 1st Court of Appeals dismissed the Appeals of James Andersen, Elizabeth Thomas and Allan Haye for failing to file a timely brief.<br><br>Accordingly, the Court orders that the appeals of the above-listed appellants are dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b), 43.2(f). We dismiss any pending motions filed by the above-listed appellants as moot. The appeals of appellants, James Allen and Robert Thomas, remain pending before this Court. |
| 06/20/2024 | New Mexico SOS | Liberty Property Management, LLC is formed in New Mexico |

---

[4] https://www.txcourts.gov/media/1457537/elizabeth-thomas-and-thomas-litigants.pdf; See, Exhibit 3.

| | | Entity Details | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Business ID#: 7722524 | | | | | | Status: **Active** | | |
| | | Entity Name: Liberty Property Management LLC | | | | | | Standing: **Good Stand** | | |
| | | DBA Name: **Not Applicable** | | | | | | | | |
| | | Filing Date | Filing Type | Fiscal Year End Date | Post Mark | Survivor/ Re-Domesticated Entity | Instrument Text | Processed Date | Filing |
| | | 06/20/2024 | Business Formation | 12/31/2024 | | | | 06/21/2024 | 24741 |
| | | Referenced as the "Property Manager" in the alleged lease agreement[5] of Ernesto Simpson in this case, it is a foreign entity that is not registered to do business in the State of Texas. Even if it wanted to, it cannot, as there is an existing entity with the same name based in Austin. | | | | | | | | |
| Case No. 01-23-00331-CV; 08/22/2024 | 1st COA | The Court of Appeals dismisses the Appeal the remaining 2 Appellants<br><br>Further, the Court today considered the April 29, 2024 motion to dismiss the appeals of appellants, James Allen and Robert Thomas. After due consideration, the Court grants the motion. Accordingly, the Court **dismisses** the appeals of appellants, James Allen and Robert Thomas. | | | | | | | | |
| Case No. 2024-0571; 9/10/2024 | HC DC 269 | In an unrelated proceeding, Ms. Spires engaged in similar conduct in a case pending in the 269th Judicial District Court of Harris County, Texas, where Ms. Spires obtained a judgment by fraud in case 202430571 - SERTUCHE, NADINE ANN vs. TRICOLOR AUTO (D/B/A TRICOLOR HOLDINGS). That Court found Ms. Spires to have violated Rule 13, vacated another presented agreed judgment to that court and awarded the Defendant with sanctions against Ms. Spires:<br><br>16.    On August 9, 2024, after motion and a duly noticed hearing, the Court vacated the Agreed Nihil Dicit Judgment in its entirety.<br><br>17.    As set forth above, Plaintiff and Plaintiff's counsel have violated Rule 13 of the Texas Rules of Civil Procedure ("Rule 13").<br><br>18.    By violating Rule 13, Plaintiff and Plaintiff's counsel have wholly deprived Defendants of a fair opportunity to defend themselves in this cause and deceived the Court by | | | | | | | | |

---

[5] The residential lease agreement presented to the court was allegedly signed by this company more than 1 year before it was formed. And with no original signatures if we might add.

UNOFFICIAL COPY

creating and executing documents that purported to be agreed upon or created by the Defendants, but, in fact, were not agreed on, consented to, created by, or executed by the Defendants. Accordingly, there is good cause to support the imposition of sanctions.

19.    Lesser sanctions were considered by the Court but were not imposed because Plaintiff and Plaintiff counsel's Rule 13 violations constitute egregious misconduct and, as such, justify the Court's presumption that Plaintiff's claims against Defendants lack merit.

20.    Plaintiff and Plaintiff's counsel's Rule 13 violations and the resulting prejudice can only be remedied by dismissing, with prejudice, Plaintiff's claims against the Defendants and ordering Plaintiff's counsel reimburse Defendants for the reasonable and necessary attorneys' fees incurred in this cause.

21.    These sanctions are just, necessary, and directly related to Plaintiff and Plaintiff counsel's violations of Rule 13 described above.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that all of Plaintiff's claims against Defendants are hereby dismissed with prejudice to refiling same.

IT IS FURTHER ORDERED that Defendants recover from and against Plaintiff's counsel, Alzadia Spires, reasonable and necessary attorneys' fees, as determined by the Court, in the amount of $80,072.00, plus the following contingent fees:

| 04/01/2025 | CO SOS | Imitation entity PCF PROPERTIES IN TEXAS LLC becomes Delinquent |

04/01/2025 04:48
Name:    PCF Properties in Texas LLC
ID number: 20238170094

Found 7 matching record(s). Viewing page 1 of 1.

| # Event | Date Filed | Date Posted | EffectiveDate | Document # | Comment |
|---|---|---|---|---|---|
| 1 Articles of Organization | 11/03/2023 | 11/03/2023 | 11/03/2023 10:42 AM | 20238170094 | |
| 2 Periodic Report due | 10/23/2024 | 10/23/2024 | 10/23/2024 02:10 AM | | Periodic report due by: 01/31/2025 |
| 3 Periodic Report due in one week | 01/24/2025 | 01/24/2025 | 01/24/2025 01:42 AM | | Periodic report due by: 01/31/2025 |
| 4 Change in Status: Noncompliant for failure to file Periodic Report | 02/01/2025 | 02/01/2025 | 02/01/2025 01:37 AM | | Entity noncompliant and will become delinquent on: 03/03/2025 |
| 5 Statement of Change | 03/05/2025 | 03/05/2025 | 03/03/2025 12:00 AM | 20251261560 | Registered agent name and/or address changed; Document lists all affected entities. |
| 6 Change in status in one week: Delinquent for failure to file Periodic Report | 03/24/2025 | 03/24/2025 | 03/24/2025 01:58 AM | | One week until delinquent: 03/31/2025 |
| 7 Change in Status: Delinquent for failure to file Periodic Report | 04/01/2025 | 04/01/2025 | 04/01/2025 01:43 AM | | Entity has become delinquent for failure to file Periodic Report |

## B. LIST OF CASES FILED BY OR ON BEHALF OF ELIZABETH THOMAS CHALLENGINT TITLE AND/OR POSSESSION OF THE PROPERTY.

8.    For the Court's information, below is an incomplete and inexhaustive list of cases filed by Elizabeth Thomas, et al, to challenge the underlying lien and possession to the Property:

I.    <u>**Cases Filed in State Courts**</u>:

a.    Cause No. 2014-54729, *Thomas v. Meritage Homes*;

b.    Cause No. 2017-76078, *James Allen v. MTH Lending Group LP*;

c.    Cause No. 2018-14171, *Thomas v. McCarthy & Holthus LLC*;

d.    Cause No. 2020-35780, *Allen v. PCF Properties in TX LLC.*

e.    Cause No. 2017-75641, *Robert Thomas v. Flagstone Lending Group*;

f.    Cause No. 2018-14171, *Robert L. Thomas and James Allen v. McCarthy Holthus LLP and Elizabeth Thomas*;

g.    Cause No. 2019-08058, *Haye v. McCarthy & Holthus LLP*;

h.    Cause No. 2019-30835, *Haye v. McCarthy & Holthus LLP*;

i.    Cause No. 2019-31310, *Haye v. Sewart*;

j.    Cause No. 2020-12212, *Haye v. McCarthy & Holthus LLP*;

k.    Cause No. 2016-87941, *Perez, et al v. Miramar Lake Homeowners Assoc, et al*;

l.    Cause No. 2017-82388; *E. Thomas, et al. v. Meritage Homes of Texas, LLC, et al*;

m.    Cause No. 01-23-00331-CV, and is styled *Elizabeth Thomas, et al v. P,C.F. Properties in TX, LLC, et al;* This appeal is dismissed.

n.    Cause No. 01-23-00226-CV (Orig. Proc.); *Elizabeth Thomas, et al v. P.C.F. Properties in TX, LLC, et al*; This appeal was withdrawn by the Appellants.

o.    Cause No. 2023-26720; *Mahomed, et al v. P.C.F. Properties in TX, LLC.*

p.    Cause No. 2023-34044; *Jarbis, et al v. P.C.F. Properties in TX, LLC.*

q.    Cause No. 23-0571; *In re Elizabeth Thomas, James Allen, Allan Haye, and James Andersen, Relators*; in the Supreme Court of Texas. That petition has been denied.

r.    Cause No. 01-23-00678-CV; *In re Jasmine Jarbis, Relator*; dismissed on September 26, 2023;

s.    Cause No 234100308025; *THOMAS V. P.C.F. PROPERTIES IN TX, LLC*; in the Justice of the Peace, Precinct 4, Pace 1, Harris County, Texas. Application for Writ of Reentry. Application denied.

t.    Case No. 244100241205, *Liberty Property Management, LLC, v. Jasmine Jarbis, et al*. Justice of the Peace, Precinct 4, Pace 1, Harris County, Texas.

u.    Case No. 244200306630, *Liberty Property Management, LLC, v. Jasmine Jar*bis, *et al*. Justice of the Peace, Precinct 4, Pace 2, Harris County, Texas.

v.    Case No. 24410034422, *Liberty Property Management, LLC, v. Jasmine Jarbis, et al*. Justice of the Peace, Precinct 4, Pace 1, Harris County, Texas.

w.    Case No. 224100044908, *Liberty Property Management, LLC, v. Jasmine Jarbis, et al*. Justice of the Peace, Precinct 4, Pace 1, Harris County, Texas.

x.    Case No. 2025-00961; *Thomas, et al v. Harris County, et al*; in the 113th Judicial District Court, Harris County, Texas.

y.    2024-72935 - *PEREZ, OMAR (DBA PCF PROPERTIES IN TEXAS LLC) vs. HALARIS, ANTHONY (AKA PFC PROPERTIES IN TX LLC)* in the 80th Judicial District Court of Harris County, Texas.

z.    Case No. 2025-00961 - *THOMAS, OMARI J vs. HARRIS COUNTY, et al*; 113th Judicial District Court, Harris County District Court, Harris County, Texas. Abated by Vexatious Litigant Order.

aa.   Case No. 12492373; *Ernesto Simpson v. Harris County, et al*, Harris Country Civil Court at Law No. 2, Harris County, Texas. Abated by Vexatious Litigant Order.

bb.   Case No. 25410044908; Liberty Property Management v. Jasmine Jarbis, et al; Harris County Justice of the Peace, Precinct 4, Place 1. Dismissed for lack of jurisdiction; appealed de novo to County Court, under Case No. 1247652; nonsuited by the parties.

cc.   Case No. 12492373*Ernesto Simpson v. Harris County, et al*; Harris County Civil Court at Law No. 2; abated by Vexatious Litigant Order,

## II.    Cases Filed in or Removed to Federal Court:

a.    Cause No. 4:13-cv-01022; *Elizabeth Thomas, et al. v. J.P.Morgan Chase, N.A. f/k/a Chase Home Finance, LLC;*

b.    Cause No. 4:19-cv-00559; *Primary Residential Mortgage Inc., et al v. Elizabeth Thomas, et al;*

c.    Cause No. 18-23676-CGM-13 (Bankr. S.D.N.Y); *In re Elizabeth Thomas, Debtor*;

d.    Cause No. 4:22-cv-00705; *Elizabeth Thomas, et al. v. P.C.F. Properties in TX, LLC, et al;*

UNOFFICIAL COPY

e.    Adversary Proceeding No. 22-3024; *Elizabeth Thomas, et al v. Thomas, et al*;

f..    Cause No. 22-cv-3666 (NSR); *James Allen, et al v. Primary Residential Mortgage, Inc*.

g.    Cause No. 19-32662 (Bankr. S.D. Tex.); *In re Allan A. Haye, Debtor*;

h.    Cause No. 10-40785 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

i.    Cause No. 14-22609 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

j.    Cause No. 15-36259 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

k.    Cause No. 17-33326 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

l.    Cause No. 18-00598 (Bankr. D.C.); *In re Elizabeth Thomas, Debtor*;

m.    Cause No. 4:19-cv-04321 (S.D. Tex.); *Haye v. JP Morgan Chase*;

n.    Cause No. 23-10378 (Bankr. Del.); *In re PCf Investments, Inc., et al*; involuntary bankruptcy petition; case dismissed.

o.    Case No. 24-cv-04357, *Thomas, et al v. P.C.F. Properties in TX, LLC, et al*; in the United States District Court for the Southern District of Texas, Houston Division.

p.    Adv. No. 24-3216, T*homas, et al v. P.C.F. Properties in TX, LLC, et al*, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

q.    Case No. 25-cv-04136, *P.C.F. Properties in TX, LLC, et al v. Pitts, et al*, in the United States District Court for the Southern District of Texas, Houston Division.

**C,    PCF Owns the Property – this Lawsuit is a Collateral Attack on PCF's Title**

9.    Intervenor is the owner of the Property at issue, and the 80th District Court of Harris County, Texas, in Case No. 2020-35780, and styled *James Allen, et al v. P.C.F. Properties in TX, LLC, et al*., quieted Intervenor's title.   See, Exhibits 1 and 2.  This lawsuit constitutes an impermissible collateral attack on Intervenor's title and possession to the Property, which is governed by the doctrines of *res judicata* and collateral estoppel.  Plaintiffs have no title in the Property and Plaintiffs' alleged claims in the Property are void.  Likewise, there is no merit to this lawsuit and it should be dismissed.

10.    Plaintiff, Mr. Simpson, Defendant, PCF Properties in Texas LLC, and their respective lawyers, have misrepresented Intervenor's interest in the Property. The material, false

and fraudulent representations made by Plaintiff and Defendant, by their respective lawyers, led this Court to enter the Agreed Judgment. Plaintiff and Defendant, through their attorneys of record, have committed fraud on this Court. Consequently the Agreed Judgment is VOID and should be vacated.

11.    Intervenor seeks immediate relief from the Agreed Judgment because Intervenor believes that a writ of possession will be issued directing the Harris County Constable3 to seize, take possession of, and deliver Intervenor's property to parties who are not, under any legal or factual authority entitled to such possession. Ms. Thomas has illegally attempted to gain entry to Intervenor's Property twice since the Agreed Judgment was entered even though she is not a party to this case and is not a party to the Agreed Judgment, which shows that the Plaintiff and Defendant, through their respective lawyers, are actually working to further Ms. Thomas's meritless, baseless, and frivolous claims to the Property.

## C.  MOTION FOR SANCTIONS

12.    Intervenor moves to vacate the Agreed Judgment, dismiss this case, and for the imposition of sanctions. This case is meritless and frivolous, brought solely for the purposes of harassment and annoyance of Intervenor. Intervenor also moves for sanctions against Plaintiff and Defendant, and their respective lawyers, for making material, false, and fraudulent representations to this Court that resulted in the entry of the Agreed Judgment.

13.    There is no basis in law or fact to support the Agreed Judgment and the parties to it should be sanctioned for the conduct. Plaintiff and Defendant, through their respective counsel, have made a mockery of the legal system, using this case and many, many others to steal title to Intervenor's Property.

14.    Section 10.001 of the Texas Civil Practices and Remedies Code provides, in relevant part, that "[t]he signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1)  the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2)  each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)  each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

Tex. Civ. Prac. & Rem. Code § 10.001.

15.    This Motion is brought pursuant to Section 10.002 of the Texas Civil Practice and Remedies Code.  Sanctions are appropriate under Section 10.004 of the Texas Civil Practices and Remedies Code.  The actions of the Plaintiff and Defendant, and their respective counsel of record, are engaged in a conspiracy carried out by Ms. Thomas to affect Intervenor's ownership, title, and possession of the Property.

16.    Rule 13 of the Texas Rules of Civil Procedure provides, in relevant part, "[t]he signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument *is not groundless and brought in bad faith or groundless and brought for the purpose of harassment*. Attorneys or parties who shall bring a fictitious suit as an

experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for

such a purpose, or ***shall make statements in pleading which they know to be groundless and***

***false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a***

***contempt***." Tex. R. Civ. P. 13 (emphases added).

17.     "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue

therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous."

Tex. Disc, R. Prof. Cond. 3.01.  Lawyers shall not take positions that unreasonably increase the

costs or other burdens of the case, or unreasonably delay resolution of the matter.  Tex. Disc. R.

Prof. Cond. 3.02.  Lawyers have a duty of candor toward the tribunal.  Lawyers shall not knowingly

make false statements of fact or law to the tribunal.  Tex. Disc. R. Prof. Cond. 3.03(a)(1).  Lawyers

shall not knowingly fail to disclose a fact to the tribunal when disclosure is necessary to avoid

assisting in a criminal or fraudulent act.  Tex. Disc. R. Prof. Cond. 3.03(a)(2).

18.     Plaintiff and Defendant, though their respective lawyers, have engaged in frivolous

litigation in an attempt to divest Intervenor of its interests in the Property.   Neither Plaintiff nor

Defendant has no legal interest in the Property and has no legal or factual basis to maintain a cause

of action in this case, which is brought merely as subterfuge to advance Ms. Thomas's baseless

claims to the Property.  Pleadings filed on behalf of Plaintiff and Defendant are signed by attorneys

licensed to practice law in the State of Texas in violation of the Texas Civil Practices Remedies

Code, the Texas Rules of Civil of Procedure, and the Texas Disciplinary Rules of Professional

Conduct. Such pleadings are meritless and frivolous.  Sanctions against the attorney signing the

pleadings are appropriate.

19.     Plaintiff and Defendant, along with their respective counsel of record, should be

compelled to appear and show cause why sanctions are not warranted.  Their actions, along with

those of Ms. Thomas, constitute an attempt to hinder, defraud and delay Intervenor's rights to its Property, as well as defrauded this Court to enter the Agreed Judgment. Counsel for Plaintiff and Defendant have engaged in a course of conduct that brings disrespect and disrepute on the practice of law and should be held to account for their illegal and unethical actions.

20.    Furthermore, Intervenor is entitled to relief from the Agreed Judgment under Rule 329 of the Texas Rules of Civil Procedure.

PRAYER

Wherefore, premises considered, Intervenor prays that this Court VACATE the Agreed Judgment, find in favor of Intervenor, dismiss this lawsuit, sanction the parties found to be in violation of Texas law, and enter a judgment that Plaintiff nothing by way of its causes of action.

Respectfully submitted,

BARRY & SEWART. PLLC



_/s/ John V. Burger_____
David W. Barry, SBN: 01835200
Anna C. Sewart, SBN: 24029832
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650
Christopher T. Boyd, SBN 4108500

BARRY & SEWART, PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tel. (713) 722-0281
Fax. (713) 722-9786

Email: evictions@barryandsewart.com

_Attorneys for Intervenor_

Certificate of Service:

I certify that a true and correct copy of the foregoing pleading was served upon the parties listed below on this the 19th day of May, 2025, via the method indicated below.

James M. Andersen
P. O. Box 58554
Webster, Texas 77598-8554

    Email: jandersen.law@gmail.com

Alzadia Spires
Spires Law Firm, P.L.L.C.
17515 Spring Cypress Rd. #C620
Cypress, Tx 77429

    E-Mail: alzadia@spireslawfirm.com


                                   /s/ John V. Burger _____
                                  John V. Burger

UNOFFICIAL COPY

PIO
Vexap
Stipx

CAUSE NO. 2020-35780

JAMES ALLEN and ALLAN HAYE,           §        IN THE DISTRICT COURT
*Plaintiffs/Counter-Defendants,*      §
                                      §
v.                                    §
                                      §
P.C.F. PROPERTIES IN TX, LLC          §
*Defendant/Third-Party Plaintiff*     §        80th JUDICIAL DISTRICT
                                      §
v.                                    §
                                      §
ELIZABETH THOMAS, JAMES M.            §
ANDERSEN, and                         §
JPMORGAN CHASE BANK, N.A.;            §
                                      §
*Third-Party Defendants.*             §        HARRIS COUNTY, TEXAS



FILED
Marilyn Burgess
District Clerk

NOV 16 2023

Time: _____
Harris County, Texas
By _____
Deputy

### ORDER DECLARING ELIZABETH THOMAS LITIGANTS VEXATIOUS LITIGANTS

Before the Court is P.C.F. PROPERTIES IN TX, LLC'S Motion to Declare Elizabeth

Thomas and Others Vexatious Litigants. P.C.F. Properties in TX, LLC's motion is GRANTED.

### FACTUAL BACKGROUND

P.C.F. PROPERTIES IN TX, LLC requests this Court declare Elizabeth Thomas and Others

vexatious litigants based upon an extensive litigation history involving the same factual dispute

and factual foundation and the same property located at 8202 Terra Valley Lane, Tomball, TX

77375.  To prevent future harassing and abusive litigation, P.C.F. PROPERTIES IN TX, LLC

requests this court enjoin Elizabeth Thomas, Jasmine Jarbis, JaVaughn Mahomed, Monique

Moore, Sarah Jarbis, Omari J. Thomas, James Allen, Robert Thomas, Allan Haye, and James

Andersen from filing any additional lawsuits unless granted prior written permission from this

Court or the 11Th Administrative District Court.

The following is an incomplete and inexhaustive list of cases filed in Texas justice, county,

EXHIBIT
1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

district, and appellate courts, and the applicable federal courts by or on behalf of Elizabeth Thomas related to the Terra Valley Property:

    I.    <u>Litany of Cases Filed in State Courts</u>:

    1.    Cause No. 2014-54729, *Thomas v. Meritage Homes*;

    2.    Cause No. 2017-76078, *James Allen v. MTH Lending Group LP*;

    3.    Cause No. 2018-14171, *Thomas v. McCarthy & Holthus LLC*;

    4.    Cause No. 2020-35780, *Allen v. PCF Properties in TX LLC*.

    5.    Cause No. 2017-75641, *Robert Thomas v. Flagstone Lending Group*;

    g.    Cause No. 2018-14171, *Robert L. Thomas and James Allen v. McCarthy Holthus LLP and Elizabeth Thomas*.

    7.    Cause No. 2019-08058, *Haye v. McCarthy & Holthus LLP*;

    8.    Cause No. 2019-30835, *Haye v. McCarthy & Holthus LLP*;

    9.    Cause No. 2019-31310, *Haye v. Sewart*;

    10.    Cause No. 2020-12212, *Haye v. McCarthy & Holthus LLP*;

    11.    Cause No. 2016-83941, *Perez, et al v. Miramar Lake Homeowners Association, et al*;

    12.    Cause No. 2017-82388; *Elizabeth Thomas, et al. v. Meritage Homes of Texas, LLC, et al*;

    13.    Cause No. 01-23-00331-CV, and is styled *Elizabeth Thomas, et al v. P.C.F. Properties in TX, LLC, et al*; This appeal is pending.

    14.    Cause No. 01-23-00226-CV (Orig. Proc.); *Elizabeth Thomas, et al v. P.C.F. Properties in TX, LLC, et al*; This appeal was withdrawn by the Appellants.

    15.    Cause No. 2023-26720; *Mahomed, et al v. P.C.F. Properties in TX, LLC*.

16.    Cause No. 2023-34044; *Jarbis, et al v. P.C.F. Properties in TX, LLC.*

17.    Cause No. 23-0571; *In re Elizabeth Thomas, James Allen, Allan Haye, and James Andersen, Relators*; in the Supreme Court of Texas. That petition has been denied.

18.    Cause No. 01-23-00678-CV; *In re Jasmine Jarbis, Relator*; this is a mandamus proceeding filed by Plaintiff which the Appellate Court dismissed on September 26, 2023;

19.    Cause No 234100308025; *THOMAS V. P.C.F. PROPERTIES IN TX, LLC*; in the Justice of the Peace, Precinct 4, Pace 1, Harris County, Texas. Application for Writ of Reentry. Application denied.

**H.    Litany of Cases Filed in or Removed to Federal Court:**

20.    Cause No. 4:13-cv-01022; *Elizabeth Thomas, et al. v. J.P.Morgan Chase, N.A. f/k/a Chase Home Finance, LLC*;

21.    Cause No. 4:19-cv-00559; *Primary Residential Mortgage Inc., et al v. Elizabeth Thomas, et al*;

22.    Cause No. 18-23676-CGM-13 (Bankr. S.D.N.Y); *In re Elizabeth Thomas, Debtor*;

23.    Cause No. 4:22-cv-00705; *Elizabeth Thomas, et al. v. P.C.F. Properties in TX, LLC, et al*;

24.    Adversary Proceeding No. 22-3024; *Elizabeth Thomas, et al v. Thomas, et al*;

25.    Cause No. 22-cv-3666 (NSR); *James Allen, et al v. Primary Residential Mortgage, Inc.*

26.    Cause No. 19-32662 (Bankr. S.D. Tex.); *In re Allan A. Haye, Debtor*;

27.    Cause No. 10-40785 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

28.    Cause No. 14-22609 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

298.    Cause No. 15-36259 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

30.  Cause No. 17-33326 (Bankr. S.D. Tex.); *In re Elizabeth Thomas, Debtor*;

31.  Cause No. 18-00598 (Bankr. D.C.); *In re Elizabeth Thomas, Debtor*;

32.  Cause No. 4:19-cv-04321 (S.D. Tex.); *Haye v. JP Morgan Chase*;

33.  Cause No. 23-10378 (Bankr. Del.); *In re PCf Investments, Inc., et al*; involuntary bankruptcy petition; case dismissed.

This Court takes judicial notice of at least four (4) orders issued by separate federal district courts which require the ELIZABETH THOMAS AND THOMAS LITIGANTS to obtain prior authorization before removing any state court lawsuits to federal court.  This Court takes judicial notice that the ELIZABETH THOMAS AND THOMAS LITIGANTS have defied each such order.

This list of cases does not include the volumes of pleadings in the cases Elizabeth Thomas files, most of which are lengthy, incoherent, irrelevant, and outright false, wherein Elizabeth Thomas intentionally misstates, mischaracterizes, or misrepresents the effects of orders or judgments, or other relief to which she declares she is entitled.  Additionally, the list of cases does not include the number of times Elizabeth Thomas changes case captions, the names of party-plaintiffs and/or defendants, misstates a party's legal position, solely for the purposes of increasing litigation costs, confusion, delay, or otherwise to harass parties to litigation, or files motions for sanctions against parties and/or their attorneys of record.

III.    Elizabeth Thomas filed Cases in Other People's Names:

Elizabeth Thomas has employed a new strategy attempting to hinder, defraud the courts, and delay PCF's rights in the Terra Valley Property:  Elizabeth Thomas has used the following parties to challenge this Court's judgment:

1.  Jasmine Jarbis

2. JaVaughn Mahomed

3. Monique Moore

4. Sarah Jarbis

5. Omari J. Thomas

6. James Allen

7. Robert Thomas

8. Allan Haye

9. James Andersen, though an attorney, he is a judgment debtor and has represented Jasmine Jarbis, JaVaughn Mahomed, and Omari J. Thomas as attorney of record.

These parties are collectively referred to as the "THOMAS LITIGANTS".

This Court concludes that these parties are Elizabeth Thomas's proxies and that they should be declared vexatious litigants, as well.

This Court takes judicial notice of the following cases filed other parties' names challenging this Court's judgment, PCF's right, title, and interest in the Terra Valley Property, and the execution of the writ of possession:

    i.      Cause No. 2023-26720; *Jasmine Jarbis, et al v. PCF Properties in Texas, LLC*: this case is pending in the 295th District Court of Harris County, Texas. While an *ex parte* temporary restraining order was entered in Plaintiffs' favor, the district court denied Injunctive relief on June 1, 2023. P.C.F. has filed a Motion to Dismiss Baseless Claims under Rule 91a of the Texas Rules of Civil Procedure, which was set for hearing on July 14, 2023. The Plaintiffs subsequently filed a notice of non-suit of all pending claims;

    ii.     Cause No. 2023-34044; *Monique Moore, et al v. PCF Properties in Texas, LLC*: a temporary restraining order was entered on June 2, 2023, and a hearing was set for June 12, 2023, at 2:30 p.m. P.C.F. filed a Motion to Dissolve the restraining order, which was set for hearing on June 8, 2023, at 2:00 p.m., asserting that the ancillary court's temporary restraining order was entered as a result of fundamental error, that being that Monique Moore and Sarah Jarbis, the plaintiffs in that case, did not have a legal interest in the Property. The Plaintiffs filed their notice of non-suit on June 8, 2023, rendering the hearing moot.

UNOFFICIAL COPY

Unofficial Copy Office of Marilyn Burgess District Clerk

iii.   **Case No. 01-23-00678-CV;** *In re Jasmine Jarbis, Relator;* a mandamus proceeding seeking an order declaring the execution of the writ of possession illegal based on the identity of the parties, a spurious argument about bankruptcy, and the recusal of the trial judge. This proceeding was dismissed on September 26, 2023, on standing issues.

iv.   **Case No. 234100308025;** *Elizabeth Thomas v. P.C.F. Properties in TX, LLC;* Thomas filed a petition for writ of reentry in the Justice of the Peace, Precinct 4, Place 1, Harris County, Texas. The Justice Court denied the relief on jurisdictional grounds.

v.   **Case No. 2023-63377;** *Jasmine Jarbis, et al v. P.C.F. Properties in TX, LLC;* Plaintiffs sought, and obtained a temporary restraining enjoining PCF from renting or selling the property. An amended restraining order was entered enjoining PCF from excluding the Plaintiffs from re-entering the property. PCF filed an emergency motion to dissolve the restraining orders, which was granted on October 3, 2023. Plaintiffs filed a non-suit of the case, then sought to vacate the nonsuit and filed a request for injunctive relief. That relief was denied and the case was transferred from the 269th District Court to the 80th District Court on October 16, 2023. Plaintiffs file their third amended petition substituting the named parties for "John Doe" and "Jane Doe" and then the originally named parties filed a notice of nonsuit of their claims on October 18, 2023; on October 19, 2023, the substituted parties filed their own notices of nonsuit. PCF filed a motion for sanctions against he named parties and their counsel for knowing, willful, and intentional violations of two orders issued in this case.

Omari Thomas has appealed the order dissolving the restraining order. That case was filed on October 23, 2023, and is pending under Case No. 01-23-00789-CV, and styled *Omari J. Thomas v. P.C.F. Properties in TX, LLC.*

vi.   **Case No. 2023-72619;** *Omari J. Thomas v. P.C.F. Investments, Inc.;* this is the most recent case filed challenging this Court's judgment, the writ of possession, and PCFs title to the Terra Valley Property. Omari J. Thomas, who PCF believes is Elizabeth Thoams's 21 year old relative, was a party in Case No. 2023-63377; P.C.F. Investments, Inc., is PCF's parent company, but does not own title to the Terra Valley Property. This case was filed on October 18, 2023 and has been assigned to the 127th Judicial District Court of Harris County, Texas. As of October 25, 2023, there are no events pending and citation has not been requested or issued. However, PCF suspects that Elizabeth Thomas will seek the issuance of either a restraining order or an injunction permitting her to reenter the Terra Valley Property, much like the orders entered in Case No. 2023-63377, which were dissolved by the Court.

Two orders have been issued in this case intended to defer the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing further abusive, frivolous pleadings or lawsuits challenging PCF's title to the property. The first order was entered on August 2, 2023, by the 11th Administrative District Court in connection with the second baseless motion to recuse/disqualify

the Trial Judge. The Second Order was entered by this Court on August 10, 2023. Both Orders require prior written notice to be provided to PCF and its counsel of record prior to the issuance of injunctions orders. The THOMAS LITIGANTS have defied those Orders.

## DISCUSSION

### Legal Standard

Section 11.054 of the Texas Civil Practices and Remedies Code provides,

A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a *pro se* litigant other than in a small claims court that have been:

    (A) finally determined adversely to the plaintiff;

    (B) permitted to remain pending at least two years without having been brought to trial or hearing; or

    (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

    (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

    (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

Tex. Civ. Prac. & Rem. Code. 11054.

Section 11.101 of the Texas Civil Practices and Remedies Code provides,

(a) A court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing as provided by Subchapter B, that the person is a vexatious litigant.

(b) A person who disobeys an order under Subsection (a) is subject to contempt of court.

(c) A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant.

(d) A prefiling order entered under Subsection (a) by a justice or constitutional county court applies only to the court that entered the order.

(e) A prefiling order entered under Subsection (a) by a district or statutory county court applies to each court in this state.

Tex. Civ. Prac. & Rem. Code § 11.101.

Section 11.103 of the Texas Civil Practices and Remedies Code provides,

(a) Except as provided by Subsection (d), a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing.

Tex. Civ. Prac. & Rem. Code § 11.103.

Section 11.101(a) provides Courts with authority to issue pre-filing injunctions against vexatious litigants. The sanction of a pre-filing injunction may be appropriate with pro se litigants have a history of submitting multiple frivolous claims. Pro se litigants do not have license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets. See, Ferguson v. MBank Hous., N.A., 808 F.2d 358, 359 (5th Cir. 1986). A court has the inherent authority to impose a pre-filing sanction on vexatious litigants upon finding of such abuse. Id.; Tex. Civ. Prac. & Rem. Code § 11.101(a).

This case arises out of a foreclosure dispute between Elizabeth Thomas and her lender

pertaining to a mortgage secured by the Terra Valley Property. The cases listed above are in inexhaustive list of the cases file by or on behalf of Elizabeth Thomas or her proxies challenging the validity of the mortgage, the lender's rights to foreclose, the validity of the foreclosure sale, and PCF's right, title, and interest in the Terra Valley Property after PCF purchased it at a non-judicial foreclosure sale on March 3, 2020. These cases are duplicative, harassing, and burdensome to the Courts and the parties who must defend these baseless, meritless lawsuits filed against the ELIZABETH THOMAS AND THOMAS LITIGANTS.

This Court finds that the ELIZABETH THOMAS AND THOMAS LITIGANTS are vexatious litigants as defined by Chapter 11 of the Texas Civil Practices and Remedies Code.

This Court further finds that monetary sanctions alone are insufficient and/or ineffective to dissuade the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing further lawsuits challenging PCF's ownership interest in the Terra Valley Property, considering that the ELIZABETH THOMAS AND THOMAS LITIGANTS already have knowingly, willfully, and intentionally defied orders of this Court and other courts of competent jurisdiction. This Court concludes that pre-filing authorization is required to deter any further vexatious litigation.

Therefore, this Court believes the appropriate sanction here is to declare the ELIZABETH THOMAS AND THOMAS LITIGANTS vexatious litigants and hereby ENJOINS the ELIZABETH THOMAS AND THOMAS LITIGANTS from filing any civil laws in Harris County, Texas without first obtaining written permission from a judge of Harris County, Texas. It is further

ORDERED that the ELIZABETH THOMAS AND THOMAS LITIGANTS shall provide security to P.C.F. Properties in TX, LLC, in the amount of $20,000.00 to cover reasonable expenses incurred in connection with litigation commenced by the ELIZABETH THOMAS AND

BAS200099 – ORDER DECLARING THOMAS VEXATIOUS LITIGANT

THOMAS LITIGANTS, including attorney's fees and costs; if the ELIZABETH AND THOMAS

LITIGANTS fail to post a $20,000.00 bond within ten (10) calendar days of the signing of this

Order, this suit shall be dismissed with prejudice in its entirety, pursuant to Tex. Civ. Prac. Rem.

Code. § 11.056.  A copy of this Order shall be filed in Case No. Case No. 2023-12617, *Omari J.*

*Thomas v. P.C.F. Investments, Inc.*

SIGNED this ___16___ day of ___November___, 2023.

_____
PRESIDING DISTRICT COURT JUDGE

BAS203099 – ORDER DECLARING THOMAS VEXATIOUS LITIGANT

RP-2020-116398
03/13/2020   ER   $20.00

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## SUBSTITUTE TRUSTEE'S DEED

Deed of Trust Date:
10/19/2007
Original Grantor(s)/Mortgagor(s):
ELIZABETH THOMAS, AN UNMARRIED PERSON
Original Beneficiary/Mortgagee:
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS A NOMINEE FOR FLAGSTONE LENDING GROUP, ITS SUCCESSORS AND ASSIGNS
Current Beneficiary/Mortgagee:
JPMorgan Chase Bank, National Association
Property County:
HARRIS

Recorded in:
Volume: 051-26
Page: 2293
Instrument No: 20070643669

Foreclosure Sale Date:
3/3/2020
Foreclosure Sale Time:
12:36 pm
Sale Amount:
$218,000.00

Grantee/Buyer:
P.C.F. PROPERTIES IN TX, LLC
Grantee/Buyer Address:
6046 FM 2520 RD STE 160
SPRING, TX 77379

Legal Description of Property:  LOT TWENTY-FIVE (25), IN BLOCK TWO (2), OF MIRAMAR LAKE SECTION THREE (3), A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 553018 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Grantor conveyed the Property to Trustee in trust to secure payment of the Note. Beneficiary declared that Grantor defaulted in performing the obligations of the Deed of Trust. Current Beneficiary of the Note, accordingly, has appointed Substitute Trustee, as authorized under the Deed of Trust, and has requested Substitute Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the property were mailed, posted and filed, as required by law. Substitute Trustee sold the property to Buyer, who was the highest bidder at the public auction, for the amount of sale in the manner prescribed by law. The subject sale was conducted no earlier than 10am as set forth in the Notice of Substitute Trustee's Sale and was concluded within three (3) hours thereafter. All matters, duties and obligations of Beneficiary were lawfully performed as evidenced by the affidavit(s) attached hereto and made a part hereof for all purposes.

Substitute Trustee, by the authority conferred by Current Beneficiary and by the Deed of Trust, subject to prior liens and other exceptions in the Deed of Trust, if any, and for the amount of sale paid by buyer as consideration, grants, sells and conveys to Buyer, Buyer's heirs, executors, administrators, successors or assigns forever, the property together with all rights and appurtenances belonging to Grantor. Substitute Trustee binds Grantor and Grantor's heirs, executors, administrators, successors or assigns, to Buyer's heirs, executors, administrators, successors or assigns against every person lawfully claiming to warrant and defend all right, title and interest in the property or any part thereof.

WITNESS MY HAND, this 6th day of March, 2020

Anna Sewart
Anna Sewart or David Barry or Byron Sewart or Keith Wolfshohl or Helen Henderson or Patricia Poston
Substitute Trustee

STATE OF TEXAS §
COUNTY OF Harris §

Before me, the undersigned Notary Public, on this day personally appeared Anna Sewart or David Barry or Byron Sewart or Keith Wolfshohl or Helen Henderson or Patricia Poston as Substitute Trustee, known to me or proved to me through a valid State driver's license or other official identification described as _____ to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 6th day of March, 2020

Notary Public Signature

KAMELIA NAMAZI
Notary Public, State of Texas
Comm. Expires 02-20-2024
Notary ID 132386713

After recording return to:
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075

MH FILE NO.: TX-16-28836-FC

EXHIBIT
2

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/20/2020

Teneshia Hudspeth, County Clerk
Harris County, Texas





CON:581243|RP-2020-116398

# AFFIDAVIT

STATE OF TEXAS §
COUNTY OF COLLIN §

BEFORE ME, the undersigned authority on this day personally appeared Cindy Mendoza, who after being duly sworn, deposed as follows:

"1. I am a duly authorized agent of McCarthy & Holthus, LLP, attorney for JPMorgan Chase Bank, National Association (mortgage servicer and duly authorized agent of the Current Beneficiary and Mortgagee as referenced in the foregoing Substitute Trustee's Deed) at the time of the events hereinafter set forth and make this affidavit to the best of my knowledge and belief for the purpose of declaring the incidents of statutory and contractual compliance of the entity or entities set out below.

2. This affidavit is made with respect to the foreclosure of that certain Deed of Trust dated 10/19/2007, recorded in Volume: 051-26 Page: 2293 Instrument No: 20070643669 of the Real Property Records, HARRIS County, Texas, executed by ELIZABETH THOMAS, AN UNMARRIED PERSON, borrower(s), to TWILA L. GROOMS, Trustee, to secure payment of a Note to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS A NOMINEE FOR FLAGSTONE LENDING GROUP, ITS SUCCESSORS AND ASSIGNS.

3. To the best of my knowledge and belief, proper notice was sent prior to acceleration of indebtedness. All obligations duties of the holder of the debt were performed in the manner required by law and all notices were served on the Debtor at the Debtor's last known address as shown by the records of the holder of the debt.

4. To the best of my knowledge and belief, the mortgagors holding an interest in the above described property 1) were not members of the Armed Forces of the United States of America or were not protected by the Servicemembers' Civil Relief Act or Tex. Prop. Code § 51.015 on the date of the Trustee's Sale, and 2) were alive at the time of the foreclosure sale or, if deceased, the subject Trustee's Sale is not void or voidable pursuant to Tex. Estates Code § 256.003.

5. At the instruction and on behalf of the note holder or its agent, notice of acceleration of indebtedness and Notice of Trustee's Sale was served on every Debtor obligated on the debt, in strict compliance with the Texas Property Code, by certified mail at least twenty-one (21) days prior to the date therein specified for sale at the last known address of each such Debtor according to the records of the mortgage servicer..

6. At the instructions and on behalf of the holder of the debt or its agent, Notice of Trustee's Sale was filed with the County Clerk in the county or counties in which the subject property is situated and copies thereof posted at said courthouse(s) as required by law and in the manner specified by ordinance or custom."

FURTHER AFFIANT SAYETH NAUGHT.

Executed on: 3/12/20

AFFIANT – Cindy Mendoza, Authorized Agent of McCarthy & Holthus, LLP

STATE OF TEXAS §
COUNTY OF COLLIN §

Sworn to and subscribed before me, the undersigned Notary Public, on this day personally appeared Cindy Mendoza, who is a duly authorized agent of McCarthy & Holthus, LLP, on behalf of said law firm, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office dated this 12 day of MARCH, 2020.

Notary Public Signature

ANGELA K WOOLSTON
Notary Public, State of Texas
Comm. Expires 07-16-2020
Notary ID 1210113-8

After recording return to:
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075

MH FILE NO.: TX-16-28836-FC

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/20/2020

Teneshia Hudspeth, County Clerk
Harris County, Texas



CON:581243|RP-2020-116398

RP-2020-116398

RP-2020-116398
# Pages 3
03/13/2020 11:49 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
DIANE TRAUTMAN
COUNTY CLERK
Fees   $20.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/20/2020

**Teneshia Hudspeth, County Clerk**
Harris County, Texas

 CON:581243JRP-2020-116398

*P4*

*7---*

*Stipx*

*Atfex*

CAUSE NO. 2020-35780

JAMES ALLEN and ALLAN HAYE,              §        IN THE DISTRICT COURT
   *Plaintiffs/Counter-Defendants*,        §
                         §
v.                                       §
                         §
PCF PROPERTIES IN TEXAS, LLC             §
   *Defendant/Third-Party Plaintiff*      §        80th JUDICIAL DISTRICT
                         §
v.                                       §
                         §
ELIZABETH THOMAS, JAMES M.               §
ANDERSEN, and                            §
JPMORGAN CHASE BANK, N.A.;               §
                         §
   *Third-Party Defendants.*              §        HARRIS COUNTY, TEXAS

**FILED**
Marilyn Burgess
District Clerk
APR 19 2023
Time: _____
Harris County, Texas
By _____

## ORDER GRANTING PCF PROPERTIES IN TX, LLC'S MOTION FOR SUMMARY JUDGMENT

After considering Defendant, PCF PROPERTIES IN TX, LLC's Motion for Summary Judgment, the pleadings, the responses, the replies, the affidavits, the arguments of counsel, and the evidence in support thereof, the Court is of the opinion that the motion should be granted. Therefore, it is

ORDERED, ADJUDGED and DECREED that PCF PROPERTIES IN TX, LLC's Motion for Summary Judgment is hereby GRANTED.

ORDERED, ADJUDGED AND DECREED, that the foreclosure sale conducted on or about March 3, 2020, by JPMORGAN CHASE BANK, N.A., it successors in interest and assigns, and/or its substitute trustees, at which PCF PROPERTIES IN TX, LLC, was the successful bidder, is hereby declared valid, and title to the Subject Property is hereby quieted in favor of PCF PROPERTIES IN TX, LLC., and PCF PROPERTIES IN TX, LLC, shall be and hereby is awarded exclusive fee simple owner

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**EXHIBIT 3**

of the Subject Property, free and clear of any right, title or claim to right or title in the Subject Property

made by JAMES ALLEN, ROBERT THOMAS, ALLAN HAYE, ELIZABETH THOMAS AND

JAMES ANDERSEN.    It is further

ORDERED, ADJUDGED, AND DECREED that PCF PROPERTIES IN TX, LLC's Motion for

Summary Judgment is hereby GRANTED in its entirety; it is further

ORDERED, ADJUDGED, AND DECREED and hereby DECLARED that:

• the lien held by James Allen f/k/a Jeve Enterprises, recorded at instrument number RP-2017-481834 of the Official Public Records of Harris County, Texas (the "JEVE Lien"), is and was inferior to and subject to that deed of trust lien held by JPMORGAN CHASE BANK, N.A., recorded at instrument number 20070643669 of the Official Public Records of Harris County, Texas (the "Chase Lien");

• The foreclosure of the Chase Lien extinguished the JEVE Lien and James Allen's interest in the Property;

• James Allen, Robert Thomas, Allan Haye, Elizabeth Thomas and James Andersen have no right, title or interest in the Property of any sort; it is further

ORDERED, ADJUDGED, AND DECREED and hereby DECLARED that judgment is

GRANTED as to PCF PROPERTIES IN TX, LLC, as to its quiet title, declaratory judgment and trespass-

to-try-title claims, and that title to that certain tract of land situated in Harris County, Texas and described

with particularity as follows:

LOT TWENTY-FIVE (25), BLOCK TWO (2), MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING OT THE MAP OR PLAT THEREOF UNDER FILM CODE 553018 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS (the "Property")

is hereby quieted in PCF PROPERTIES IN TX, LLC, over and above any interest purportedly held by

James Allen and Allan Haye.; it is further

ORDERED, ADJUDGED AND DECREED that PCF PROPERTIES IN TX, LLC, do have and

recover possession of the Property against Plaintiffs; it is further

ORDERED, ADJUDGED AND DECREED that PCF PROPERTIES IN TX, LLC is awarded its reasonable and necessary attorneys' fees against James Allen, Robert Thomas, Allan Haye, Elizabeth Thomas, and James Andersen, jointly and severally pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, in the amount of $10,000.00; it is further

ORDERED, ADJUEDGED AND DECREED that PCF PROPERTIES IN TX, LLC is awarded conditional attorneys' fees: $5,500.00 if a motion for new trial is filed; $10,000.00 in the event of an unsuccessful appeal of the Judgment to the Court of Appeals; $7,500.00 if PCF is required to respond to a Petition for Review to the Texas Supreme Court is $5,00.00; it is further

ORDERED, ADJUDGED AND DECREED that PCF PROPERTIES IN TX, LLC is awarded its costs of court and post-judgment interest on the foregoing sums at the rate of 5.5% per annum from the date of judgment until the judgment is satisfied; it is further

ORDERED, ADJUDGED AND DECREED that all writs necessary for enforcement of this Judgment AGAINST PLAINTIFFS, including but not limited to, a Writ of Possession, shall issue upon PCF PROPERTIES IN TX, LLC's request and the clerk of this Court is hereby ORDERED to issue a Writ of Possession upon the request of PCF PROPERTIES IN TX, LLC, and shall require no further action from this Court; it is further

ORDERED, ADJUDGED AND DECREED that for all the above recovery, let execution issue; it is further

ORDERED, ADJUDGED and DECREED that any relief not expressly granted herein is denied.

ORDERED, ADJUDGED and DECREED that JAMES ALLEN, ROBERT L. THOMAS, and ALLAN A. HAYE take NOTHING on all of their claims against PCF PROPERTIES IN TX, LLC. it is further

ORDERED, ADJUDGED and DECREED that PCF PROPERTIES IN TX, LLC 's contingent

claims against JPMORGAN CHASE BANK, N.A., are hereby dismissed as moot.

SIGNED on _____, 2023.

_____
PRESIDING JUDGE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

e File on behalf of John Burger
Bar No. 3378650
efile@barryandsewart.com
Envelope ID: 101024269
Filing Code Description: Motion (No Fee)
Filing Description: Intervenor's Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions
Status as of 5/21/2025 8:17 AM CST

Associated Case Party: Ernesto Simpson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ernesto Simpson | | ernestosimpson122@gmail.com | 5/19/2025 6:31:45 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 5/19/2025 6:31:45 PM | SENT |

Associated Case Party: PVF PROPERTIES IN TEXAS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Omar Perez | | pcfpropertiesintexasllc456@gmail.com | 5/19/2025 6:31:45 PM | SENT |
| Alzadia Spires | | alzadia@spireslawfirm.com | 5/19/2025 6:31:45 PM | SENT |

UNOFFICIAL COPY