IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ERNESTO SIMPSON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-CV-02600** |
| | § | |
| **HARRIS COUNTY, et al.** | § | **JURY DEMAND** |
| *Defendants.* | § | |
| | § | |

### MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION

**RACHEL FRASER**
**Lead Attorney**
**Senior Assistant County Attorney**
State Bar No. 24079725
Fed Bar No. 4067195
Office of The Harris County Attorney
1019 Congress
Houston, Texas 77002
Tel:(713) 274-5383
E: Rachel.Fraser@harriscountytx.gov

**ATTORNEY FOR HARRIS COUNTY,**
**CONSTABLE MARK HERMAN, CHRISTIAN**
**MENEFEE AND DEPUTY RAMON RUIZ**

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORTIES ................................................................................................ iii

I.    Nature and Stage of Proceedings ........................................................................ 1

II.   Factual Background ............................................................................................. 1

III.  Summary of the Argument and Standard of Review ......................................... 2

    A.   Summary of the Argument ............................................................................ 2

    B.   Standard of Review ....................................................................................... 3

        1.   Rule 12(b)(1) Motion to Dismiss ............................................................ 3

        2.   Rule 12(b)(6) Motion to Dismiss ............................................................ 3

IV.  Argument & Authorities ...................................................................................... 4

    A.   Plaintiff fails to state a claim as a matter of law. ......................................... 4

    B.   Official Capacity Suits are redundant and must be dismissed. ..................... 4

    C.   Constable Herman and Christian Menefee were not personally involved in this suit. ... 5

    D.   Qualified Immunity protects Constable Herman, Deputy Ruiz and Mr. Menefee. ........ 5

    E.   Harris County Attorney's Office is *non sui juris*. .......................................... 7

    F.   Plaintiff has inadequately plead *Monell* against Harris County ..................... 7

    G.   *Rooker-Feldman* doctrine bars this Court from hearing this case. ................. 9

    H.   Plaintiff failed to allege any *ultra vires* actions by government actors. ...... 10

    I.   This case is barred by the TTCA. ............................................................... 12

    J.   Plaintiff lacks standing to sue under Civ. Prac. & Rem. Code Section 12.002. .......... 13

    K.   This case is about claim to title - - it is not an eviction. .............................. 13

    L.   Plaintiff is not entitled to a Declaratory Judgment. .................................... 15

    M.   Plaintiff is not entitled to a Temporary Restraining Order. ....................... 16

V.   Prayer for Relief ................................................................................................ 16

## TABLE OF AUTHORTIES

Page(s)

Cases

*Aguirre v. City of San Antonio*,
   (C.A.5 (Tex.) 2021) 995 F.3d 395 ....................................................................... 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................. 3, 4

*Backe v. LeBlanc*,
   691 F.3d 645 (5th Cir. 2012) ............................................................................ 6

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,
   520 U.S. 397 (1997).......................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................... 4

*Bellard v. Aguilar*,
   No. CV H-24-1076, 2025 WL 307210 (S.D. Tex. Jan. 27, 2025) ...................... 5

*Bennett v. City of Slidell*,
   728 F.2d 762 (5th Cir.) ..................................................................................... 8

*BHP Petroleum Co. v. Millard*,
   800 S.W.2d 838 (Tex. 1990)........................................................................... 15

*Blyden v. Mancusi*,
   186 F.3d 252 (2d Cir. 1999)............................................................................. 5

*Bynum v. Lewis*,
   393 S.W.3d 916 (Tex. App.—Tyler 2013, no pet.) ........................................ 14

*City of Houston v. Corrales*,
   No. 01-23-00416-CV, 2025 WL 676650 (Tex. App. Mar. 4, 2025) ............... 12

*Connick v. Thompson*,
   561 U.S. 51 (2011)........................................................................................... 8

*Creekside Ranch Grp., LLC v. Blair*,
   No. 02-24-00050-CV, 2025 WL 568697 (Tex. App. Feb. 20, 2025) ............. 15

*D.C. Court of Appeals v. Feldman*,
   460 U.S. 462 (1983).......................................................................................... 9

*D.C. v. Wesby*,
   583 U.S. 48 (2018)........................................................................................... 6

*Darby v. Pasadena Police Dept.*,
   939 F.2d 311 (5th Cir.1991) ........................................................................... 7

*Doe on behalf of M.F. v. Harris Cnty. Precinct Six Constable Sylvia Trevino*,
   452 F. Supp. 3d 548 (S.D. Tex. 2020) .......................................................... 8

*Etan Indus., Inc. v. Lehmann*,
   359 S.W.3d 620 (Tex. 2011)........................................................................... 15

*Exxon Mobil Corp. v. Saudi Basic Indus.*,
   544 U.S. 280 (2005)......................................................................................... 9

*Fraire v. City of Arlington*,
   957 F.2d 1268 (5th Cir. 1992) ........................................................................ 9

*Fuentes v. Nueces Cnty.*,
689 Fed. Appx. 775 (5th Cir. 2017) ............................................................. 7

*Garza v. Harrison*,
574 S.W.3d 389 (Tex. 2019) ...................................................................... 11

*Goodman v. Harris Cnty.*,
571 F.3d 388 (5th Cir. 2009) ...................................................................... 5

*Goodman-Delaney v. Grantham*,
484 S.W.3d 171 (Tex. App.-Houston [14th Dist.] 2015, no pet.) ........................... 14

*Hafer v. Melo*,
502 U.S. 21 (1991) .................................................................................... 5

*Hale v. Harney*,
786 F.2d 688 (5th Cir. 1986) ..................................................................... 10

*Hale v. King*,
642 F.3d 492 (5th Cir. 2011) ....................................................................... 4

*Home Builders Ass'n of Miss, Inc. v. City of Madison*,
143 F.3d 1006 (5th Cir. 1998) ..................................................................... 3

*Howery v. Allstate Ins. Co.*,
243 F.3d 912 (5th Cir. 2001) ....................................................................... 9

*Hunnicutt v. City of Webster*,
641 S.W.3d 584 (Tex. App. 2022) ....................................................... 10, 11, 12

*Jackson v. Ethridge*,
No. 01-21-00667-CV, 2023 WL 2249203 (Tex. App. Feb. 28, 2023) ...................... 14

*James v. Harris County*,
577 F.3d 612 (5th Cir. 2009) ................................................................... 7, 9

*Johnson v. De Grandy*,
512 U.S. 997 (1994) ................................................................................ 10

*Jordaan v. Hall*,
275 F. Supp. 2d 778 (N.D. Tex. 2003) .......................................................... 10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) .................................................................................. 9

*Liedtke v. State Bar*,
18 F.3d 315 (5th Cir. 1994) ....................................................................... 10

*McKenzie v. Carte*,
385 S.W.2d 520 (Tex. App.—Corpus Christi 1964, writ ref'd n.r.e.) ..................... 14

*MDPhysicians & Assoc., Inc. v. State Bd.of Ins.k*,
957 F2d. 178. (5h Cir. 1992) ....................................................................... 3

*Monell v. Dep't of Social Services*,
436 U.S. 658 (1978) ............................................................................... 5, 7

*Morgan v. Swanson*,
659 F.3d 359 (5th Cir. 2011) ....................................................................... 6

*Nehls v. Hartman Newspapers, LP*,
522 S.W.3d 23 (Tex. App. 2017) ................................................................. 15

*Plotkin v. IP Axess Inc.*,
407 F.3d 690 (5th Cir. 2005) ....................................................................... 3

*Potts v. Crosby Indep. Sch. Dist.*,
No. CIV.A. H-04-2852, 2005 WL 1527657 (S.D. Tex. June 28, 2005) .................... 7

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ............................................................ 4
*Reichle v. Howards*,
   566 U.S. 658 (2012) ........................................................................ 6
*Rice v. Pinney*,
   51 S.W.3d 705 (Tex. App. 2001) .................................................... 13
*Rizzo v. Goode*,
   423 U.S. 362 (1976) ........................................................................ 5
*Rooker v. Fid. Trust Co.*,
   263 U.S. 413 (1923) ........................................................................ 9
*Santander v. Salazar*,
   133 F.4th 471 (5th Cir. 2025) .......................................................... 6
*Scott v. Hewitt*,
   127 Tex. 31, 90 S.W.2d 816 (1936) ................................................ 13
*Shaw v. Villanueva*,
   918 F.3d 414 (5th Cir. 2019) ........................................................... 4
*Smith v. Abbott*,
   311 S.W.3d 62 (Tex. App. 2010) .................................................... 15
*Stockman v. FEC*,
   138 F.3d 144 (5th Cir. 1998) ........................................................... 3
*Texas Dep't of Transp. v. Sefzik*,
   355 S.W.3d 618 (Tex. 2011) ........................................................... 11
*Texas Dep't of Transp. v. Sunset Transp.*, Inc.,
   357 S.W.3d 691 (Tex. App.—Austin 2011, no pet.) ...................... 12
*Thompson v. Steele*,
   709 F.2d 381 (5th Cir. 1983) ........................................................... 5
*United States v. Shepherd*,
   23 F.3d 923 (5th Cir. 1994) ............................................................. 10
*Valle v. City of Houston*,
   613 F.3d 536 (5th Cir. 2010) ........................................................... 9
*Villalon v. Bank One*,
   176 S.W.3d 66 (Tex.App.-Houston [1st Dist] 2004, no pet.) ......... 13
*Webster v. City of Houston*,
   735 F.2d 838 (5th Cir.) .................................................................... 8
*Weekly v. Morrow*,
   204 F.3d 613 (5th Cir. 2000) ........................................................... 10
*Whole Woman's Health v. Paxton*,
   264 F. Supp. 3d 813 (W.D. Tex. 2017) ........................................... 16
*Willow Creek Golf Club, Inc. v. Willow Creek Mgmt., Inc.*,
   No. 14-21-00727-CV, 2023 WL 166836 (Tex. App. Jan. 12, 2023) .......... 14

## Statutes

28 U.S.C. § 1257 ..................................................................................... 9
Civ. Prac. & Rem. Code Section 12.002 ........................................ ii, 2, 12, 13
section 12.003 ........................................................................................ 13
Section 12.003(a)(1)-(6) ........................................................................ 13

Tex. Civ. Prac. & Rem. Code Ann. § 15.011 ................................................................ 14
Tex. Civ. Prac. & Rem. Code Ann. § 15.084 (West)...................................................... 13
Tex. Civ. Prac. & Rem. Code Ann. § 101.001 ............................................................... 12
Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West).................................................... 12
Tex. Civ. Prac. & Rem. Code Ann. § 101.057 ............................................................... 11
Tex. Civ. Prac. & Rem. Code Section 12.003(a) ........................................................... 13
Tex. Gov't. Code Section 311.034.................................................................................. 12
Tex. Prop. Code Ann. § 22.003 (West)........................................................................... 14

Rules

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) .............................................................................. 2
Fed. R. Civ. P. 12(b)(1), 12(b)(6) ................................................................................... 1
Rule 12(b)(1)..................................................................................................................... 3
Rule 12(b)(6) ................................................................................................................. 3, 4
Tex. R. Civ. P. 510.8........................................................................................................ 14

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Harris County, Harris County Precinct 4 Constable Mark Hermon, Deputy Ramon Ruiz and Harris County Attorney Christian Menefee ("Defendants"), in the above entitled and numbered cause, now ask this Court to dismiss this lawsuit brought by plaintiff Ernesto Simpson ("Plaintiff") pursuant to a Fed. R. Civ. P. 12(b)(1), 12(b)(6) and additional principles, and in support would show as follows:

## I.    NATURE AND STAGE OF PROCEEDINGS

This is one in a litany of lawsuits related to the same factual dispute and foundation regarding 8202 Terra Valley Lane, Tomball, Texas 77375 ("Terra Valley" or the "Property"). On April 15, 2025, Plaintiff filed this action in Harris County Court. Plaintiff served Harris County via the County Judge email on April 28, 2025, and served Constable Mark Hermon and Deputy Ramon Ruiz in person on May 8, 2025. Plaintiff served Harris County Attorney Christian Menefee on May 29, 2025. Plaintiff filed a First Amended Petition on May 21, 2025 ("Complaint"). On June 2, 2025, Plaintiffs Mark Herman, Ramon Ruiz and Christian Menefee removed this case to Federal Court under Case No. 4:25-cv-02528. On June 4, 2025, Harris County filed a consent to removal in federal court. This motion is timely filed.

## II.    FACTUAL BACKGROUND

P.C.F. is the owner of the Property at issue. On April 19, 2023, the 80th District Court of Harris County, Texas, in Case No. 2020-35780, and styled *James Allen, et al v. P.C.F. Properties in TX, LLC, et al*., quieted title in P.C.F.. (Exhibit 1; Summary Judgment Order). On May 9, 2023, the 80th District Court issued a Writ of Possession to P.C.F.. (Exhibit 2, Writ of Possession issued

by District Clerk). On August 15, 2023, Deputy Ruiz executed the writ issued by Harris County District Clerk.[1]

This lawsuit constitutes an impermissible collateral attack on P.C.F.'s title to the Property. This is not an eviction case. Plaintiff has no title in the Property and Plaintiff's alleged claims in the Property are void. Likewise, there is no merit to this lawsuit and it should be dismissed.

### III.    SUMMARY OF THE ARGUMENT AND STANDARD OF REVIEW

### A.    SUMMARY OF THE ARGUMENT

This case should be dismissed with prejudice against all Defendants. This is one in a litany of abusive lawsuits fueled by Plaintiff's fury after P.C.F. purchased Terra Valley in a foreclosure sale. A District Court opined that Plaintiff has no rightful claim to the Property. Plaintiff fails to confer jurisdiction on this court under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because Plaintiff's Complaint fails to state a claim against any Defendant as a matter of law, the official capacity suits against the individual litigants are redundant to the suit against Harris County, two of the individuals sued were not personally involved in the claimed constitutional violation, the individuals sued in their official capacity are protected by qualified immunity, the Harris County Attorney's office is *non sui juris*, Plaintiff has failed to adequately plead *Monell* against Harris County, this case is barred by the *Rooker-Feldman* doctrine, Plaintiff has failed in his ultra vires pleadings, Plaintiff's claim are barred by the Texas Tort Claims Act, Plaintiff lacks standing to sue under Civ. Prac. & Rem. Code Section 12.002, Plaintiff has failed to meet the threshold for a declaratory injunction, and for a temporary restraining order.

---

[1]The writ was not executed until August 15th 2023, due to procedural events in Case No. 2020-35780, which are not central to the case before this Court. It merits noting that after the District Court granted a judgment in favor of P.C.F. Properties on June 6, 2023, the District Clerk accepted $ 906.41 for a supersedes bond, in error. The District Court vacated that bond and ordered that the correct supersedes bond amount was $450,000 because that case is grounded in title. (Exhibit 3, Supersedes Bond).

## B. STANDARD OF REVIEW

### 1. Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Federal courts have limited jurisdiction, "and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The court may rely on "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") *MDPhysicians & Assoc., Inc. v. State Bd.of Ins.k* 957 F2d. 178, 181 n.2. (5h Cir. 1992).

### 2. Rule 12(b)(6) Motion to Dismiss

Under the Federal Rules of Civil Procedure 12(b)(6), a defendant may move for dismissal where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court must accept all factual allegations as true, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679

## IV.    ARGUMENT & AUTHORITIES

### A.  PLAINTIFF FAILS TO STATE A CLAIM AS A MATTER OF LAW.

If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. Courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

Plaintiff fails to state anything remotely resembling a cause of action entitling him to relief as a matter of law. Plaintiff is disgruntled that P.C.F. was quieted title to Terra Vista and sues. However, he fails to assert any valid legal theory, and he factually relies on conclusions that fail to state plausible claim to relief. This Court should dismiss this case with prejudice 12(b)(6).

### B.  OFFICIAL CAPACITY SUITS ARE REDUNDANT AND MUST BE DISMISSED.

Plaintiff names Constable Mark Herman, Deputy Ramon Ruiz and Christian Menefee as parties to the lawsuit in their official capacities. This is the same as suing Harris County, which

Plaintiff has done. Constable Herman, Deputy Ruiz, and Christian Menefee, in their official capacities, should be dismissed from this lawsuit as redundant defendants. "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell v. Dep't of Social Services*, 436 U.S. 658, 691-95 (1978)); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suits against a defendant acting in his official capacity are, at bottom, an attempt to recover from the governmental entity itself).

### C. CONSTABLE HERMAN AND CHRISTIAN MENEFEE WERE NOT PERSONALLY INVOLVED IN THIS SUIT.

A Section 1983 plaintiff must prove that the defendant was personally involved in the claimed constitutional violation. "Because [§] 1983 imposes liability only upon those who actually cause a deprivation of rights, personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Bellard v. Aguilar*, No. CV H-24-1076, 2025 WL 307210, at *3 (S.D. Tex. Jan. 27, 2025) citing *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (cleaned up); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action." (*citing Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976))).

Plaintiff concludes that Constable Herman and Christian Menefee are liable, yet he alleges no personal involvement of either one in his Complaint. Accordingly, they must be dismissed.

### D. QUALIFIED IMMUNITY PROTECTS CONSTABLE HERMAN, DEPUTY RUIZ AND MR. MENEFEE.

Even if Plaintiff had pled personal involvement by Constable Herman and Christian Menefee, they are protected by qualified immunity, as is Deputy Ruiz. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could

reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370–71 (5th Cir. 2011). Officials are entitled to qualified immunity "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.' " *D.C. v. Wesby*, 583 U.S. 48, 63 (2018) (*quoting Reichle v. Howards*, 566 U.S. 658, 664 (2012)). A court must "carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery." *Santander v. Salazar*, 133 F.4th 471, 478 (5th Cir. 2025) (citations omitted). In the motion to dismiss context, "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

A clearly established right, as the Fifth Circuit articulates, must be:

> '[S]ufficiently clear that every reasonable official would have understood that what he is doing violates that right.' The right may not be defined at a 'high level of generality' because the question is 'whether the violative nature of particular conduct is clearly established.' Thus, this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' This inquiry does not require 'a case directly on point,' but 'existing precedent must have placed the statutory or constitutional question beyond debate.'

*Santander v. Salazar*, 133 F.4th 471, 480 (5th Cir. 2025) (citations omitted).

Plaintiff fails to allege both a clear constitutional violation and that such violation was contrary to a clearly established right. He generalizes that Deputy Ruiz "without any authority[,] illegally forced the Plaintiffs out of their home" (Dkt. 1-3 at 8, ¶ 34) in absence of a court order. (Dkt. 1-3 at 9, ¶ 35). He also suggests an "unlawful entry" (Dkt. 1-3 at 10, ¶ 42) and speculates that Deputy Ruiz created the writ himself. (Dkt. 1-3 at 5, ¶ 19). Yet, Plaintiff specifies no clear

constitutional violation of a clearly established right. Plaintiff failed to overcome qualified immunity, and this case should be dismissed.

### E. HARRIS COUNTY ATTORNEY'S OFFICE IS *NON SUI JURIS*.

The Harris County Attorney's Office is a Harris County department. A local government department must "enjoy a separate legal existence" to be subject to suit. *Potts v. Crosby Indep. Sch. Dist.*, No. CIV.A. H-04-2852, 2005 WL 1527657, at *6 (S.D. Tex. June 28, 2005), aff'd, 210 F. App'x 342 (5th Cir. 2006) citing *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir.1991). Texas law does not allow county or municipal departments to sue or be sued directly, as interpreted by the Fifth Circuit. *Darby*, 939 F.2d at 313-314. Plaintiff bears the burden to demonstrate that the county department has the capacity to be sued. *Darby*, 939 F.2d at 314.

Plaintiff sues the Harris County Attorney's Office in his fifth cause of action. However, it is a department of Harris County and lacks the capacity to sue or be sued. The Court must dismiss the suit against the Harris County Attorney's Office as *non sui juris*.

### F. PLAINTIFF HAS INADEQUATELY PLEAD *MONELL* AGAINST HARRIS COUNTY.

A municipality is not liable under §1983 under *respondeat superior*, but instead "only for acts that are directly attributable to it 'through some official action or imprimatur.'" *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). For municipal liability under §1983 a plaintiff must prove: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom. *Fuentes v. Nueces Cnty.*, 689 Fed. Appx. 775, 777 (5th Cir. 2017); *Monell*, 436 U.S. at 658. Plaintiff's failure to train, supervise and "covering up" claims fall short of this standard.

An "official policy," must be a written policy or policy statement announced by the policy maker, or a "persistent widespread practice" which "is so common and well-settled" that it "fairly represents municipal policy." *Webster v. City of Houston,* 735 F.2d 838,841 (5th Cir.), *rev'd en banc on other grounds*, 739 F.2d 993, 993-94 (1984). Plaintiff omits any assertion of a written policy - - thus the Court must examine the pleadings for a persistent widespread practice that is *tantamount* to municipal policy. Yet, Plaintiff supports his claim with only one example - - the exclusion from Terra Valley. Plaintiff alleges "a general policy, pattern, and/or practice of not disciplining" officers. (p. 14 56and 62). This generalized, conclusory assertion and is insufficient evidence of a policy under *Monell,* especially in the absence of an express written policy.

Plaintiff similarly failed to allege a policymaker for *Monell* purposes. While he states that the County, "through Defendants and policymaker Mark Herman, and other policymakers" denied him due process of law, this is legally insufficient. (Dkt. 1-3 at 13, ¶58). To the extent he names Constable Herman, Texas law mandates that constables are not policymakers for the County, and "thus, any alleged failure to train or supervise could not serve as basis for municipal liability in plaintiff's § 1983 action." *Doe on behalf of M.F. v. Harris Cnty. Precinct Six Constable Sylvia Trevino*, 452 F. Supp. 3d 548 (S.D. Tex. 2020). Plaintiff fails to specifically identify a policymaker and fails the second *Monell* prong.

Plaintiff also fails to demonstrate the "moving force" prong of *Monell.* "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick v. Thompson*, 561 U.S. 51, 60 (2011); *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). Plaintiff, therefore, bears the burden of demonstrating that, "through <u>deliberate</u> [indifference], the [governmental entity] was the 'moving force' behind

the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *see also James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992). Plaintiff generally concludes that Constable Hermon failed to provide supervision and training to prevent "unlawful[ ] outcomes resulting from Deputy Ruiz's use of force." (Dkt. 1-3 at 14-15, ¶ 65). He treats the "moving force" prong of *Monell* as self-evident and concludes, without support, that each violation was a moving force behind his injuries. Plaintiff failed to connect the dots between the alleged policy and his claimed injuries. (Dkt. 1-3 at 15, ¶ 66). Section 1983 municipal liability requires "more than a mere 'but for' coupling of cause and effect. The deficiency in training must be the actual cause of the constitutional violation." *Valle v. City of Houston,* 613 F.3d 536, 545 (5th Cir. 2010). Plaintiff's claims against Harris County fail under this basic tenant.

### G. *ROOKER-FELDMAN* DOCTRINE BARS THIS COURT FROM HEARING THIS CASE.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A federal court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283 (2005) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Under 28 U.S.C. § 1257, the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. As such, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005 (1994). In other words, federal courts "lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir. 1994). This jurisdictional bar is not confined to actions in which the plaintiff explicitly seeks review of a state-court judgment: *Rooker-Feldman* extends even to those cases "in which the [federal] claims . . . are inextricably intertwined with the state court's grant or denial of relief*." Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)). This concept ensures that federal plaintiffs do not "circumvent [the *Rooker-Feldman*] jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

Plaintiff's lawsuit is nothing more than a federal appeal of a state court case. The suit is barred by the *Rooker-Feldman* doctrine, and must be dismissed.

## H.  PLAINTIFF FAILED TO ALLEGE ANY *ULTRA VIRES* ACTIONS BY GOVERNMENT ACTORS.

"A suit against a governmental employee in an official capacity is effectively a suit against the employing governmental unit, except in those cases alleging the employee has acted ultra vires." *Hunnicutt v. City of Webster*, 641 S.W.3d 584, 593–94 (Tex. App. 2022),

quoting *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019). An ultra vires claimant must plead and prove that the government employee acted without legal authority or failed to perform a ministerial act. *Id.* (citations omitted); *see Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (explaining ultra-vires action may be brought against government official only for nondiscretionary acts not authorized by law). "Ultra vires claims depend on the scope of the state official's authority." The question is whether the act was done without legal authority, not whether the act was correct. *Hunnicutt*, 641 S.W.3d at 594 (citations omitted). Consequently, it is not an ultra vires act if an official makes a wrong decision within his authority. *Id.*

Plaintiff fails under the basic pleading tenants to demonstrate that any official exceeded their legal authority or failed to accomplish a ministerial act. He bases his allegations on general conclusory declarations, which fail as a matter of law. In that regard, Plaintiff fails to articulate a legal claim for relief for an ultra vires act.

Plaintiff fails to establish that Deputy Ruiz or any other official lacked the authority to execute the writ. Instead, Plaintiff asserts Deputy Ruiz engaged in tortious, fraudulent behavior to eject the Terra Valley occupants. As discussed *infra*, Texas does not waive immunity for intentional torts of a government or its employees. Tex. Civ. Prac. & Rem. Code Ann. § 101.057. And, "[a]lthough our precedent uses broad language (e.g., "[t]o fall within this ultra vires exception, a suit must ... allege, and ultimately prove, that the officer acted without legal authority") . . . there is a distinction between a public servant acting without legal authority and engaging in tortious or wrongful behavior." *Hunnicutt*, 641 S.W.3d at 594-95.

A plaintiff cannot couch an illegal or unconstitutional act as an ultra vires claim and recover against a municipality on the basis of tortious conduct. *Id.* Further, merely asserting legal conclusions or labeling a defendant's actions as "ultra vires" or "without legal authority" is not sufficient—"what matters is whether the facts alleged constitute actions beyond the governmental actor's statutory authority, properly construed." *Id., citing Texas Dep't of Transp. v. Sunset Transp*., Inc., 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.). In this case, like in *Hunnicutt*, Plaintiff tries to circumvent government immunity and hold the County liable for the behavior of one allegedly tortious public servant and this does not form the basis of a suit for an ultra vires act. *Hunnicutt*, 641 S.W.3d at 595.

## I. THIS CASE IS BARRED BY THE TTCA.

Municipalities are generally immune from suits that arise from governmental functions, absent a legislative waiver. *City of Houston v. Corrales*, No. 01-23-00416-CV, 2025 WL 676650, at *1 (Tex. App. Mar. 4, 2025) (citations omitted). Tex. Civ. Prac. & Rem. Code Ann. § 101.001 et. seq. ("Texas Tort Claims Act" or "TTCA"). The Plaintiff bears the burden to demonstrate a waiver that is "clear and unambiguous." *Id.* Tex. Gov't. Code Section 311.034. The TTCA waives immunity for certain property and personal injury damages from motor-vehicles and personal injury caused by a condition or use of tangible personal property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West).

Intentional torts, regardless of how they are pled, fall under the TTCA sovereign immunity waiver exception. *Aguirre v. City of San Antonio* (C.A.5 (Tex.) 2021) 995 F.3d 395. Plaintiff's Complaint rests on the shoulders of intentional acts surrounding the alleged fraud vis-à-vis the creation and execution of a "fake" writ. These are intentional acts and barred by the TTCA. Plaintiff has failed to overcome the bar to immunity and those claims should be dismissed.

**J.  PLAINTIFF LACKS STANDING TO SUE UNDER CIV. PRAC. & REM. CODE SECTION 12.002.**

Texas Rules of Civil Practice and Remedies Code Section 12.002 prohibits making, presenting or using certain fraudulent documents or records to assert an interest in real property. Section 12.003 specifies who may sue under Section 12.002. It is limited to a number of law enforcement and quasi law enforcement entities, the person against whom a fraudulent judgment lien is rendered and the obligor, debtor, or one who owns an interest in the property. Tex. Civ. Prac. & Rem. Code Section 12.003(a).

Plaintiff has no standing to sue under this Section. He is not a quasi-law enforcement official as delineated in Section 12.003(a)(1)-(6) nor is he a person against whom a fraudulent judgment was rendered. Ernesto Simpson owns no interest in the Property and he lacks standing to sue under section 12.003. This Court should dismiss this case.

**K.  THIS CASE IS ABOUT CLAIM TO TITLE - - IT IS NOT AN EVICTION.**

Paramount to understanding this case is distinguishing between a Justice of the Peace writ of possession for title, and a District Court writ of possession for forcible detainer. The former establishes the right to conclusive possession, the latter is to determine immediate possession. Plaintiff's Compliant is premised on the faulty assertion that this is an eviction case. It is not.

The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, without resorting to an action upon the title. *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App. 2001), citing *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). "[T]he sole issue in a forcible detainer action is who has the right to immediate possession of the premises." *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex.App.-Houston [1st Dist] 2004, no pet.). These actions are brought in the justice court where all or part of the property is located and results

13

in a writ of possession issued by the Justice of the Peace court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.084 (West); Tex. R. Civ. P. 510.8. The writ has strict issuance and execution deadlines. *Id.*

The justice courts and county courts lack jurisdiction to resolve title issues; rather, exclusive jurisdiction to determine title to real property is vested in the district courts. *Jackson v. Ethridge*, No. 01-21-00667-CV, 2023 WL 2249203, at *3 (Tex. App. Feb. 28, 2023); *Bynum v. Lewis*, 393 S.W.3d 916, 918 (Tex. App.—Tyler 2013, no pet.); *see Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 174 (Tex. App.-Houston [14th Dist.] 2015, no pet.) ("Neither the justice court nor the county court at law have subject matter jurisdiction to determine who has title to property."). When title is disputed, the "district court of the county in which the land is situated shall first or originally try the issue of title." Tex. Civ. Prac. & Rem. Code Ann. § 15.011. This action results in a writ of possession upon the property. In such a suit, the final judgment "establishes title or right to possession . . . [that] is conclusive against the party from whom the property is recovered and against a person claiming the property through that party by a title that arises after the action is initiated." Tex. Prop. Code Ann. § 22.003 (West).

In the 2020 action, P.C.F. was awarded title to the Property by summary judgment. It is apparent on the face of the writ that relates to title and that it is not a writ of possession relating to an eviction.  The face of the writ states it was issued in District Court. Plaintiff's claims to the contrary are totally unsupported.

Plaintiff cannot recover for "illegal eviction" against Defendants. In order to have an illegal eviction, Plaintiff must first have an eviction. *Willow Creek Golf Club, Inc. v. Willow Creek Mgmt., Inc.*, No. 14-21-00727-CV, 2023 WL 166836, at *10 (Tex. App. Jan. 12, 2023); s*ee, e.g., McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. App.—Corpus Christi 1964, writ ref'd n.r.e.) (an essential

element of wrongful eviction is the eviction or dispossession of the plaintiff). There is no eviction in this case. There is no landlord /tenant relationship as necessary for an eviction. Plaintiff fails to state a claim for relief for "illegal eviction" and this case should be dismissed with prejudice.

## L. PLAINTIFF IS NOT ENTITLED TO A DECLARATORY JUDGMENT.

In order to maintain a declaratory judgment action: "(1) there must be a real controversy between the parties and (2) the controversy must be one that will actually be determined by the judicial declaration sought." *Nehls v. Hartman Newspapers, LP*, 522 S.W.3d 23, 29 (Tex. App. 2017) (citations omitted). A declaratory judgment request is moot "if the claim presents no live controversy." *Id.* quoting *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (per curiam) (citations omitted). Once a case is moot, the plaintiff no longer has standing. *Id.* The Uniform Declaratory Judgment Act is "not available to settle disputes already pending before a court." *Creekside Ranch Grp., LLC v. Blair*, No. 02-24-00050-CV, 2025 WL 568697, at *26 (Tex. App. Feb. 20, 2025), *citing BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) [(orig. proceeding)].

"In the case of an ostensible ultra vires claim under Uniform Declaratory Judgments Act (UDJA), plaintiff must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act; if the plaintiff, in fact, alleges or ultimately can prove only acts within officer's legal authority and discretion, claim seeks to control state action and is barred by sovereign immunity." *Smith v. Abbott*, 311 S.W.3d 62 (Tex. App. 2010).

The Terra Valley property has long-since been the subject of litigation. Plaintiff has not shown that he has any ownership interest in the property or that there is a "real controversy" that will be determined by a declaration. Plaintiff fails to demonstrate the threshold showing that he is

entitled to emergency relief in the form of a declaratory judgment because this lawsuit does not present a real controversy between the parties - - it is yet another attempt to relitigate unsubstantiated claims to Terra Valley.

### M. PLAINTIFF IS NOT ENTITLED TO A TEMPORARY RESTRAINING ORDER.

A temporary restraining order ("TRO") is an "extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813, 818 (W.D. Tex. 2017). The requesting party must establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied; (3) that the threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and (4) that the temporary restraining order will not disserve the public interest." *Id.* (citations omitted).

Plaintiff has not met the necessary elements for a TRO. He has not shown a substantial likelihood of success on the merits, in fact this case is 180 degrees divorced from that threshold. Likewise, Plaintiff has failed to demonstrate any injury - - he has failed to show any ownership interest in the property *sin que non*, he has no injury. Similarly, he fails on the third and fourth prongs because P.C.F. has valid claim to the property and any relief granted to Plaintiff would undercut their interest. Plaintiff has not demonstrated that he is entitled to this extraordinary relief.

### V.   PRAYER FOR RELIEF

Defendants Harris County, Harris County Precinct 4 Constable Mark Hermon, Deputy Ramon Ruiz and Harris County Attorney Christian Menefee respectfully request that the Court dismiss this case with prejudice for the foregoing reasons and grant all other relief in for which the Defendants are entitled.

Date:  June 12, 2026

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, & REAL
ESTATE DIVISIONS
Respectfully submitted,

By:    /s/     Rachel Fraser

**RACHEL FRASER**
Senior Assistant County Attorney
ATTORNEY IN CHARGE
State Bar No. 24079725
Fed Bar No. 4067195
Tel: (713) 274-5383 (direct)
rachel.fraser@harriscountytx.gov

OFFICE OF THE HARRIS COUNTY ATTORNEY
Harris County Attorney's Office
1019 Congress
Houston, Texas 77002
**ATTORNEY FOR HARRIS COUNTY,
CONSTABLE MARK HERMAN, CHRISTIAN
MENEFEE AND DEPUTY RAMON RUIZ**

## CERTIFICATE OF SERVICE

I certify that, on June 12, 2025, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

/s/ Rachel Fraser
Rachel Fraser