IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIMPSON, ERNESTO § | |
| *Plaintiff* § | |
| § | CIVIL ACTION No. 25-02600 |
| vs. § | |
| § | |
| HARRIS COUNTY et. al., § | |
| *Defendant* § | |
| § | |

### PLAINTIFF OBJECTION TO THE DEFENDANT'S ANSWER IS UNREPONSIVE AS ORDERED BY THE COURT

**TO: THE HONORABLE JUDGE ANDREW S. HANEN SENIOR U.S.D.J.**

Plaintiff Ernesto Simpson, files this Objection to the Defendants Harris County, Harris County Precinct 4 Constable Mark Herman, Deputy Ramon Ruiz and Harris County Attorney Christian Menefee ("Defendants") response to Ernesto Simpson's (Plaintiff's) Emergency Ex Parte Motion for Remand (Dkt. 3) as it unresponsive and fails to comply with the June 6, 2025, order of this court and for cause shows the Court as follows:

### THIS COURTS JUNE 6, 2025 ORDER

"Before the Court, is Plaintiff Emergency Motion for Remand to the Harris County Civil Court at Law No. 2 (Doc. No. 3). Plaintiff filed his original suit on April 15, 2025, alleging that the Constables' Office evicted him based on fabricated Writ of Possession. Plaintiff sued the Harris County Constable for Precinct 4, the Constable for Precinct 1, and numerous John Does for violation of the Texas Civil Practice and Remedies Code and the infringement of his due course of law rights under §19 of the Texas Constitution (Doc. No. 1-2). Plaintiff then filed an Amended Petition seeking a Temporary Restraining Order and Permanent Injunction based on the same allegations (Doc. No. 1 -3 at 1). On June 5, 2025, Defendant removed the case under 28 U.S.C. §1331 (Doc. No. 1 at 2). The next day, Plaintiff filed the instant Emergency Motion for Remand.

(Doc. No. 3). Defendants are hereby **ORDERED**, to respond to Plaintiff's Motion by **June 12, 2025**. Specifically, Defendants are encouraged to respond to the emergent nature of the motion as well as the merits to Plaintiffs arguments for remand." (Doc. 7).

## **THE EMERGENT NATURE OF PLAINTIFF'S MOTION**.

**Plaintiff Emergent Nature Ignoring a Judge Order:** Plaintiffs emergent nature pleaded in his Motion is that Defendants removed this case to federal court so as to adverse ruling on a pending Emergency Ex Parte Temporary Restraining Order ("TRO") to enjoin and restrain elected officials Harris County Attorney Christian Menefee and Harris County, Harris County Precinct 4 Constable Mark Herman from instructing Harris County Constables to ignore the Honorable Judge Jim Kovach of the County Civil Court at Law No. 2, May 8, 2025, order and to prohibit Harris County Precinct 4 Constable Mark Herman Deputies and assistant Deputies Constables from attempting to dictate conditions in which Judge Kovach needs to comply with in order for said constables to comply with his order.

**Specifically:** Plaintiff alleges that on August 15, 2023, almost two (2) years ago Deputy Constable Roman Ruiz from Harris County Precinct 4, surrounded the Plaintiff Ernesto Simpson home located at 8202 Terra Valley Lane, Tomball TX 77375, with a "swat team" and evicted him and other tenants under the false pretense of executing a valid "writ of possession" issued by clerk of the court by order of Court at Law. Only to later the Plaintiff and other tenants learned that the August 15, 2023, "writ of possession" was nothing more the fake piece of paper that was not issued by any clerk of court by order of any court at law. **Exhibit** A.

Deputy Constable Roman Ruiz August 15, 2023, Writ of Possession, is not signed by any Clerk of Court and bore no seal of any court as required Rule 621 of the Texas Rules of Civil Procedure.

Deputy Constable Roman Ruiz August 15, 2023, fabricated fake writ of possession states that the property had been delivered to PCF Properties in Texas LLC., (the "Judgment Creditor"). As a result on April 15, 2025, Plaintiff Ernesto Simpson filed an illegal eviction cause of action, in the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC.,* cause No. 1249845 in the County Court at Law No. 2 Harris County, the Honorable Judge Jim Kovach presiding.

On May 1, 2025, the Honorable Judge Jim Kovach ordered the parties to mediation. Prior to mediation the Parties conducted an investigation in the validity of Deputy Constable Roman Ruiz August 15, 2023, writ of possession. The Parties presented the Deputy Clerks in the Harris County Civil/Family Post Trial Division with a copy of Deputy Constable Roman Ruiz August 15, 2023, writ of possession and requested a clerks certified copy and tracking number and copy of the page in their log book showing the date the Deputy Constable from Constable Alan Rosen Harris County Precinct 1 pick the August 15, 2023, writ of possession up for delivery to Constable Mark Herman Harris County Precinct 4.

The Harris County Civil/Family Post Trial Division, Deputy Clerks advised the parties that there is no record or tracking number of any Harris County Deputy Clerk issuing that August 15, 2023 "Writ of Possession", by order of any Harris County District Court at Law. As required Tex. R. Civ. P. 632, 621, 622, 627, 637.

The Harris County Clerk Teneshia Hudspeth, Deputy Clerks in the Civil/Intake Division that no record exist of any Deputy Clerk issuing a "Writ of Possession" on behalf of any of the Harris County Civil Courts at Law on August 15, 2023. As required Tex. R. Civ. P. 632, 621, 622, 627, 637.  The Civil Clerks employed with Constable Alan Rosen Harris County Precinct 1, confirmed that they have no record or tracking number of any "Writ of Possession" being pick up by any Constable from either Marilyn Burgess Harris Count District Deputy Clerks in the Post Trial Civil/Intake Division or Harris County Clerk Teneshia Hudspeth Deputy Clerks , on August

15, 2023, or any record or tracking number of "Writ of Possession" being delivered to anyone at Mark Herman Constable Harris County, Precinct 4 on said date.

Chief Clerk Luz Hernandez Justice of the Peace Court Precinct 4 confirmed that there is no record of a "Writ of Possession" being issued by any of the Clerks on August 15, 2023, by order of Justice of the Peace Court at law 1 or 2. As required Tex. R. Civ. P. 632, 621, 622, 627, 637.

On May 8, 2025, On May 8, 2025, the Honorable Judge Jim Kovach granted there "Agreed to Final Judgment." The final judgment includes a permanent injunction that **ORDERS**: PCF Properties in Texas LLC. its directors, officers, principals, agents, servants, representatives, successors assigns, employees and any other person or entity in active concert or participation with them------whether acting directly or through any corporation, company partnership, trust, subsidiary, assigns, partners, parent or controlling entities' division or through any other entity or device-----and all other persons, corporations, and other entities acting in concert or participating with the Defendant who received actual notice of this order by personal service or otherwise, are hereby permanently restrained and enjoined from engaging in the following conduct:

- **A.** Permanently restrained and enjoined from denying Plaintiff possession and access to the property located at 8202 Terra Valley Lane, Tomball Tx, 77375; without authority from any Court at Law;

- **B.** Permanently restrained and enjoined from changing the locks, to the property located at 8202 Terra Valley Lane, Tomball Tx, 77375; without authority from any Court at Law;

- **C.** Permanently restrained and enjoined and enjoined from disposing of or denying the Plaintiff access to his personal belongings without authority from any Court at Law;

- **D.** This Permanent Injunction explicitly incorporates all of the provisions agreed to in the Parties Agreed Temporary Injunction.

On May 16, 2025, counsel served Constable Mark Herman Harris County Precinct 4, Chief Deputy Donald Stewart, Harris County Precinct 4, Assistant Chief Deputy Kenneth. Key Harris County Precinct 4 and Assistant County Attorney Rachel Fraser at the Harris County Attorney

Office with a copy of Judge Honorable Judge Jim Kovach May 8, 2025 order. **Exhibit** B.

On May 16, 2025, Mr. Simpson, went to access and take possession of his residence at 8202 Terra Valley Lane, Tomball Tx, 77375, with a locksmith per Judge Kovach, May 8, 2025 order, and Deputy Constable LaRosa from Constable Mark Herman Harris County Precinct 4, appeared and advised Mr. Simpson that if he entered the property per Harris County Attorney Office he is to be arrested. Indeed the next day when Counsel Office contacted Assistant Chief Deputy Kenneth Key who is over the civil division it was made clear that they take their orders from Harris County Attorney Office and unless Judge Kovach issue a "writ of possession" or "writ of reentry" Mr. Simpson will be arrested if he attempts to access the property or execute Judge Kovach order.

As matter of precaution Attorney James M. Andersen Mr. Simpson counsel has since conferred with the Division Chief of the Public Integrity Harris County District Attorney's Office and a Harris County District Attorney's Office Prosecutor Criminal Assistant D.A, into the DA legal ability to arrest Mr. Simpson for executing the May 8, 2025 Court Order.

The Division Chief of the Public Integrity Harris County District Attorney's Office and a Harris County District Attorney's Office Prosecutor Criminal Assistant D.A, conducted their own investigation and advised that this is not a criminal matter and instead is a civil matter and the Harris County District Attorney Sean Teare is an elected official that have a ministerial duty just as Christian Menefee as Harris County Attorney and Mark Herman as Constable of Harris County Precinct 4 to obey all court orders whether we agree with court order or not. The DA Office has no legal authority to arrest anyone for obeying a court order as it is written by the court.

On June 2, 2025, Plaintiff filed Ex Parte Emergency Application for a Temporary Restraining Order to enjoin and restrain elected officials Christian Menefee Harris as County Attorney Office and Mark Herman as Constable Harris County Precinct 4 whom lack legal authority to ignore and disobey Judge Jim Kovach May 8,2025, order whether they agree with it

or not as public officials and must perform their ministerial acts. *Anderson*, 806 S.W.2d at 793. Ministerial acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Ballantyne v. Champion Builders, Inc*., 144 S.W.3d 417, 425 (Tex.2004) (citing *Comm'r of the Gen. Land Office v. Smith,* 5 Tex. 471, 479 (1849)). If the public officials must obey an order, without having any choice in complying, the act is **ministerial**.

On June 5, 2025, the Defendants improperly moved this case to federal court before the Plaintiff Application for a TRO could be heard.

**Defendants Answer is Nonresponsive**: Despite the fact that this court June 6, 2025 order encouraged the Defendants to response to the Plaintiff emergent nature of the emergency motion in that the Defendants are not only ignoring Judge Jim Kovach May 8, 2025, order but have directed the Harris County Deputy Constables at Harris County Precinct 4 to arrest anyone attempting to enforce said order. The Defendant have failed to come before this Court and answer as to what authority they have to not to obey a Judge Jim Kovach May 8, 2025, order or to direct others to ignore said order. Defendants have failed to answer as to what legal authority they have to dictate to judge the conditions he needs to follow in order for the defendants to obey his order. The unlawfully action the defendants in disobeying a court order is clear sign of disrespect and acting as if they are above the law.

Instead the Defendants filed a response misrepresenting to the Court with the intent to deceive the Court into falsely believing that the Honorable Judge Jim Kovach May 8, 2025, order is presently under review of being vacate for fraud is materially false as the case is closed plenary power to vacate, alter or modify the judgment has expired on June 8. 2025, if the court had any intention on vacating its order it would have done so.

Instead Judge Jim Kovach has not vacate the May 8, 2025, order based on the false and

7 | Page

material misrepresentations of the interloper whom is sore loser that has lose in JP Court, County Civil Court at Law No. 3, Harris District Court, Bankruptcy Court and Federal Court and despite these losses has not come to terms with the fact that its claims are now barred by the doctrine of res judicata or statute of limitations and continues to file these false pleadings in various courts that are simply ignored.

The Honorable Judge Jim Kovach May 8, 2025, order has not been vacated its order or found it to be procured through fraud Mr. Simpson has a valid lease **Exhibit** C, PCF Properties in Texas LLC is the owner of the property through a court order. **Exhibit** D, and the Defendants Menefee and Herman are duty bound to obey this order whether they agree with it or not because that's the law.

**Defendant Continued Violations of Court Order:** On June 6, 2025, Attorney Andersen as counsel in representation of Mr. Simpson and as an officer of the court went with a locksmith to the vacant property located at 8202 Terra Valley Lane, Tomball Tx 77375 to execute the Honorable Judge Jim Kovach May 8, 2025, order and a "swat team" of Constable Mark Herman Harris County Precinct 4 Deputy Constables appeared, approx. 10 of them and unlawfully detained counsel for more than a hour, and cited counsel with a Trespass Warning claiming that Counsel presence on the property per Harris County Attorney Office is without authorization and if counsel or MR. Simpson returns they will be arrested without authority from any court at law.

## CONCLUSION

**WHEREFORE**, the Plaintiff Ernesto Simpson moves the Court to remand this case back to the Harris County Civil Court at Law No 2 Cause No. 1249237state court on an expedited emergency basis so the Plaintiff Application for a Temporary Restraining Order can be heard as the Defendants are still disobeying court orders and do not deny the fact that they are disobeying

Honorable Judge Jim Kovach May 8, 2025, order, rendering the allegations true and seeks this court ignore this unlawful misconduct and disrespect of another judge with approval.

Respectfully submitted,

/s/**James M. Andersen**
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
 P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

*Attorney for Ernesto Simpson*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the court's ECF service system on this 13th day of June 2025.

/s/**James M. Andersen**