IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIMPSON, ERNESTO, §<br>*Plaintiffs* §<br>§<br>vs. §<br>§<br>HARRIS COUNTY et. al., §<br>*Defendant* §<br>§ | CIVIL ACTION No. 25-02600 |

**PLAINTIFF'S SECOND AMENDED PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER TEMPORARY AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ernesto Simpson, (the "Plaintiff's), files this Second Amended Petition Application for Temporary Restraining Order, Temporary and Permanent Injunction against HARRIS COUNTY, MARK HERMAN in his individual and official capacity, as Constable of Harris County Precinct 4, RAMON RUIZ in his individual and official capacity as Deputy Constable of Harris County Precinct and Christian D. Menefee in his official capacity as Harris County Attorney, (the "Defendants") in their individual and official capacity for cause shows the Court as follows:

**DISCOVERY**

1. Plaintiffs intend to conduct discovery under Texas Rules of Civil Procedure 190.3 (Level 2).

**PARTIES**

2. Plaintiffs are residents of Harris County Texas.

3. Defendant HARRIS COUNTY is a local government entity and county in the

State of Texas authorized by the laws of the State of Texas and may be served with this "Second Amended Petition" by serving its legal representative Rachel Fraser at the Office of the Harris County Attorney at 1019 Congress, 15th Floor Houston, TX 77002.

4. Defendant MARK HERMAN, acting in his individual and official capacity as Harris County, Texas Precinct 4 Constable may be served with "Second Amended Petition" by serving its legal representative Rachel Fraser at the Office of the Harris County Attorney at 1019 Congress, 15th Floor Houston, TX 77002.

5. Defendant RAMON RUIZ, in its individual capacity and acting in his official capacity as a Deputy Constable at Harris County, Texas Precinct 4; may be served with this "Second Amended Petition" by serving its legal representative Rachel Fraser at the Office of the Harris County Attorney at 1019 Congress, 15th Floor Houston, TX 77002.

6. Defendant Christian D. Menefee in his official capacity as Harris County Attorney may be served with this "Second Amended Petition" by serving its legal representative Rachel Fraser at the Office of the Harris County Attorney at 1019 Congress, 15th Floor Houston, TX 77002.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over Defendants because the Defendant conducts business Harris County, Texas. The Court has jurisdiction over the controversy because the relief sought is within the jurisdictional limits of the Court.

8. Venue is in Harris County, Texas because the subject matter of the lawsuit because , all or a substantial part of the events or omissions giving rise to Plaintiffs' causes

of action against Defendants occurred in Harris County, Texas thus venue is proper under §15.002(a)(l) of the Texas Civil Practice and Remedies Code.

## STATEMENT OF FACTS

**A. Factual Allegations of Defendants Harris County, Mark Herman Constable Harris County, Precinct 4 and Deputy Constable Roman Ruiz Harris County, Precinct 4<u> and Christian D. Menefee  ultra vires acts</u>**.

8. In an ultra vires case, a plaintiff must allege, and ultimately prove, that an officer acted without legal authority or failed to perform a ministerial act. *See*: *City of El Paso v.* 284 S.W.3d 366, 372 (Tex. 2009). This is the law of this State of Texas.

9. Here the Plaintiffs alleges and the evidence supports that on August 15, 2023, Harris County, acting thru Mark Herman Constable Harris County, Precinct 4 and its Deputy Constable Roman Ruiz Harris County, Precinct 4, surround the Plaintiffs home with a "swat team" of other Deputy Constables all dressed in their official uniforms' and fully armed and posted a  "Notice to Tenant" to front door of the Plaintiff residence which stated that "notice is given to James Allen[1] the tenant and all occupants, that the personal property located at 8202 Terra Valley Lane, has been removed outside the unit by order of the court under a Writ of Possession [ copy attached], issued <u>on August 15, 2023.</u>".

10. Attached to Deputy Constable Roman Ruiz, "Notice to Tenant" was what appeared to be a document labeled a "Writ of Possession" allegedly issued on August 15, 2025, and allegedly delivered to Ruiz on the same said day.

11. However Deputy Constable Roman Ruiz August 15, 2023, Writ of Possession, was not signed by any Clerk of Court and bore no  seal of any court and was merely -stamped with being allegedly delivered to Deputy Constable Roman Ruiz at Harris County,

Precinct 4, on August 15, 2023. As required Rule 621 of the Texas Rules of Civil Procedure.

12. The Plaintiff has since discovered from the Harris County District Clerk Marilyn Burgess Deputy Clerks in the Post Civil/Trial Division that no record exist of any Deputy Clerk issuing a "Writ of Possession" on behalf of any of the Harris County District Courts at Law on August 15, 2023.

13. The Civil Clerk employed with Constable Alan Rosen Harris County Precinct 1, confirmed that they have no record or tracking number of any "Writ of Possession" being pick up from Harris County District Clerk Marilyn Burgess Deputy Clerks in the Post Civil/Trial Division on August 15, 2023, or being delivered to anyone at Mark Herman Constable Harris County, Precinct 4.

14. The Plaintiff has since discovered from the Harris County Clerk Teneshia Hudspeth, Deputy Clerks in the Civil/Intake Division that no record exist of any Deputy Clerk issuing a "Writ of Possession" on behalf of any of the Harris County Civil Courts at Law on August 15, 2023.

15. The Civil Clerk employed with Constable Alan Rosen Harris County Precinct 1, confirmed that they have no record or tracking number of any "Writ of Possession" being pick up from Harris County Clerk Teneshia Hudspeth, Deputy Clerks in the Civil/Intake Division on August 15, 2023, or being delivered to anyone at Mark Herman Constable Harris County, Precinct 4.

16. The Plaintiff has since discovered from Chief Clerk Luz Hernandez Justice of the Peace Court Precinct 4 that there is no record of a "Writ of Possession" being issued by any of the Clerks on August 15, 2023, by order of Justice of the Peace Court at law.

17. Deputy Constable Roman Ruiz August 15, 2023, "Writ of Possession" was just fake piece of paper.

18. Upon information and belief Deputy Constable Ramon Ruiz issued the August 15, 2023 "Writ of Possession" himself and delivered it to himself without authorization from any court of law.

19. Despite the lack of a valid court order from any court at law Defendant Deputy Constable Roman Ruiz, personally supervised the other Deputy Constable to remove other occupants from the premises and the Plaintiff personal property.

20. On August 15, 2023, when Deputy Constable Ramon Ruiz and his "swat team" Deputy Constables and Jane Does illegally evicted the Plaintiffs and all other occupants from their property, along with their personal property it was without a court order or "Writ of Possession" from any court of law authorizing them to do so.

21. Instead Deputy Constable Ramon Ruiz and his "swat team" Deputy Constables John and Jane Does exceeded their authority and invaded the Plaintiff and all other occupants home and forcefully removed the Plaintiff and all other occupants from there and their property while acting without legal authority and acted beyond their legal authority as they lacked a court to evict anyone.

22. On August 15, 2023, Deputy Constable Ramon Ruiz and his "swat team" Deputy Constables John and Jane Does, from Mark Herman Harris County, Texas Precinct 4 deceived and mislead the Plaintiffs and all other occupants into believing that he was acting on behalf of a Harris County District Court when instead they were acting without any legal authority whatsoever.

23. On August 15, 2023, Deputy Constable Ramon Ruiz criminally took illegal possession of property and supervised unknown third parties to unlawfully entered into the Plaintiffs' property and they were allowed to literally rob the Plaintiffs of their jewelry, cash, silver and gold coins, electronics other valuable personal property.

24. In essence this was an illegal criminal home invasion and armed robbery under the guise of an eviction conducted and supervised by Deputy Constable Ramon Ruiz, who had absolutely no legal authority from any court of law on August 15, 2023.

25. Defendant Office of the Harris County Attorney, Christian D. Menefee has advised Mark Herman Harris County Constable Precinct 4, and Deputy Constable Precinct 4 Ramon Ruiz, and others Constables who were served on May 16, 2025, with Permanent Injunction which prohibits and restrains said constables from interfering with the Plaintiff access and possession to his home and Office of the Harris County Attorney advised said constables that they do not have to obey said courts orders/

## CAUSES OF ACTIONS
### FIRST CAUSE OF ACTION
### VIOLATIONS OF § 12 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

26. Plaintiffs incorporate by reference all paragraphs above set forth fully herein.

27. Section 12.002 of the TEXAS CIVIL PRACTICE & REMEDIES CODE ("CPRC") provides:

    A person may not make, present, or use a document or other record with:
(1) knowledge that the document or other record is a fraudulent court record

(2) or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(3) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the

constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, or evidencing a valid lien or claim against real or personal property or an interest in real or personal property, and

(4) intent to cause another person to suffer:

(A) physical injury;

(B) financial injury; or

(C) mental anguish or emotional distress.

(b) A person Who violates Subsection (a) or (a-1) is liable to each injured person for

(1) the greater of

(A) $10,000 or

(B) the actual damages caused by the violation;

(2) court costs;

(3) reasonable attorney's fees; and

(4) exemplary damages in an amount determined by the court.

28. On August 15, 2023, Defendant Deputy Precinct 4 Constable Ramon Ruiz made, presented, or used criminally fake documents that had been altered to give the false appearance of being a government court document or other record with the knowledge that the document or other record was a fraudulent.

29. On August 15, 2023, Defendant Deputy Constable Ramon Ruiz made, presented, or used documents or other records with intent that the criminally altered government document or other record be given the same legal effect as a court record or document of a court created by or established under the Texas constitution or laws of the State of Texas.

30. On August 15, 2023, Defendant Deputy Constable Ramon Ruiz used a fake document or other record with the knowledge that the document or other record was a

fraudulent government court record has caused damages and injuries to Plaintiffs.

31. Defendant Constable Ramon Ruiz used a document or other record with the knowledge that the document or other record was a fraudulent fake government court record with intent to cause Plaintiffs to suffer financial injury, mental anguish, or emotional distress.

32. Defendant Deputy Constable Ramon Ruiz's actions violated TEX. CIV. PRAC. & REM. CODE § 12.002, for which Plaintiffs seek judgment against Defendants, jointly and severally, equal to the greater amount of $10,000 per violation, or actual damages in the amount caused by each violation, together with attorney's fees, court costs, and exemplary damages in an amount determined by the Court.

## SECOND CAUSE OF ACTION
## ILLEGAL EVICTION

33. Plaintiff incorporate by reference all paragraphs above as if set forth fully herein.

34. On August 15, 2023, Deputy Constable Ramon Ruiz Harris County, acting without any authority appeared at the Plaintiffs residence with a "Swat Team" of other Harris County, Texas Precinct 4 Deputy Constables, and mislead the Plaintiffs into believing that he was acting on behalf of Harris County District Court. When in fact they acting without any legal authority from any court of law.

34. On August 15, 2023, Deputy Constable Ramon Ruiz Harris County, Texas Precinct 4 acting without any authority illegally forced the Plaintiffs out of their home and posted a "Notice to Tenant" to front door of the Plaintiff residence which stated that "notice is given to James Allen the tenant and all occupants, that the personal property located at 8202 Terra Valley Lane, has been removed outside the unit by order of the

court under a Writ of Possession [ copy attached], issued **on August 15, 2023."**.

35. The "Writ of Possession" attached to Deputy Constable Ramon Ruiz August 15, 2023, "Notice to Tenant" posted to the front door of the Plaintiffs residence unknown to them at the time was just fake piece paper that gave the false appearance of being a writ of possession issued by a clerk of the court on behalf a court at law. When in fact no court at law authorized these acts.

36. The Plaintiff has since discovered from the Harris County District Clerk Marilyn Burgess Deputy Clerks in the Post Civil/Trial Division that no record exist of any Deputy Clerk issuing a "Writ of Possession" on behalf of any of the Harris County District Courts at Law on August 15, 2023.

37. The Civil Clerk employed with Constable Alan Rosen Harris County Precinct 1, confirmed that they have no record or tracking number of any "Writ of Possession" being pick up from Harris County District Clerk Marilyn Burgess Deputy Clerks in the Post Civil/Trial Division on August 15, 2023, or being delivered to anyone at Mark Herman Constable Harris County, Precinct 4.

38. The Plaintiff has since discovered from the Harris County Clerk Teneshia Hudspeth, Deputy Clerks in the Civil/Intake Division that no record exist of any Deputy Clerk issuing a "Writ of Possession" on behalf of any of the Harris County Civil Courts at Law on August 15, 2023.

39. The Civil Clerk employed with Constable Alan Rosen Harris County Precinct 1, confirmed that they have no record or tracking number of any "Writ of Possession" being pick up from Harris County Clerk Teneshia Hudspeth, Deputy Clerks in the Civil/Intake

Division on August 15, 2023, or being delivered to anyone at Mark Herman Constable Harris County, Precinct 4.

40. The Plaintiff has since discovered from Chief Clerk Luz Hernandez Justice of the Peace Court Precinct 4 that there is no record of a "Writ of Possession" being issued by any of the Clerks on August 15, 2023, by order of Justice of the Peace Court at law.

41. Deputy Constable Roman Ruiz August 15, 2023, "Writ of Possession" was just fake piece of paper.

42. On August 15, 2023, Deputy Constable Ramon Ruiz, criminally took illegal possession of property and supervised unknown third parties whom unlawfully entered into the Plaintiffs' property and were allowed to literally rob the Plaintiffs of their jewelry, cash, silver and gold coins, electronics other valuable personal property.

43. Harris County, through Constable Mark Herman Harris County Precinct 4, Deputy Constables have threaten to arrest the Plaintiffs if they return to their own home for trespassing without any legal authority to do so.

44. Plaintiff seeks actual money damages in the amount of $230,00.00 and for the expenses occurred resulting the illegal eviction and for theft of cash gold and coins jewelry property including compensation for: temporary housing, movers fees, storage fees, food that spoiled and for all property that disappeared or was stolen in the process of the illegal execution of the invalid Writ of Possession. Plaintiffs are entitled to exemplary damages, attorney fees and costs as such conduct was knowingly and intentionally executed.

## THIRD CAUSE OF ACTION
## DECLARATORY JUDGEMENT

45. Plaintiff incorporate by reference all paragraphs above as if set forth fully herein.

46. Civil Practices and Remedies Code Chapter 37 lists suits that are appropriate for declaratory relief: "A person whose rights, status, or other legal relationships are affected by a statute . . . can seek a declaratory judgment to determine any question of construction or validity arising under the statute . . . .and obtain a declaration of rights, status, or other legal relationships." Tex. Civ. Prac. & Rem. Code Section 37.004(a); see generally, <u>City of Ingleside v. Corpus Christi</u>, 469 S.W.3d 589, 590 (Tex. 2015).

47. A declaratory judgment action may be borough to seek "declaratory relief against official state actors who allegedly act without authority in attempt to compel the state official to act within their official capacity." <u>Hawkins v. El Paso First Health Plans Inc., Comm'n v. IT-Davy</u>, 74 S.W.3d 849, 855 (Tex. 2002).

48. An ultra vires action succeeds only if a plaintiff proves that an "'officer acted without legal authority or failed to perform a purely ministerial act.'" See: <u>Hall v. McRaven</u>, 508 S.W.3d 232, 238 (Tex. 2017) (cleaned up).

49. On August 15, 2023, Deputy Constable Ruiz fully armed and in uniform appeared at the Plaintiffs' residence under the false pretenses that he was acting on the authority of any court at law in executing a valid writ of possession issued clerk of Court, when in fact no clerk of any court at law issued any wit of possession on behalf of any court at law on August 13, 2023, authorizing Ruiz to enter and evict anyone from their home or remove their personal property from the premises.

50. Because Deputy Constable Ruiz acted without any authority from any court at law

in evicting the Plaintiff from their home the eviction should be deem void as a matter of law.

## FOURTH CAUSE OF ACTION
### (Harris County Liability Negligence )

51.   Plaintiff incorporate by reference all paragraphs above as if set forth fully herein.

52.   On August 15, 2023, when Defendants Mark Herman Constable Harris County, Texas Precinct 4, Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, and other unknown Deputy Constables, at Harris County Constable Precinct 4, (a "Swat Team") and invaded the Plaintiffs' residence without any legal authority from any court at law and removed them and their property from said residence without authority from any court at law.  This action violated the Texas Constitution's Article 1, Section 19, states that no citizen can be deprived of their life, liberty, property, privileges, or immunities without due course of law. The Texas Constitution's Declaration of Rights also states that no citizen can be disfranchised, outlawed, exiled, or deprived of privileges without due course of law.

53.   On August 15, 2023, when Defendants Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, and other unknown Deputy Constables, at Harris County, Texas Precinct 4, (a "Swat Team")  deceived the Plaintiffs into believing that they had authority over Plaintiffs, by enforcing a "Writ of Possession" issued by the Harris County District Clerk on August 15, 2023, delivered to Defendant Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, when in fact no court clerk issued said writ of possession on behalf of any court at law.

54. When instead the Plaintiffs have since learned that no District County Clerk, County Clerk or JP Clerk issued any writ of possession on August 15, 2023, on behalf of any Harris County Court at law and caused it to be delivered to Constable Mark Herman Harris County, Precinct or to Deputy Constable Ramon Ruiz.

55. In fact as it turns out Deputy Constable Ramon Ruiz August 15, 2023, "Writ of Possession" is fake as it bears no signature of any clerk of court and no seal of any Harris Court.

56. Due to the actions of Defendants Mark Herman Constable Harris County, Texas Precinct 4, Deputy Constable Ramon Ruiz, Harris County, Texas Precinct 4, and other unknown Deputy Constables, at Harris County, Texas Precinct 4, (a "Swat Team"), Plaintiffs were subjected on August 15, 2023, to an illegal eviction executed by the defendants without any legal authority from any court of law. Instead, the Defendants' action are illegal fake altered state government document i.e, which violates Texas Penal Code § 37.10(6)(c)(1) with intent is to defraud or harm another, is a state jail felony and under 18 U.S. Code § 1506, is a felony.

57. Defendant Harris County has violated the law by evicting or causing the Plaintiff to be eviction without any authority from any court at law.

58. Harris County, through Defendants and policymaker Mark Herman, and other policymakers, have invaded the Plaintiff place of residence and evicted him without any order for any court at law as such is liable for failing to supervise and train its police officers from taken actions that violate the law and the Plaintiffs' rights and is instead overlooking and covering-up Deputy Constable Ramon Ruiz's illegal acts of misconduct

when complaints were filed. Harris County, through Defendant and policymaker Mark Herman, is liable for failing to supervise and train its police officers, and for overlooking and covering-up officer misconduct.

59. In addition, the County had a general policy, pattern, and/or practice of not disciplining its officers for their misconduct, thereby sanctioning the officers' unlawful behavior.

60. The County's failure to supervise and train its officers, and the County's deliberate apathy towards holding law enforcement officers accountable when they engage in unlawful behavior and egregious misconduct against natural people constitutes gross negligence and/or deliberate and conscious indifference to obeying the law.

61. Constable Mark Herman, failed to provide supervision and/or proper training to prevent unlawfully outcomes resulting from deputy constables' unlawful eviction though the use of criminally illegal altered state court government document and is presently covering-up this illegal conduct.

62. In addition, the County had a general policy, pattern, and/or practice of not disciplining its officers for their misconduct, thereby sanctioning the officers' unlawful behavior.

63. The County's failure to supervise and train its officers, and the County's deliberate apathy towards holding officers accountable when they engage in unlawful behavior and egregious misconduct against natural people constitutes gross negligence and/or deliberate and conscious indifference to people's rights.

64. Constable Mark Herman, failed to provide supervision and/or proper training to

prevent unlawfully outcomes resulting from Deputy Ruiz's use of an illegal fake writ of possession that was not issued by any clerk of court on behalf of any court at law. Instead Constable Mark Herman is presently covering-up Deputy Ruiz's illegal conduct.

65. The unlawful conduct of Harris County as described above was done with intent, malice and/or reckless disregard and/or deliberate indifference to acting within the authority of the law

66. As a proximate result, Plaintiffs have suffered extreme harm including, being homeless but not limited to, injury including humiliation, mental anguish and suffering.

## FIFTH CAUSE OF ACTION
## (Harris County Attorney )

67. Plaintiff incorporate by reference all paragraphs above as if set forth fully herein.

68. Most elected official like Christian D. Menefee who hold the position such the Harris County Attorney Office seek to enforce the laws of this court. That's not the case with Christian D. Menefee.

69. Instead Harris County Attorney Christian D. Menefee acting though his assistant county attorney's upon information and belief encouraged the Defendants to ignore and disregard court orders have encourage the Defendants to ignore court orders and upon Information and belie gave Deputy Constable Ruiz approval to invade the Plaintiff home without any order from any court at law.

70. On May 8, 2025, this Court issued a Permanent Injunction in the case styled as Ernesto Simpson vs.PCF Properties in Texas LLC. The Permanent Injunction in pertinent part permanently prohibits and restrains Defendant PCF Properties in Texas LLC., and (as applicable) its directors, officers, principals, agents, servants, representatives, successors

assigns, employees and any other person or entity in active concert or participation with them------whether acting directly or through any corporation, company partnership, trust, subsidiary, assigns, partners, parent or controlling entities' division or through any other entity or device-----and all other persons, corporations, and other entities acting in concert or participating with the Defendant who received actual notice of this order by personal service or **_otherwise_**, are hereby permanently restrained and enjoined from engaging in the following conduct possession and access to said property.

71. On May 16, 2025, Plaintiff counsel serve the Harris County Attorney Office whom represents Harris County, Constables at Mark Herman Harris County Precinct 4 ,and Deputy Constable Roman Ruiz Harris County Precinct 4 and other constables with a copy of the Permanent Injunction Order which prohibits and restrains said Constables from interfering with Plaintiff access or possession of said property and instead of warning said Constables to obey said court orders the Harris County Attorney Office have instead instructed said constables to ignore the court orders placing the above the law.

## CONDITIONS PRECEDENT

72. All conditions precedent to the Plaintiff's right to bring these causes of action has been performed, have occurred, or have been waived.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

73. Plaintiff incorporates by reference all paragraphs above as if set forth fully herein.

74. On May 8, 2025, this Court issued a Permanent Injunction in the case styled as Ernesto Simpson vs.PCF Properties in Texas LLC. The Permanent Injunction in pertinent part permanently prohibits and restrains Defendant PCF Properties in Texas LLC., and (as

applicable) its directors, officers, principals, agents, servants, representatives, successors assigns, employees and any other person or entity in active concert or participation with them------whether acting directly or through any corporation, company partnership, trust, subsidiary, assigns, partners, parent or controlling entities' division or through any other entity or device-----and all other persons, corporations, and other entities acting in concert or participating with the Defendant who received actual notice of this order by personal service or **_otherwise_**, are hereby permanently restrained and enjoined from engaging in the following conduct possession and access to said property.

75. On May 16, 2025, Plaintiff counsel serve Christian D. Menefee Harris County Attorney Office whom represents Harris County, Constables at Mark Herman Harris County Precinct 4 ,and Deputy Constable Roman Ruiz Harris County Precinct 4 and other constables with a copy of the Permanent Injunction Order which prohibits and restrains said Constables from interfering with Plaintiff access or possession of said property and instead of warning said Constables to obey said court orders the Harris County Attorney Office have instead instructed said constables to ignore the court orders placing the above the law.

76. The defendants together are taking these illegal actions by disobeying court orders and by doing so are causing irreparable harm to Plaintiff who seeks a temporary Restraining order to restrain and enjoin Defendant their officers, agents, servants, employees, attorneys and all persons in active concert and participation with Defendant PCF Properties in Texas LLC., from illegally locking the Plaintiff out of his property located at 8202 Terra Valley Lane Tomball Texas 77375; denying access to his personal

property without having any legal authority to do so from any court of law; and otherwise interfering with the Plaintiff use and possession of the property.

23. Unless the Defendants Christian D. Menefee Harris County Attorney Office, Harris County, Constables at Mark Herman Harris County Precinct 4 ,and Deputy Constable Roman Ruiz Harris County Precinct 4 and their officers, agents, servants, employees, attorneys and all persons in active concert and participation are restrained and enjoined, Plaintiff will continue to suffer probable harm which is imminent and irreparable. More specifically if not enjoined, Defendants and all those acting in concert with them will continue to deny the Plaintiff access, use and possession to his home without having any legal authority or legal justification from any court of law to do so thus depriving Plaintiff of possession and causing Plaintiff to be dispossessed of the Property without any legal justification to do so.

77. Plaintiff will continue to suffer probable harm which is imminent and irreparable. More specifically if not enjoined, Defendant PCF Properties in Texas LLC., will continue to illegally deny the Plaintiff his rights of peaceful possession, usage and re-entry into his property located at 8202 Terra Valley Lane Tomball Texas 77375 without having without any legal authority or legal justification from any court of law to do so.

78. Plaintiff has no adequate remedy at law because the subject matter is real property, and any legal remedy of which Plaintiff may avail himself will not give him as complete, equal, adequate, and final a remedy as the relief sought in this Application.

79. Plaintiff further requests a temporary injunction and that, upon trial on the

merits, and Defendants be permanently enjoined from the same illegal acts described above.

80. Plaintiff is likely to prevail on the merits of the lawsuit as described above.

81. The granting of the relief requested is not inconsistent with public policy considerations as the defendant's action was and is illegal.

## BOND

82. Plaintiff is willing to post a reasonable temporary restraining order bond and requests that the Court set such bond.