IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIMPSON, ERNESTO, *Plaintiffs* § § § | CIVIL ACTION No. 25-02600 |
| vs. § § | |
| HARRIS COUNTY et. al., *Defendant* § § § | |

**PLAINITFF MEMORANDUM IN SUPPORT OF AMENDED PETITION
AND REMAND BACK TO STATE COURT**

**TO: THE HONORABLE JUDGE ANDREW S. HANEN SENIOR U.S.D.J.**

Plaintiffs Ernesto Simpson has filed his Third Amended Petition in Support of his Emergency Ex Parte Motion for Remand as their exist no federal question before the Court and for cause shows as follows:

### BACKGROUND

Defendants unable to answer the simple question as to what court at law authorized Deputy Countable Roman Ruiz Harris County Precinct 4, August 15, 2023 "writ of possession" and which clerk of the court issuance it authorizing the Plaintiff to be evicted? When the Defendants improperly removed this case to this federal district they all had defaulted in answering the petition and has instead they want to create the illusions of claims that "do not exist" and litigate those non-extent instead the addressing the Plaintiff claim that "on August 15, 223, no "<u>*court at law*</u>" authorized Deputy Countable Roman Ruiz Harris County Precinct 4, to evict anyone from their home.

Defendants argue the existence of federal question is before this court because the Plaintiff alleges Harris County violated his U.S. Constitutional rights under the Fourth

Amendment though "illegal conviction." (Dkt. 1-3 at ¶ 51-66.).

While the Plaintiff does agree that those sections of his complaint and have removed any and all reference to violations of alleged U.S. Constitutional rights. This Amendment is Timely as it was filed within 21 days after service of a responsive pleading.

## ARGUMENT AND AUTHORIES

A recent Supreme Court decision strengthened plaintiffs' ability to control whether their case will be litigated in state or federal court.

In *Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23–677 (S. Ct. Jan. 15, 2025), the Supreme Court considered whether a plaintiff, after removal to federal court, can direct their case back to state court by amending the complaint to exclude all federal claims. The Court resolved a circuit split on this issue, answering the question in the affirmative.

The Supreme Court recently held in Royal Canin U.S.A., Inc. v. Wullschleger that even if a defendant properly removes a complaint from state to federal court based on federal question jurisdiction, a plaintiff's post-removal amendment of the complaint to eliminate the basis for federal question jurisdiction will also deprive the federal court of supplemental jurisdiction over the remaining state-law claims. — S. Ct. —-, 2025 WL 96212 (Jan. 15, 2025).

In Royal Canin, a plaintiff brought a putative class action against a manufacturer of prescription dog food. The plaintiff alleged that she bought the food incorrectly thinking it contained medication not found in off-the-shelf products. According to the plaintiff, the defendant's product is ordinary dog food, and defendant sold the product with a prescription not because the dog food's ingredients make a prescription necessary, but rather to mislead consumers into overpaying for it. The plaintiff's complaint—originally filed in state court—alleged that defendant violated Missouri consumer protection and antitrust laws as well as the

Federal Food, Drug, and Cosmetic Act (FDCA).

The defendant properly removed the case to district court based on the asserted FDCA violations. As the Court noted, "[t]hat removal properly brought to the District Court not only Wullschleger's FDCA claims, but also her factually intertwined state-law claims," because 28 U.S.C. § 1367(a) provides that a district court may exercise supplemental jurisdiction over state-law claims sharing a common nucleus of operative fact with federal-law ones. Royal Canin, 2025 WL 96212, at *4–5. After removal, the plaintiff amended her complaint "to delete its every mention of the FDCA, leaving her state claims to stand on their own." Id. at *4. The plaintiff then moved to remand her all-state-law complaint back to the state court. The district court denied the plaintiff's request, which the Eighth Circuit subsequently reversed, finding that the plaintiff's amendment eliminated any basis for federal jurisdiction. Defendant's appeal to the Supreme Court followed.

The Supreme Court, in a unanimous opinion by Justice Kagan, affirmed the Eighth Circuit and held that "[i]f (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." Id. at *5. The Court reasoned that a host of statutes and prior cases link jurisdiction to the amended—rather than the initial—complaint: "[t]he amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy jurisdiction." Id. at *7. Thus, if a complaint initially contains a federal question but a plaintiff later removes her federal-law claims (as the plaintiff did in Royal Canin), then there is no "federal anchor" for the case, "supplemental jurisdiction over the residual state claims disappears as well," and the case must be remanded. Id. at *9.

The Court's ruling resolved a circuit split, as courts in the First, Third, Fourth, Fifth, Sixth, and Eleventh Circuits had reached the opposite conclusion and held that a post-removal amendment eliminating any federal questions could not divest a federal court of supplemental jurisdiction. Those cases had primarily relied on a footnote in Rockwell Int'l Corp. v. United States, which stated that "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." 549 U.S. 457, 474 n.6 (2007). The Court acknowledged that such reliance on the Rockwell footnote was "both understandable and appropriate," but it declined to follow this dictum from Rockwell—which had no bearing on the Court's analysis in Rockwell and was "barely reasoned"—because it could not be squared with extensive authority suggesting that "the plaintiff's excision of her federal-law claims deprives the district court of its authority to decide the state-law claims remaining." Royal Canin, 2025 WL 96212, at *10–11 & n.10.

Specifically, Justice Kagan's opinion makes clear that when a plaintiff removes all federal claims from her complaint, federal courts are not allowed to interfere with the plaintiff's decision to have her case heard in state court. *Royal Canin*, No. 23–677, at 8.

## CONCLUSION

**WHEREFORE,** the Plaintiff Ernesto Simpson moves the Court to remand this case back to the Harris County Civil Court at Law No 2 Cause No. 1249237state court on an expedited emergency basis so the Plaintiff Application for a Temporary Restraining Order can be heard as the Defendants are still disobeying court orders and for such other further relief the court deems proper and just.

Respectfully submitted,

/s/**James M. Andersen**
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
 P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

*Attorney for Ernesto Simpson*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the court's ECF service system on this 13th day of June 2025.

/s/**James M. Andersen**