7/20/2020 9:38 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44644766
By: Kevin Childs
Filed: 7/20/2020 9:38 AM

EXHIBIT-10

Cause: 2020-35780

| | |
|---|---|
| JAMES ALLEN<br>*Plaintiff/Counter Defendant*<br><br>vs.<br><br>PCF PROPERTIES IN TEXAS, LLC<br>*Defendant/Counter Plaintiff* | IN THE DISTRICT COURT<br><br>80TH JUDICIAL DISTRICT<br><br>OF HARRIS COUNTY, TEXAS |

## <u>ORIGINAL ANSWER AND COUNTERCLAIM</u>

Comes now, PCF Properties in Texas, LLC and files this Original Answer and Counter Claim against James Allen, and in support thereof, would show unto the Court

### I.   ORIGINAL ANSWER

#### A.   *Affirmative Defenses*

1.      Defendant pleads the affirmative defense of res judicata. Multiple lawsuits and orders concerning the subject property exists which limits Plaintiff's right to recovery.

2.      Defendant pleads the affirmative defense of fraud. Documents filed in the real property records of Harris County concerning the property made subject to this suit were fraudulent filed and/or were executed without authority to execute said documents.

3.      Defendant pleads the affirmative defense of illegality.

4.      Defendant pleads the affirmative defense of estoppel.

#### B.   *General Denial*

5.      Defendant enters a general denial on each and every cause of action and demands strict proof thereof.

**Case: 2020-35780**
**Original Answer and Counter Claim**

*Allen vs. PCF Properties*
Page 1 of 9

## II.    COUNTERCLAIM

### A.    Preamble:

6.      This case is the latest attempt in a saga that spans more than 9 years to avoid the effects of a lien placed against the subject property as Elizabeth Thomas and her cohorts: Plaintiff[1], Robert Thomas[2], Allen Haye and attorneys Colleen McClure and James M. Andersen; have filed numerous lawsuits, bankruptcies and fraudulent documents with the county clerk in order to avoid paying a loan Elizabeth Thomas (hereinafter "Thomas") obtained to purchase the property made subject of this case.[3] The case before the court is yet another attempt to avoid the legal obligation of a voluntary lien placed against real property for the purchase of said property.

### B.    Facts:

7.      The property made subject of this lawsuit is known as 8202 Terra Valley Lane, Tomball, Texas 77375 (the "Subject Property") and being more fully described as:

---

[1] Brother of Elizabeth Thomas.
[2] Son of Elizabeth Thomas.
[3] Defendant P.C.F. Properties in Texas, LLC has not been a party to the past suits. However, in researching the facts around this case, the undersigned attorney has personally reviewed more than 10 lawsuits and bankruptcies and more than one hundred pleadings and fraudulent documents filed by Elizabeth Thomas, Allen Haye, Robert Thomas, and/or Plaintiff James Allen. Upon review of the pleadings filed in those cases, the undersigned attorney is shocked and disturbed by the unethical tactics and down-right fraud perpetrated by these parties and their attorneys upon the various courts and upon the county clerk's records. For instance, the group have removed cases filed in state court to the federal courts, and when the case is remanded to the state court, then filed removal again in state court without filing the removal in federal court. Another example of the tactics these individuals have used is to dismiss cases before an adverse finding could be made against them and then refile the suit in an attempt to get a more favorable judge. A final example of their tactics was for Elizabeth Thomas, the mortgagor of the purchase money deed of trust, appointed her own trustee, in violation of the deed of trust, and had that trustee attempt to release the lien, a power an appropriately appointed trustee would not even have. She then used that void document to argue to both state and federal courts that there was no lien against the Subject Property. To make the matter worse, the trustee Elizabeth Thomas appointed was her own attorney, James M. Andersen. (Homeowners throughout Texas would rejoice if they could take out a loan secured by their homes and appoint their own trustees who had the power to release liens against the properties.) Members of the group have been sanctioned by various state and federal courts, but those sanctions have not previously stopped the insanity we will surely see in this case.

---

LOT TWENTY-FIVE (25), BLOCK TWO (2), MIRAMAR
LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS
COUNTY, TEXAS ACCORDING OT THE MAP OR PLAT
THEREOF UNDER FILM CODE 553018 OF THE MAP
RECORDS OF HARRIS COUNTY, TEXAS

8.      On or about October 19, 2007, Thomas purchased the Subject Property from

Maritage Homes of Texas, LLC. A warranty deed from Maritage Homes of Texas, LLC to

Thomas was filed of record in the Harris County Real Property Records on October 25, 2007

under Instrument 20070643668.

9.      To finance the purchase of the Subject Property, Thomas executed a note and

deed of trust on October 19, 2007, granting the lender, Flagstone Lending Group, a lien on the

Subject Property in the amount of $239,400.00. That deed of trust was recorded on October 25,

2007 under Instrument 20070643668 (the "Mortgage Lien").

10.     The Mortgage Lien was subsequently assigned to JPMorgan Chase Bank,

National Association. Said assignment was recorded in the Real Property Records of Harris

County, Texas under Instrument 201000524203.

11.     On October 1, 2015, Thomas executed a General Warranty Deed conveying the

Subject Property to James M. Andersen and Robert L. Thomas, as trustees of the Thomas

Family Revocable Trust. Said Deed was Recorded on October 6, 2015 in the Real Property

Records of Harris County, Texas under Instrument 20150457203.

12.     Even though she no longer had any interest in the property, having previously

deeded the property to the Thomas Family Revocable Trust, on April 3, 2017, Thomas executed

a second General Warranty Deed purporting to convey the Subject Property Robert L. Thomas.

This second General Warranty Deed was Recorded on April 5, 2017 in the Real Property

Records of Harris County, Texas under Instrument RP-2017-144905.

---

13.    On April 4, 2017, Robert L. Thomas executed a deed of trust purporting to place a lien on the subject property for the benefit of JEVE Enterprises. (the "JEVE Lien"). James M. Andersen, Thomas' attorney, was listed as the trustee of said JEVE Lien. Said deed of trust was recorded in the real property records of Harris County under Instrument RP-2017-481834.

14.    On March 2, 2020, James M. Andersen recorded a "Correction (sic) to Prior Notice of Trustee Sale" in the real property records of Harris County, Texas under instrument RP-2020-95123 (the "Corrected Notice"). The "corrected" notice stated the lien subject to foreclosure was executed on February 1, 2020. James M. Andersen purportedly foreclosed the lien and sold the Subject Property on February 3, 2020, a mere one day after the notice of foreclosure was posted with the county clerk in violation of the Texas Property Code.

15.    Also, on February 3, 2020, the Mortgage Lien was foreclosed by JPMorgan Chase Bank and the Subject Property was sold to Defendant P.C.F. Properties in TX, LLC. Defendant is the rightful owner of the Subject Property having purchased the Property at a foreclosure sale of a superior lien filed prior to the lien in which the Plaintiff claims ownership.

### C.    *Causes of Action:*

#### i.    *Declaratory Judgment*

16.    Defendant brings this counterclaim pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37. Defendant asks this Court to declare the rights, status, or other legal relations between Plaintiff and Defendants. Defendant seeks a declaratory judgment and ask the Court to construe the deeds and declare that the Trustee Deeds to Defendant as valid and declare the alleged lien, allegedly foreclosed by Andersen, to be inferior to the lien foreclosed by JPMorgan Chase Bank, National Association.

### ii.     *Trespass to Try Title*

17.     Defendant brings a counterclaim for Trespass to Try Title. To recover Defendant must show either: 1) a regular chain of conveyances from the sovereign, 2) superior title out of a common source, 3) title by limitations, or 4) prior possession that has not been abandoned.

18.     Plaintiff and Defendant both obtained title by and through Thomas. Thomas granted the Mortgage Lien to secure the purchase of the Subject Property. Defendant obtained its title by the foreclosure of said lien. Thus, its interest flows from Thomas.

19.     Plaintiff obtained his title by virtue of a chain of deeds originating from Thomas and a deed of trust executed by Robert Thomas. Because the deed to Robert Thomas, and the Deed of Trust Robert Thomas granted JEVE were executed and recorded after the Mortgage Lien, they are inferior interest to JPMorgan Chase Bank's interest.

### iii.     *Quiet Title*

20.     Defendant brings quiet title Counterclaim against Plaintiff. Defendant has an interest in the Subject Property having been deeded the Subject Property by the Trustee who foreclosed the property on behalf of JPMorgan Chase Bank, National Association. Plaintiff claims an interest in the Subject Property from a foreclosure allegedly conducted on the same day, March 3, 2020. Although Plaintiff's claim to the Property appears facially valid, is invalid or unenforceable because the required notice of foreclosure sale was not on record for the required 21 days, thus any foreclosure conducted on March 3, 2020 regarding the alleged lien is invalid.

#### iv.    *Injunctive Relief*

21.    Defendant seeks a temporary restraining order prohibiting Plaintiff, or anyone working in concert with the Plaintiff, from foreclosing any liens or filing any further documents with the County Clerk of Harris County, Texas regarding the Subject Property.

22.    On or about July 6, 2020, Defendant received a letter dated July 2, 2020 from James Andersen threatening foreclosure of the same lien from which the Plaintiff claims ownership. James Andersen is an attorney working for James Allen dba JEVE Enterprises. Defendant seeks the temporary restraining order to maintain the status quo until the Court can make a determination into the ownership of the Subject Property and lien priorities. If the Plaintiff is not enjoined pending the resolution of the case, title to the Subject Property would become further muddled and confusing and may lead to further legal actions to clear the tile.

23.    Therefore, upon a hearing on the merits of the temporary restraining order, Defendant asks the Court to issue a temporary restraining order preventing the Plaintiff, his agents or assigns or anyone working in concert with the Plaintiff from filing any documents concerning the Subject Property in the Real Property Records of Harris County, Texas and from conducting any foreclosures pending final resolution of this case.

#### v.    *Mesne Profit*

24.    Defendant brings a cause of action for mesne profit. Plaintiff is in possession of real property in which Defendant is entitled to possession. Defendant made a written demand upon the Plaintiff by sending a notice to vacate giving the Plaintiff three days to vacate, however Plaintiff remains in possession of the Subject Property.

25.    Defendant is entitled to fair market rent of Plaintiff's continued use of the Subject Property as mesne profit.

*vi.*   ***Attorney Fees***

26.   Defendant seeks recovery of its costs and reasonable and necessary attorneys' fees from Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009.

### D.   *Conditions Precedent*

27.   All conditions precedent to Defendants' right to recover have been performed, have occurred, and/or have been waived

### III.   REQUEST FOR DISCLOSURES

28.   Defendants hereby request that the Plaintiffs disclose the information set forth in TRCP 194.2(a) through (l) within 31 days of receipt of this request and that Plaintiffs supplement such responses on an ongoing basis as soon as additional information becomes known.

### IV.   NOTICE UNDER TEX. R. CIV. P. 193.7

29.   Defendants serve notice of their intent to rely on the self-authentication provisions of Rule 193.7 TRCP with respect to any document produced by any party unless the producing party or some other party objects as required by the rule

### V.   PRAYER:

30.   Defendant prays that this Court find against Plaintiff on all of Plaintiff's causes of action, and upon trial on the merits, grant Defendant:

1)   A declaratory judgment that the lien foreclosed by JPMorgan Chase Bank, National Association was superior to the lien foreclosed by Plaintiff;

2)   An order that Defendant is the rightful owner of the Subject Property;

3)   An order requiring Plaintiff to vacate the Subject Property;

4)   An order enjoining the Plaintiff, or anyone working in conjunction with, or at the behest of the Plaintiff, from foreclosing the Subject Property or filing any document related to the Subject Property with the County Clerk.

5)    An award of Attorney Fees to be determined at trial;

6)    All other relief Defendant is entitled in law or in equity.

Respectfully submitted,

BARRY & SEWART, PLLC

/s/ Keith A. Wolfshohl
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Keith A. Wolfshohl, SBN: 24047135
Nicholas M. Frame, SBN: 24093448
Austin R. DuBois, SBN: 24065170
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
KeithW@barryandsewart.com

Attorney for: P.C.F. PROPERTIES IN TEXAS, LLC

Certificate of Service

I certify that a true and correct copy of the foregoing pleading was served upon the following persons by certified mail, return receipt requested, on the 20th day of July 2020.

James Allen
8202 Terra Valley Lane
Tomball, Texas 77375

/s/ Keith A. Wolfshohl

**Case: 2020-35780**
**Original Answer and Counter Claim**

*Allen vs. PCF Properties*
Page 9 of 9

EXHIBIT-2

8/12/2020 5:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45336350
By: Lisa Thomas
Filed: 8/12/2020 5:29 PM

Cause: 2020-35780

| | |
|---|---|
| JAMES ALLEN and<br>ALLAN HAYE<br>　　　　*Plaintiff/Counter Defendant*<br><br>vs.<br><br>PCF PROPERTIES IN TEXAS, LLC<br>　　*Defendant/3rd Party Plaintiff*<br><br>vs.<br><br>ELIZABETH THOMAS,<br>JAMES M. ANDERSEN, and<br>JPMORGAN CHASE BANK, NA<br><br>　　　*3rd Party Defendants* | IN THE DISTRICT COURT<br><br><br><br><br><br>80TH JUDICIAL DISTRICT<br><br><br><br><br>OF HARRIS COUNTY, TEXAS |

ORIGINAL THIRD PARTY PETITION

Comes now PCF Properties in TX, LLC and files this third-party petition against

Elizabeth Thomas, James M. Andersen and JPMorgan Chase Bank, N.A. and would show unto

the court as follows:

DISCOVERY CONTROL PLAN

Third Party Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of

Civil Procedure 190.

PARTIES:

Third Party plaintiff, PCF Properties in TX, LLC, is a corporation registered in the State

of Texas

JPMorgan Chase Bank, NA is a National Banking entity that routinely conducts business

in Texas and Harris County, Texas. It may be served by its registered agent CT. Corporation

System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

James M. Andersen, third party defendant, is an individual residing in Texas who may be served at 17041 El Camino Real #204, Houston, TX 77058.

Elizabeth Thomas is an individual who claims to reside in Washington, D.C. and who may be served with citation at 712 H Street NE #1297, Washington DC 20002

FACTS:

On or about October 19, 2007, Elizabeth Thomas purchased the property known as 8202 Terra Valley Lane, Tomball, Texas ("Subject Property").

To purchase the Subject Property, Elizabeth Thomas borrowed money from Flagstone Lending Group in the amount of $239,400.00. Elizabeth Thomas pledge the Subject Property to secure the loan, thereby placing a lien against the Subject Property in favor of Flagstone Lending Group. JPMorgan Chase Bank, N.A. (hereinafter "Chase") was assigned the Deed of Trust.

Under the terms of the Security Instrument, the lender, had the right to appoint a substitute trustee to conduct a foreclosure if requested by the lender. The only authority granted to the trustee is the power to foreclose, the grant of any additional powers is prohibited under state law. Tex. Prop. Code Sec. 51.0074

On December 22, 2016, in an apparent effort to frustrate the rights of Chase[1], Elizabeth Thomas, without authority, executed an appointment of trustee naming her personal attorney

---

[1] It is apparent from the litigation history of Elizabeth Thomas, Allan Haye, James Allen (elizabeth Thomas' brother), Robert L. Thomas (Elizabeth Thomas' son) that Elizabeth Thomas' goal was to remove the lien from the Property without having to pay back the loan. For about a decade, Elizabeth Thomas, and those working in concert with her, have filed lawsuits after lawsuit to obtain a free house. The undersigned counsel has reviewed at least 20 cases filed in state, federal and bankruptcy courts and has reviewed hundreds of documents related to those filings, and filings in the real property records. Below is a partial list of cases in which one or more of the aforementioned parties filed suit trying to declare the lien invalid or otherwise avoid the effects of the deed of trust:

- Case No. 10-cv-4320 in the Southern District of Texas, filed October 21, 2010 against Mortgage Electronic Registration System, Inc.
- Adversary No. 11-03088 in the Southern District of Texas, filed February 24, 2010 against Chase Home Finance.
- Adversary No. 11-03090 in the Southern District of Texas, filed February 25, 2011.
- Case No. 11-cv-3656 in the Eastern District of New York against JP Morgan Chase, N.A.

James Andersen as a successor trustee replacing the original trustee. Elizabeth Thomas had no authority to appoint James Andersen as the Trustee. That appointment was recorded in the real property records of Harris County, Texas under instrument RP-2016-575441. See Exhibit 1.

On December 23, 2016, James Andersen, as the false trustee and without legal authority, executed a deed claiming to transfer the Subject Property to Elizabeth Thomas. The deed was recorded in the real property records of Harris County, Texas under Instrument RP-2016-577139. See Exhibit 2.

On December 28, 2016, James Andersen, as the purported trustee, executed a deed claiming to transfer the Subject Property to Elizabeth Thomas. The deed was recorded in the real property records of Harris County, Texas under Instrument RP-2016-581803. See Exhibit 3.

---

- Cause No. 2011-21651 in the 189th District Court of Harris County, Texas in 2011 against mortgage lenders Cause
- Cause No. 2013-46276 in the 333rd Judicial District Court of Harris County, Texas, against the law firm that instituted foreclosure proceedings on her home.
- Cause No. 2014-54729 filed in the 61st District Court of Harris County, Texas against Meritage (who was named but never served) and mortgage companies.
- Adversary No. 14-08267 in the Southern District of New York against JP Morgan Chase.
- Cause No. 2016-87941 filed in the 333rd District Court of Harris County, Texas against Meritage (who was named but never served), mortgage companies, a title company, and her homeowner's association.
- Cause No. 2016-87286 in the 133rd District Court of Harris County, Texas, *In re Elizabeth Thomas*, in which she sought an ex parte declaration that the deed of trust for her home is fraudulent.
- Cause No. 2017-76078 in the 127th District Court of Harris County, Texas in 2017 which includes as defendants Meritage, a title company, and mortgage companies
- Cause No. 2017-82388 in the 127th District Court of Harris County, Texas in 2017, which involved Meritage and several individuals who used to work for Meritage;
- Cause No. 2018-21597 in the 61st District Court of Harris County, Texas in 2018, in which Debtor temporarily intervened and then dismissed her claims without prejudice.
- Cause No. 2018-21597 in the 133rd District Court of Harris County, Texas, in 2018 (currently pending), in which Elizabeth Thomas' son sued Elizabeth Thomas and the law firm that attempted foreclosure proceedings. Elizabeth Thomas was named as a defendant so that the parties can try to get a judgment that there was some fraud in connection with the original mortgage for her home.
- Case No. 4:18-mc-02260 filed August 15, 2018 by the Debtor in the United States District Court for the Southern District of Texas against several persons who used to work for Meritage (the Debtor has not yet paid the filing fee, so the case is stagnant).
- Bankruptcy Case 18-23676 filed in Southern District of New York styled *In Re Thomas*;
- Bankruptcy Case 10-40785 filed in the Southern District of Texas styled *In re Thomas;*
- *Case 10-cv-4320* filed in teh Southern District of Texas against Mortg. Elec. Registration Sys.

On February 23, 2018, James M. Andersen executed a "Trustee's Notice of Satisfaction of Deed of Trust claiming" to release the lien from the Subject Property. That document was recorded in the real property records of Harris County, Texas under Instrument RP-2018-76715. Exhibit 4.

On October 2, 2019, James M. Andersen executed a document titled "Removal of all Trustees and all Substitute Trustees as Deed of Trust has been recorded as released". Said document was recorded in the Real Property Records of Harris County, Texas under Instrument RP-2019-445218. See Exhibit 5.

CAUSES OF ACTION

*Count 1: declaratory action against Elizabeth Thomas and James Andersen*

PCF brings this claim pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37 against Elizabeth Thomas and James Andersen. PCF asks this Court to declare the rights, status, or other legal relations between Plaintiff and Defendants. Specifically, PCF seeks a declaratory judgment and asks the Court to construe the Deed of Trust executed by Elizabeth Thomas and declare that the appointment of successor trustee as a nullity and void ab initio due to Elizabeth Thomas' lack of authority to appoint a trustee under the deed of trust. PCF has an interest in the determination by this Court because PCF claims title through the foreclosure of that Deed of Trust.

*Count 2: Declaratory Judgment Action against Elizabeth Thomas and James Andersen*

PCF brings this claim pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37 against Elizabeth Thomas and James Andersen. PCF asks this Court to declare the rights, status, or other legal relations between Plaintiff and Defendants. PCF seeks a declaratory judgment and asks the Court to construe the Deed of Trust and declare that

the deeds from James Andersen, as the purported trustee, to Elizabeth Thomas as a nullity and

void ab initio due to James Andersen's lack of legal authority under the Deed of Trust and the

Texas Property Code to deed the property outside the Foreclosure. PCF seeks a determination

that the acts of James Andersen were ultra vires and of no effect.

*Count 3: Declaratory Judgment Action against Elizabeth Thomas and James Andersen*

PCF brings this third declaratory action claim against Elizabeth Thomas and James M.

Andersen to declare the deeds to Elizabeth Thomas and "Trustee's Notice of Satisfaction of

Deed of Trust" and "Removal of all Trustees and all Substitute Trustees as Deed of Trust has

been recorded as released" to be void ab initio due to the lack of authority by Elizabeth Thomas

to appoint a trustee and the lack of authority by James M. Andersen under the Deed of Trust or

the Texas Property Code to release the lien against the Subject Property. PCF seeks to have all

documents recorded in the Harris County Real Property Records by James Andersen, concerning

the subject property to be void ab initio due to lack of authority.

*Count 4: Breach of Contract against JPMorgan Chase Bank, NA*

PCF brings this breach of contract claim against JPMorgan Chase Bank. On March 3,

2020, JPMorgan Chase Bank, by and through the foreclosure trustee, foreclosed the lien by

offering the Subject Property for sale. PCF made an offer on the property being the highest

bidder at the foreclosure sale. PCF tendered the sum of $218,000.00 as the purchase price.  If this

Court find Chase did not have a valid lien against the property, then Chase could not foreclose

the subject property and Chase breached the contract to sell the Subject Property to PCF.

If the court finds that the Chase's lien was extinguished by the actions of Andersen and

Elizabeth Thomas, PCF seeks return of the money spent to purchase the property since Chase

had no interest in the property to foreclose.

*Count 4: Fraud Claim against JPMorgan Chase*

PCF brings a claim for fraud against JPMorgan Chase Bank. A common-law fraud claim requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015)(interenal citation omitted). Chase knew, or should have known, that the lien was released by James Andersen and Elizabeth Thomas since Elizabeth Thomas and Chase have been locked in legal battle for years. Chase posted the Subject Property and claimed it had a valid lien against the Subject Property. Chase intended people to act upon the notice of foreclosure as evidenced by Chase auctioning the Subject Property and taking bids for the Subject Property. PCF relied upon the representation that Chase had a valid lien against the subject property and made an offer, which was accepted by Chase. Chase, through the trustee, deeded the Subject Property to PCF.

If this Court finds the lien was invalid, Chase committed fraud by knowing the lien was void, or it should have known based upon the years of litigation. PCF relied on the statement that Chase held a valid lien and was injured by tendering funds to Chase but receiving nothing in return.

PRAYER

Wherefore, premises considered, PCF prays this Court issue citation to the Defendants and upon trial on the merits, grant PCF all relief to which it is justly entitled including:

1)   An Order declaring the appointment of James Andersen a nullity and void ab initio;

2)   An Order declaring the Deeds and other documents alleging releasing the Subject Property from Chase's lien as a nullity and void ab initio;

3) An Order declaring the lien held by Chase as a valid lien against the Subject Property;

4) An Order removing all documents filed by Elizabeth Thomas or James Andersen indicated in this petition from the Harris County Real Property Records;

5) In the alternative, if this Court finds in favor of Elizabeth Thomas, James Anderson, Allan Haye or James Allen, PFC requests the return of the fund it paid to Chase to purchase the subject property;

6) In the alternative, if this Court finds in favor of Elizabeth Thomas, James Anderson, Allan Haye or James Allen, PFC requests a finding that JPMorgan Chase Bank, NA committed fraud by posting the Subject Property for sale, and order Chase to pay for all of PCF's damages, including attorney fees, in an amount to be determined at trial.

7) All other relief to which PFC is justly entitled in law and/or in equity.

Respectfully Submitted

BARRY & SEWART, PLLC

/s/ Keith A. Wolfshohl
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Keith A. Wolfshohl, SBN: 24047135
Nicholas M. Frame, SBN: 24093448
Austin R. DuBois, SBN: 24065170
Kamelia Namazi, SBN: 24074793
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
efile@barryandsewart.com

Certificate of Service

I certify that a true and correct copy of the foregoing pleading was served upon the following

persons by electronic mail via the Texas Efile System on the 12th day of August 2020.

James Allen
8202 Terra Valley Lane
Tomball, Texas 77375.

Allan Haye
8202 Terra Valley Lane
Tomball, Texas 77375.

/s/ Keith A. Wolfshohl
Keith A. Wolfshohl

EXHIBIT 5

1/29/2021 6:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50195319
By: Brenda Espinoza
Filed: 1/29/2021 6:29 PM

Cause: 2020-35780

| | |
|---|---|
| JAMES ALLEN, ALLAN A. HAYE<br>*Plaintiff/Counter Defendant*<br><br>vs.<br><br>PCF PROPERTIES IN TX, LLC<br>*Defendant/Counter Plaintiff*<br><br>*vs.*<br><br>JPMORGAN CHASE BANK, N.A | IN THE DISTRICT COURT<br><br><br><br>80TH JUDICIAL DISTRICT<br><br><br><br>OF HARRIS COUNTY, TEXAS |

## PCF PROPERTIES IN TX, LLC'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Comes now, PCF Properties in TX, LLC ("PCF") and files this Traditional Motion for Summary Judgment and would show unto the court as follows:

### *a.*  INTRODUCTION*:*

1.     This case is the latest attempt in a saga that spans more than 10 years to avoid the effects of a lien placed against the subject property as Elizabeth Thomas and her cohorts, James Allen, Robert Thomas, Allen Haye and James M. Andersen, have filed numerous lawsuits, bankruptcies and fraudulent documents with the county clerk in order to avoid paying a loan Elizabeth Thomas obtained to purchase the property made subject of this case. The case before this Court is yet another attempt to avoid the legal obligation of a voluntary lien placed against real property for the purchase of said property.

### *b.*  FACTS*:*

2.     The property made subject of this lawsuit and motion is known as 8202 Terra Valley Lane, Tomball, Texas 77375 and being more fully described as:

> LOT TWENTY-FIVE (25), BLOCK TWO (2), MIRAMAR
> LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS
> COUNTY, TEXAS ACCORDING OT THE MAP OR PLAT
> THEREOF UNDER FILM CODE 553018 OF THE MAP
> RECORDS OF HARRIS COUNTY, TEXAS (the "Subject
> Property")

3.      On or about October 19, 2007, Elizabeth Thomas purchased the Subject Property

from Meritage Homes of Texas, LLC. A warranty deed from Maritage Homes of Texas, LLC to

Thomas was filed of record in the Harris County Real Property Records on October 25, 2007

under Instrument 20070643668. See **Exhibit 1**.

4.      To finance the purchase of the Subject Property, Thomas executed a note and

deed of trust on October 19, 2007, granting the lender, Flagstone Lending Group, a lien on the

Subject Property in the amount of $239,400.00. That deed of trust was recorded on October 25,

2007 under Instrument 20070643669 (the "Mortgage Lien"). See **Exhibit 2**.

5.      Under the terms of the deed of trust, Elizabeth Thomas agreed to the appointment

of a trustee, to conduct a foreclosure sale if requested by the Lender. The terms of the deed of

trust gives only the lender the authority to remove and appoint the trustee. The Deed of Trust

specifically states:

> **Lender**, at it its option and with, or without cause, **may** from time to time,
> by power of attorney or otherwise, **remove or substitute any trustee, add
> one or more trustees, or appoint successor trustee to any Trustee**
> without the necessity of any formality other than **the designation by
> Lender in writing**. **Exhibit 2**.

6.      The Mortgage Lien was subsequently assigned to JPMorgan Chase Bank,

National Association ("Chase"). Said assignment was recorded in the Real Property Records of

Harris County, Texas under Instrument 20100524203. See Exhibit 3.

7.      Elizabeth Thomas filed suit against Chase under cause 2013-17134 in the 269th

District Court of Harris County, Texas styled *Elizabeth Thomas and AbdelHalim H. Mohd vs.*

*JPMorgan Chase Bank N.A. F/K/A Chase Home Finance et al*. See **Exhibit 4**. Chase removed that case to Federal District Court for the Southern District of Texas under cause 4:13-cv-1022. See **Exhibit 5**.

8.     In the Federal District Court, Chase filed a motion for a judgment on the pleadings, **Exhibit 6**, which the Federal District Court granted. **Exhibit 7**. That Order confirms that the lien held by Chase was valid.

9.     Failing to rid the Subject Property of the Mortgage Lien via her lawsuit, Elizabeth Thomas and James Andersen (Elizabeth Thomas' personal attorney who represented her in the case against JPMorgan Chase Bank, NA) then resorted to filing sham and fraudulent documents in the real property records of Harris County, Texas.

10.     One of the sham and fraudulent documents was an appointment of a successor trustee executed by Elizabeth Thomas on December 22, 2016 and Recorded under Instrument RP-2016-575441. Elizabeth Thomas, even though she lacked the authority and capacity to appoint a successor trustee, appointed her personal attorney James Andersen as the sham trustee. See **Exhibit 8**.

11.     James Andersen, who lacked the authority or capacity as the trustee, then recorded documents claiming the lien was satisfied and released or transferred back to Elizabeth Thomas. See **Exhibit 9** and **Exhibit 10.** Because James Andersen was not appointed pursuant to the deed of trust, his appointment was void and any documents he executed as trustee would be void ab initio.

12.     On April 3, 2017, Elizabeth Thomas executed a General Warranty Deed purporting to convey the Subject Property to her son Robert L. Thomas. This General Warranty

Deed was Recorded on April 5, 2017 in the Real Property Records of Harris County, Texas under Instrument RP-2017-144905. See **Exhibit 11**.

13.    On April 4, 2017, Robert L. Thomas executed a deed of trust purporting to place a lien on the Subject Property for the benefit of JEVE Enterprises. (the "JEVE Lien"). Jeve Enterprises is a d/b/a for James Allen. See Plaintiff's Third Amended Petition at Paragraph 6 and **Exhibit 23** attached hereto. James M. Andersen (Elizabeth Thomas' personal attorney) was listed as the trustee of said JEVE Lien. Said deed of trust was recorded in the real property records of Harris County under Instrument RP-2017-481834. See **Exhibit 12**.

14.    On March 3, 2018, Robert L. Thomas and James Allen brought suit against the law firm that they alleged represented Flagstone Lending Group and Chase in the 269th District Court of Harris County, Texas under Cause 2018-14171, styled *Robert L. Thomas vs. McCarthy Holthus, LLC*. See **Exhibit 13**. Robert L. Thomas and James Allen never had Chase served and PCF asks this Court to take judicial notice of the fact that Chase was not served with that suit and has included a copy of the docket sheet and service information from that case. as **Exhibit 13a**.[1] In that suit, Robert L. Thomas and James Allen brought a claim for fraud against Elizabeth Thomas for transferring the Subject Property to her son, Robert L. Thomas, while Chase had a lien against the Subject Property.

15.    Elizabeth Thomas filed a Motion for Summary Judgment against her brother and son, James Allen and Robert L. Thomas, respectively, arguing Chase's lien was fraudulent. James Allen and Robert L. Thomas did not object to the Motion for Summary Judgment but instead agreed to the Motion. See **Exhibit 14** and **Exhibit 15**. They then dismissed out McCarthy Holthus, thereby abandoning any claims they had against McCarthy Holthus (the party they

---

[1] Tex. R. Evid. 201.

claim represented Chase's interest); yet, Chase was still not a party to that case and was not a party to the judgment. See **Exhibit 16**, **Exhibit 17** and **Exhibit 18**.

16.     Even though Chase was not a party to that suit,  and the summary judgment was not a final order (the summary judgment is still not final as it did not resolve all causes of action against all the parties; the Court has scheduled trial for June 7, 2021), Elizabeth Thomas, James Allen, Allan Haye and Robert L. Thomas began telling courts, including this one, that the court found against Chase and that Chase's lien was found to be fraudulent even though that is a complete fabrication of the facts. *See* Plaintiff's Seventh Amended Petition filed in the suit before this Court on January 4, 2021.

17.     On November 20, 2018, Robert L Thomas executed a General Warranty Deed purportedly transferring title to the Subject Property to Allan Haye. That document was recorded on April 29, 2019 under Instrument RP-2019-173914 of the Real Property Records of Harris County, Texas. **See Exhibit 19**.

18.     On May 7, 2019, Allan Haye filed bankruptcy in the Southern District of Texas under case 19-32662. When Allan Haye filed bankruptcy, an automatic stay took effect pursuant to 11 U.S.C. § 362. Chase filed a motion for relief from that automatic stay which the bankruptcy court granted. **Exhibit 20**. In granting Chase's motion for relief from the automatic stay, the bankruptcy court found

> Debtor's acquisition of the [Subject Property] and [his] filing of the bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings by Ms. Thomas and others, including the Allan Haye, and affecting the [Subject Property]…

19.     In ruling on the motion, the Bankruptcy Court was required to find a valid lien against the property and did so when it granted the motion for relief. The Bankruptcy Court then ordered Allan Haye to amend his Chapter 13 Plan and Ordered that the new Plan not address the

Subject Property since the Court already lifted the Automatic Stay to allow Chase to foreclose the Mortgage Lien. See **Exhibit 21** and **Exhibit 22;** Defendant asks the Court to take judicial notice of Exhibit 21 and Exhibit 22.

20.     When all the prior questionable actions failed to extinguish Chase's lien against the Subject Property, James Anderson foreclosed the JEVE Lien selling the Subject Property on February 3, 2020 to James Allen. See **Exhibit 23**.

21.     Also, on February 3, 2020, the Mortgage Lien was foreclosed by JPMorgan Chase Bank and the Subject Property was sold to Defendant, PCF Properties in TX, LLC. Defendant is the rightful owner of the Subject Property having purchased the Subject Property at a foreclosure sale of a superior lien recorded prior to the JEVE Lien. See **Exhibit 24**.

### *c.*    SUMMARY JUDGMENT EVIDENCE

22.     In support of this motion, Defendant relies upon and incorporates by reference the following evidence:

**Exhibit 1 –** a Certified Copy of the Warranty Deed to Elizabeth Thomas.

**Exhibit 2** – a Certified Copy of the Deed of Trust executed by Elizabeth Thomas to MERS as nominee for Flagstone Lending Group.

**Exhibit 3** – a Certified Copy of the Assignment of Lien from Flagstone Bank to Chase Home Finance.

**Exhibit 4** – a Certified Copy of the Original Petition in case 2013-17134

**Exhibit 5** – a Certified Copy of the Notice of Removal of case 2013-17134.

**Exhibit 6** – a Certified Copy of the Motion for Judgment on the pleadings case 4:13-cv-01022.

**Exhibit 7** – a Certified Copy of the Order granting the Motion for Judgment on the Pleadings case 4:13-cv-01022.

**Exhibit 8** – a Certified Copy of the sham Removal of Trustee and Appointment of Substitute Trustee executed by Elizabeth Thomas.

**Exhibit 9** – a Certified Copy of the sham Trustee's Notice of Satisfaction of Deed of Trust executed by Elizabeth Thomas' personal attorney James Andersen.

**Exhibit 10 –** a Certified Copy of the sham Warranty Deed from Flagstone Lending Group to Elizabeth Thomas executed by Elizabeth Thomas' personal attorney James Andersen.

**Exhibit 11 –** a Certified Copy of the Warranty Deed from Elizabeth Thomas' to her son, Robert L. Thomas.

**Exhibit 12 –** a Certified Copy of the Deed of Trust executed by Robert L. Thomas to JEVE Enterprises.

**Exhibit 13 –** a Certified Copy of the Original Petition in Case 2018-14171 styled *Robert L. Thomas vs. McCarthy Holthus, LLC.*

**Exhibit 13a –** Copy of Docket Sheet in Case 2018-14171 styled *Robert L. Thomas vs. McCarthy Holthus, LLC.*

**Exhibit 14 –** a Certified Copy of the Unopposed Motion for Summary Judgment in Case 2018-14171 filed by Elizabeth Thomas against James Allen and Robert L. Thomas, only.

**Exhibit 15 –** a Certified Copy of the Robert L. Thomas and James Allen's response to Elizabeth Thomas' Motion for Summary Judgment in Case 2018-14171.

**Exhibit 16 –** a Certified Copy of the Sixth Amended Petition filed in Case 2018-14171 removing claims and causes of action against McCarthy Holthus

**Exhibit 17 –** a Certified Copy of the Pleading filed in Case 2018-14171 by James Allen's Counsel, Colleen McClure, wherein she argues Causes of Action against McCarthy Holthus were abandoned by 6th Amended Petition.

**Exhibit 18 –** a Certified Copy of the Partial Non-Suit in Case 2018-14171

**Exhibit 19 –** a Certified Copy of the Deed from Robert Thomas to Allan Haye.

**Exhibit 20 –** Certified Copy of Order Granting In Rem Relief in Case No. 19-32662

**Exhibit 21 –** Transcript from Allan Haye's Confirmation Hearing in Case No. 19-32662

**Exhibit 22 –** Order Denying Confirmation of Plan in Case No. 19-32662

**Exhibit 23 -** a Certified Copy of the Trustee's Deed to James Allen dba Jeve Enterprises.

**Exhibit 24 –** a Certified Copy of the Trustee's Deed to PCF Properties in TX, LLC.

**Exhibit 25 –** Affidavit of Cirra Davis, Vice President of JPMorgan Chase Bank, N.A. filed in the United States Bankruptcy Court for the Southern District of New York in Bankruptcy Case 18-23676 styled *In Re Elizabeth Thomas, Debtor.*

**Exhibit 26 –** Affidavit of Anna C. Sewart

### *d.* ARGUMENT

### *Summary Judgment Standard*

23.     To succeed on a traditional motion for summary judgment, a party must show there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W:2d 546, 548 (Tex. 1985). To meet this burden, the movant must conclusively prove all essential elements of its claim. *MMP, Ltd. v. Jones,* 710 S.W.2d 59 (Tex. 1986). A matter is conclusively established if reasonable people could not differ on the conclusion to be drawn from the evidence. *City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex. 2005). If the movant establishes its right to summary judgment as a matter of law, the burden shifts to the non-movant to present evidence that raises a genuine issue of material fact. *M.D. Anderson Hosp. & Tumor, Inst. v. Willrich,* 28 S.W3d 22 (Tex. 2000).

### *PCF's Claim for Declaratory Judgment*

24.     Defendants PCF Properties in TX, LLC is entitled to a Declaratory Judgment that the Trustee's Deed through which it obtained title, is valid and superior to the JEVE Lien and that any interest held by James Allen via the foreclosure of the JEVE Lien was extinguished when Chase foreclosed its interest in the Subject Property. PCF requests that the Court render a declaratory judgment that the lien held by James Allen and the interest obtained by James Allen after the foreclosure of the JEVE Lien were subordinate to that of Chase's lien and were extinguished by foreclosure of Chase's senior lien. Section 37.004(a) of the Uniform Declaratory Judgments Act expressly provides:

> A person interested under a deed [ ] may have determined any question of construction or validity arising under the instrument [ ] and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code § 37.004(a).

25.     In a contest over rights or interests in property, the party that is first in time is first in right. *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 668 (Tex. App.--Fort Worth 1998, pet. denied). In this case, the Mortgage Lien held by Chase was recorded in the real property records of Harris County, Texas on October 25, 2007. **Exhibit 2**. The JEVE Lien was recorded on November 1, 2017 more than 10 years after the Mortgage Lien was recorded. **Exhibit 12**. Therefore; the JEVE lien was inferior to Chase's lien because Chase recorded its lien first.

26.     Because the JEVE Lien was inferior to the Mortgage Lien, the foreclosure of the JEVE Lien did not extinguish the Mortgage Lien. The general rule is that a successful bidder at a junior lien foreclosure takes title subject to prior liens. *Conversion Props., L.L.C. vs. Kessler,* 994 S.W2d 810 (Tex.App.-Dallas 1999, pet. denied) (citing Restatement (Third) of Property: Mortgages§ 7.1 (1997) (a purchaser takes title subject to the rights and lien of the senior lienholder). See also *Cervantes v. Bayview Loan Servicing, LLC*, No. 14-12-00157-CV, 2012 Tex. App. LEXIS 9974, 2012 WL 6017712, at *2 (Tex. App.—Houston [14th Dist.] Dec. 4, 2012, no pet.) (mem. op.); *Williams v. Nationstar Mortgage, LLC,* 349 S.W3d 90 (Tex. App.-Texarkana 2011). "A foreclosure does not terminate the senior interests in the foreclosed real estate. Rather, the purchaser is charged with the primary liability for the payment of prior liens and must service them to avoid loss of the property." *Atu v. Slaughter*, No. 14-06-00771-CV, 2007 Tex. App. LEXIS 7485, at *9 (Tex. App.—Houston [14th Dist.] Sep. 13, 2007)(internal citations removed).

27.     When James Allen purchased the Property at the foreclosure of the JEVE Lien, he could only take the interest that was incumbered when Robert Thomas executed the JEVE Lien. Consequently, James Allen took title to the Property subject to the Mortgage Lien held by Chase;

his interest in the Property was subject to the superior lien held by Chase and was extinguished by Chase's foreclosure.

28.    Therefore, as a matter of law, PCF is entitled to a declaratory judgment that Mortgage Lien was superior to the JEVE Lien and that Chase's foreclosure of the Mortgage Lien extinguished any interest held by the Plaintiffs.

### PCF's Claim for Quiet Title

29.    PCF requests the Court grant judgment quieting title to the Subject Property in its name.

30.    A party who seeks to remove a cloud from title to a property must plead and prove three basic elements. The party must show 1) an interest in specific property; 2) that title to the property is affected by a claim by the defendant; and 3) that the claim, although facially valid, is invalid or unenforceable. *See e.g., Sadler v. Duvall, 815 S.W2d 285, 293 n.2* (Tex. App.-Texarkana 1991, den.); *La Fleaurv. Kinard, 161 S.W2d 144, 147* (Civ. App.--Beaumont 1942, ref. w.o.m.).

31.    PCF is entitled to a judgment quieting title because 1) PCF is the owner of the Property pursuant to the Substitute Trustee's Deed; 2) the trustee's deed following foreclosure of the JEVE Lien is affecting PCF's ability to convey clear title; and 3) although, on its face, the JEVE Deed appears valid, it is unenforceable because, upon foreclosure of the Mortgage Lien, the interest granted to James Allen after the foreclosure of the JEVE Lien, was extinguished.

32.    Plaintiffs will argue that a release of lien was recorded purporting to release the Mortgage Lien through which Chase foreclosed. What Plaintiffs will not tell this Court is that that release is a sham document filed by a sham trustee to frustrate the rights of Chase and is void ab initio.

33.     Under the terms of the Deed of Trust, Elizabeth Thomas agreed to the appointment of a trustee to conduct a foreclosure sale if requested by the Lender. The terms of the Deed of Trust gives only the lender the authority to remove and appoint the trustee. The Deed of Trust specifically states:

> **Lender,** at it its option and with, or without cause, **may from time to time,** by power of attorney or otherwise, **remove or substitute any trustee, add one or more trustees, or appoint successor trustee to any Trustee** without the necessity of any formality other than **the designation by Lender in writing.**

The Deed of Trust does not give Elizabeth Thomas, nor any party other than the Lender, the right to appoint a successor trustee.

34.     "The appointment of the substitute trustee, by the terms of the deed of trust, is made by the holder of the note, not the grantor of the deed of trust." *Pardue v. Benson*, NO. 01-97-01288-CV, 1999 Tex. App. LEXIS 8089, at *14 (Tex. App.—Houston [1st Dist.] Oct. 28, 1999)(mem. op.) The failure to properly appoint a trustee means any action taken by that trustee is void. Id at *15; *Univ. Sav. Asso. v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982); *Slaughter v. Qualls*, 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942)("[A] deed may be regular on its face and yet be void and ineffectual to pass any title to the grantee … where the grantor had no capacity to execute it). That which is void is without vitality or legal effect. *Slaughter v. Qualls*, 139 Tex. at 345.

35.     Although only the Lender had the right to appoint a trustee, Elizabeth Thomas executed a sham appointment naming her personal attorney, James Andersen, as the trustee. Because Elizabeth Thomas did not have the authority to appoint a successor trustee that appointment is a nullity and void. See *Sullivan v. Hardin,* 102 S.W.2d 1110, 1113 (Tex. Civ. App.-Amarillo 1937)(Appointment of the trustee must be strictly followed. Since the appointment was done under a power of attorney and the deed of trust did not authorize the appointment of a trustee under a power of attorney, the appointment was a nullity and the sale is void.); *Pardue v. Benson*, NO. 01-97-

01288-CV (failure to follow terms of the deed of trust in appointing a successor trustee voids actions taken by the successor trustee).

36.     The Texas Supreme Court has noted that the appointment of a trustee is not inherent in a *cestui que* trust, but rather "[i]t is only through the express authority of the instrument that the power can be exerted. It can be exercised only by those persons to whom it is expressly given[.]" *Michael v. Crawford,* 108 Tex. 352,354,193 S.W. 1070, 1071 (1917) (internal citations omitted). Therefore, the appointment by Elizabeth Thomas of James Andersen, as successor trustee, failed as a matter of law since she did not have the authority under the deed of trust to appoint anyone as a successor trustee, let alone her personal attorney. Therefore, any action taken by the sham trustee is void ab initio.

37.     Moreover, even if Elizabeth Thomas had the authority to appoint a trustee, the trustee did not have the power to release the lien. A trustee is limited to the power of foreclosure. Tex. Prop. Code § 51.0074. The powers that the trustee does have must be strictly complied with. See *Hous. First Am. Sav. v. Musick,* 650 S.W.2d 764, 768 (Tex. 1983); *Slaughter v. Qualls,* at 675. Since a trustee under a deed of trust may only be granted the power to sell the property in accordance with the terms of the security agreement, and since the deed of trust did not authorize the trustee to deed the property or release the lien absent a foreclosure, the sham trustee, James Andersen, acted outside the scope of his authority under the deed of trust and state law and thus the deed/releases are void ab initio.

38.     JPMorgan Chase Bank, N.A. filed an affidavit in Elizabeth Thomas's Bankruptcy case filed in the Southern District of New York under case 18-23676 wherein it was stated that JPMorgan Chase Bank, N.A. never appointed James Andersen as the trustee and that the Mortgage Lien was not satisfied. See **Exhibit 25**. PCF Properties in TX, LLC asks this Court to take judicial notice of the Chase's affidavit filed in the Bankruptcy case.

39.     Because the federal court found Chase's lien was valid, **Exhibits 6 & 7**, Elizabeth Thomas was bound by the terms of the Deed of Trust and only Chase could appoint a successor trustee. Chase's lien was superior, and because it was not released, when Chase foreclosed, any interest held by Plaintiffs was extinguished and title to the Subject Property was transferred to PCF. PCF is entitled to a judgment quieting title to the Subject Property in its name as a matter of law. PCF requests that the Court enter a judgment quieting title to the Subject Property in its name and finding that Plaintiffs' interest in the Subject Property extinguished when Chase foreclosed its lien interest in the property.

### *PCF's Claim for Trespass to Try Title*

40.     A trespass-to-try-title action is a procedure to adjudicate competing claims to title or the right to possession of real property. Tex. Prop. Code § 22.001-.045 (West 2000 & Supp. 2011). To recover on a cause of action for Trespass to Try Title, Defendant must show either: 1) a regular chain of conveyances from the sovereign, 2) superior title out of a common source, 3) title by limitations, or 4) prior possession that has not been abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citing *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981)).

41.     Plaintiff and Defendant both obtained title by and through Elizabeth Thomas. However, PCF's title is superior since the lien through which it purchased the Subject Property was created and recorded prior to the JEVE Lien.

> <u>*PCF's Title*</u> – Elizabeth Thomas granted equitable title to the Subject Property through the Mortgage Lien to secure the purchase of the Subject Property. The Mortgage Lien was assigned to JPMorgan Chase Bank, NA. Defendant obtained its title by the foreclosure of said Mortgage Lien. Thus, its interest flows from Elizabeth Thomas.

> *Allen's Title* – James Allen obtained his title by virtue of a chain of deeds originating from Elizabeth Thomas and a deed of trust executed by Robert L. Thomas. Elizabeth Thomas deeded the legal title to her son Robert L. Thomas. Robert L. Thomas deeded an inferior equitable title to JEVE Enterprises through the JEVE Lien. Robert L. Thomas then deeded his legal title to Allan Haye. James Allen obtained his interest in the Subject Property from the foreclosure of the JEVE Lien. Thus, his interest in the Subject Property flows from Elizabeth Thomas via Robert L. Thomas and Allen Haye.

42.     James Allen and PCF Properties in TX, LLC both obtained title to the Subject Property by way of a chain of deeds originating with Elizabeth Thomas. James Allen's interest in the Subject Property was extinguished when the Mortgage Lien was foreclosed. As such, PCF PROPERTIES IN TX, LLC is entitled summary judgment on its claim for Trespass to Try Title as a matter of law.

43.     The Court should grant summary judgment to PCF Properties in TX, LLC on its cause of action for Trespass to Try Title.

e.     **ATTORNEY FEES**

44.     PCF PROPERTIES IN TX, LLC is entitled to recover its reasonable costs and attorneys' fees pursuant to Texas Civil Practice & Remedies Code § 37.009 as is equitable and just. As of the filing of this Motion, PCF PROPERTIES IN TX, LLC has incurred reasonable and necessary fees related to its claim for Declaratory Judgment in the amount of $19,140.00 and costs of court in the amount of $381.59. Exhibit 26, Affidavit of Anna C. Sewart attached hereto and incorporated herein.

f.     **CONCLUSION**

45.     The Court should grant Summary Judgment to PCF Properties in TX, LLC on its declaratory judgment, quiet title and trespass to try title causes of action. When James Andersen, acting as the trustee under the JEVE Lien, foreclosed the JEVE Lien, he was only able to transfer to James Allen the interest that Robert L. Thomas had when he granted the JEVE Lien. Robert L. Thomas's interest was subject to the Mortgage Lien held by Chase. When James Allen purchased the Subject Property at the foreclosure of the JEVE Lien, his interest was subject to the Mortgage Lien held by Chase. When the Mortgage Lien was foreclosed by Chase, that interest was extinguished, and PCF became the sole owner of the Subject Property.

46.     Elizabeth Thomas did not have the authority to appoint a trustee and her appointment of her personal attorney was void ab initio since the appointment did not strictly comply with the terms of the deed of trust.

f.     PAYER

Wherefore, premises considered, PCF Properties in TX, LLC prays this Court grant this Motion for Summary Judgment and award PCF Properties:

- A declaratory judgment that the JEVE Lien was subject to the Mortgage Lien and that the foreclosure of the Mortgage Lien extinguished the JEVE Lien and James Allen's interest in the Subject Property;

- A declaratory judgment that James Allen has no interest in the Subject Property of any sort;

- An order quieting title to the Subject Property in the name of PCF Properties in TX, LLC;

- An order granting possession of the subject property to PCF Properties in TX, LLC;

- A judgment against James Allen holding him liable to PCF PROPERTIES IN TX, LLC for $19,140.00 in attorneys'' fees.

- All other relief to which PCF Properties in TX, LLC is entitled in law or in equity.

*/S/ Anna C. Sewart*
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Nicholas M. Frame, SBN: 24093448
Austin R. DuBois, SBN: 24065170
Cheyanne H. Troutt, SBN: 24121473

4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
acsewart@barryandsewart.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion for Summary Judgment was served upon all parties or their attorneys pursuant to the Texas Rules of Civil Procedure on this the 29th day of January 2021 via the method indicated below.

*/s/ Anna C. Sewart*
Anna C. Sewart

Keith Robison Nguyen
P.O. Box 1787
Houston, Texas 77411
By electronic mail via the Texas EFile system

Colleen M. McClure
5201 Cypress Creek Parkway, Suite 565
Houston, Texas 77575
By electronic mail via the Texas EFile system

Wm. Lance Lewis
Rachel Hyken
P.O. Box 1787
2001 Bryan St.
Suite 1800
Houston, Texas 77411
By electronic mail via the Texas EFile system

7/20/2020 9:38 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44644766
By: Kevin Childs
Filed: 7/20/2020 9:38 AM

EXHIBIT-E

Cause: 2020-35780

| JAMES ALLEN | IN THE DISTRICT COURT |
| *Plaintiff/Counter Defendant* | |
| vs. | 80TH JUDICIAL DISTRICT |
| PCF PROPERTIES IN TEXAS, LLC | |
| *Defendant/Counter Plaintiff* | OF HARRIS COUNTY, TEXAS |

## ORIGINAL ANSWER AND COUNTERCLAIM

Comes now, PCF Properties in Texas, LLC and files this Original Answer and Counter

Claim against James Allen, and in support thereof, would show unto the Court

### I.    ORIGINAL ANSWER

#### A.    Affirmative Defenses

1.    Defendant pleads the affirmative defense of res judicata. Multiple lawsuits and orders concerning the subject property exists which limits Plaintiff's right to recovery.

2.    Defendant pleads the affirmative defense of fraud. Documents filed in the real property records of Harris County concerning the property made subject to this suit were fraudulent filed and/or were executed without authority to execute said documents.

3.    Defendant pleads the affirmative defense of illegality.

4.    Defendant pleads the affirmative defense of estoppel.

#### B.    General Denial

5.    Defendant enters a general denial on each and every cause of action and demands strict proof thereof.

Certified Document Number: 9136836 - Page 1 of 9

## II.    COUNTERCLAIM

### A.    Preamble:

6.    This case is the latest attempt in a saga that spans more than 9 years to avoid the effects of a lien placed against the subject property as Elizabeth Thomas and her cohorts: Plaintiff[1], Robert Thomas[2], Allen Haye and attorneys Colleen McClure and James M. Andersen; have filed numerous lawsuits, bankruptcies and fraudulent documents with the county clerk in order to avoid paying a loan Elizabeth Thomas (hereinafter "Thomas") obtained to purchase the property made subject of this case.[3] The case before the court is yet another attempt to avoid the legal obligation of a voluntary lien placed against real property for the purchase of said property.

### B.    Facts:

7.    The property made subject of this lawsuit is known as 8202 Terra Valley Lane, Tomball, Texas 77375 (the "Subject Property") and being more fully described as:

---

[1] Brother of Elizabeth Thomas.
[2] Son of Elizabeth Thomas.
[3] Defendant P.C.F. Properties in Texas, LLC has not been a party to the past suits. However, in researching the facts around this case, the undersigned attorney has personally reviewed more than 10 lawsuits and bankruptcies and more than one hundred pleadings and fraudulent documents filed by Elizabeth Thomas, Allen Haye, Robert Thomas, and/or Plaintiff James Allen. Upon review of the pleadings filed in those cases, the undersigned attorney is shocked and disturbed by the unethical tactics and down-right fraud perpetrated by these parties and their attorneys upon the various courts and upon the county clerk's records. For instance, the group have removed cases filed in state court to the federal courts, and when the case is remanded to the state court, then filed removal again in state court without filing the removal in federal court. Another example of the tactics these individuals have used is to dismiss cases before an adverse finding could be made against them and then refile the suit in an attempt to get a more favorable judge. A final example of their tactics was for Elizabeth Thomas, the mortgagor of the purchase money deed of trust, appointed her own trustee, in violation of the deed of trust, and had that trustee attempt to release the lien, a power an appropriately appointed trustee would not even have. She then used that void document to argue to both state and federal courts that there was no lien against the Subject Property. To make the matter worse, the trustee Elizabeth Thomas appointed was her own attorney, James M. Andersen. (Homeowners throughout Texas would rejoice if they could take out a loan secured by their homes and appoint their own trustees who had the power to release liens against the properties.) Members of the group have been sanctioned by various state and federal courts, but those sanctions have not previously stopped the insanity we will surely see in this case.

---

Certified Document Number: 9136836 - Page 3 of 9

> LOT TWENTY-FIVE (25), BLOCK TWO (2), MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING OT THE MAP OR PLAT THEREOF UNDER FILM CODE 553018 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS

8.    On or about October 19, 2007, Thomas purchased the Subject Property from Maritage Homes of Texas, LLC. A warranty deed from Maritage Homes of Texas, LLC to Thomas was filed of record in the Harris County Real Property Records on October 25, 2007 under Instrument 20070643668.

9.    To finance the purchase of the Subject Property, Thomas executed a note and deed of trust on October 19, 2007, granting the lender, Flagstone Lending Group, a lien on the Subject Property in the amount of $239,400.00. That deed of trust was recorded on October 25, 2007 under Instrument 20070643668 (the "Mortgage Lien").

10.    The Mortgage Lien was subsequently assigned to JPMorgan Chase Bank, National Association. Said assignment was recorded in the Real Property Records of Harris County, Texas under Instrument 201000524203.

11.    On October 1, 2015, Thomas executed a General Warranty Deed conveying the Subject Property to James M. Andersen and Robert L. Thomas, as trustees of the Thomas Family Revocable Trust. Said Deed was Recorded on October 6, 2015 in the Real Property Records of Harris County, Texas under Instrument 20150457203.

12.    Even though she no longer had any interest in the property, having previously deeded the property to the Thomas Family Revocable Trust, on April 3, 2017, Thomas executed a second General Warranty Deed purporting to convey the Subject Property Robert L. Thomas. This second General Warranty Deed was Recorded on April 5, 2017 in the Real Property Records of Harris County, Texas under Instrument RP-2017-144905.

13.    On April 4, 2017, Robert L. Thomas executed a deed of trust purporting to place a lien on the subject property for the benefit of JEVE Enterprises. (the "JEVE Lien"). James M. Andersen, Thomas' attorney, was listed as the trustee of said JEVE Lien. Said deed of trust was recorded in the real property records of Harris County under Instrument RP-2017-481834.

14.    On March 2, 2020, James M. Andersen recorded a "Correction (sic) to Prior Notice of Trustee Sale" in the real property records of Harris County, Texas under instrument RP-2020-95123 (the "Corrected Notice"). The "corrected" notice stated the lien subject to foreclosure was executed on February 1, 2020. James M. Andersen purportedly foreclosed the lien and sold the Subject Property on February 3, 2020, a mere one day after the notice of foreclosure was posted with the county clerk in violation of the Texas Property Code.

15.    Also, on February 3, 2020, the Mortgage Lien was foreclosed by JPMorgan Chase Bank and the Subject Property was sold to Defendant P.C.F. Properties in TX, LLC. Defendant is the rightful owner of the Subject Property having purchased the Property at a foreclosure sale of a superior lien filed prior to the lien in which the Plaintiff claims ownership.

### C.    Causes of Action:

### i.    Declaratory Judgment

16.    Defendant brings this counterclaim pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37. Defendant asks this Court to declare the rights, status, or other legal relations between Plaintiff and Defendants. Defendant seeks a declaratory judgment and ask the Court to construe the deeds and declare that the Trustee Deeds to Defendant as valid and declare the alleged lien, allegedly foreclosed by Andersen, to be inferior to the lien foreclosed by JPMorgan Chase Bank, National Association.

Certified Document Number: 9136836 - Page 4 of 9

*ii.*    ***Trespass to Try Title***

17.    Defendant brings a counterclaim for Trespass to Try Title. To recover Defendant must show either: 1) a regular chain of conveyances from the sovereign, 2) superior title out of a common source, 3) title by limitations, or 4) prior possession that has not been abandoned.

18.    Plaintiff and Defendant both obtained title by and through Thomas. Thomas granted the Mortgage Lien to secure the purchase of the Subject Property. Defendant obtained its title by the foreclosure of said lien. Thus, its interest flows from Thomas.

19.    Plaintiff obtained his title by virtue of a chain of deeds originating from Thomas and a deed of trust executed by Robert Thomas. Because the deed to Robert Thomas, and the Deed of Trust Robert Thomas granted JEVE were executed and recorded after the Mortgage Lien, they are inferior interest to JPMorgan Chase Bank's interest.

*iii.*    ***Quiet Title***

20.    Defendant brings quiet title Counterclaim against Plaintiff. Defendant has an interest in the Subject Property having been deeded the Subject Property by the Trustee who foreclosed the property on behalf of JPMorgan Chase Bank, National Association. Plaintiff claims an interest in the Subject Property from a foreclosure allegedly conducted on the same day, March 3, 2020. Although Plaintiff's claim to the Property appears facially valid, is invalid or unenforceable because the required notice of foreclosure sale was not on record for the required 21 days, thus any foreclosure conducted on March 3, 2020 regarding the alleged lien is invalid.

#### iv.    *Injunctive Relief*

21.    Defendant seeks a temporary restraining order prohibiting Plaintiff, or anyone working in concert with the Plaintiff, from foreclosing any liens or filing any further documents with the County Clerk of Harris County, Texas regarding the Subject Property.

22.    On or about July 6, 2020, Defendant received a letter dated July 2, 2020 from James Andersen threatening foreclosure of the same lien from which the Plaintiff claims ownership. James Andersen is an attorney working for James Allen dba JEVE Enterprises. Defendant seeks the temporary restraining order to maintain the status quo until the Court can make a determination into the ownership of the Subject Property and lien priorities. If the Plaintiff is not enjoined pending the resolution of the case, title to the Subject Property would become further muddled and confusing and may lead to further legal actions to clear the tile.

23.    Therefore, upon a hearing on the merits of the temporary restraining order, Defendant asks the Court to issue a temporary restraining order preventing the Plaintiff, his agents or assigns or anyone working in concert with the Plaintiff from filing any documents concerning the Subject Property in the Real Property Records of Harris County, Texas and from conducting any foreclosures pending final resolution of this case.

#### v.    *Mesne Profit*

24.    Defendant brings a cause of action for mesne profit. Plaintiff is in possession of real property in which Defendant is entitled to possession. Defendant made a written demand upon the Plaintiff by sending a notice to vacate giving the Plaintiff three days to vacate, however Plaintiff remains in possession of the Subject Property.

25.    Defendant is entitled to fair market rent of Plaintiff's continued use of the Subject Property as mesne profit.

**Case: 2020-35780**                                                                    *Allen vs. PCF Properties*
**Original Answer and Counter Claim**                                          Page 6 of 9

Certified Document Number: 9136836 - Page 6 of 9

*vi.*    ***Attorney Fees***

26.    Defendant seeks recovery of its costs and reasonable and necessary attorneys' fees from Plaintiff pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009.

### D.    *Conditions Precedent*

27.    All conditions precedent to Defendants' right to recover have been performed, have occurred, and/or have been waived

### III.    REQUEST FOR DISCLOSURES

28.    Defendants hereby request that the Plaintiffs disclose the information set forth in TRCP 194.2(a) through (l) within 31 days of receipt of this request and that Plaintiffs supplement such responses on an ongoing basis as soon as additional information becomes known.

### IV.    NOTICE UNDER TEX. R. CIV. P. 193.7

29.    Defendants serve notice of their intent to rely on the self-authentication provisions of Rule 193.7 TRCP with respect to any document produced by any party unless the producing party or some other party objects as required by the rule

### V.    PRAYER:

30.    Defendant prays that this Court find against Plaintiff on all of Plaintiff's causes of action, and upon trial on the merits, grant Defendant:

1)    A declaratory judgment that the lien foreclosed by JPMorgan Chase Bank, National Association was superior to the lien foreclosed by Plaintiff;

2)    An order that Defendant is the rightful owner of the Subject Property;

3)    An order requiring Plaintiff to vacate the Subject Property;

4)    An order enjoining the Plaintiff, or anyone working in conjunction with, or at the behest of the Plaintiff, from foreclosing the Subject Property or filing any document related to the Subject Property with the County Clerk.

Certified Document Number: 9136836 - Page 7 of 9

5)      An award of Attorney Fees to be determined at trial;

6)      All other relief Defendant is entitled in law or in equity.

Respectfully submitted,

BARRY & SEWART, PLLC

/s/ Keith A. Wolfshohl
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Keith A. Wolfshohl, SBN: 24047135
Nicholas M. Frame, SBN: 24093448
Austin R. DuBois, SBN: 24065170
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
KeithW@barryandsewart.com

Attorney for: P.C.F. PROPERTIES IN TEXAS, LLC

**Case: 2020-35780**
**Original Answer and Counter Claim**

*Allen vs. PCF Properties*
Page 8 of 9

Certificate of Service

I certify that a true and correct copy of the foregoing pleading was served upon the following persons by certified mail, return receipt requested, on the 20th day of July 2020.

James Allen
8202 Terra Valley Lane
Tomball, Texas 77375

/s/ Keith A. Wolfshohl

Certified Document Number: 91363836 - Page 9 of 9

**Case: 2020-35780**
**Original Answer and Counter Claim**

*Allen vs. PCF Properties*
Page 9 of 9



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 21, 2022

Certified Document Number:      91363836 Total Pages:  9

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**