```
 1                      REPORTER'S RECORD
               TRIAL COURT CAUSE NO. 2020-35780
 2                    VOLUME 1 OF 1 VOLUME

 3
    JAMES ALLAN AND                * IN THE DISTRICT COURT
 4  ALLAN A. HAYE,                 *
    Plaintiffs/Counter-Defendants  *
 5                                 *
    Vs.                            *
 6                                 *
    PCF INVESTMENTS INC., ITS      *
 7  SUBSIDARY PCF PROPERTIES       *
    IN TX, LLC, Defendants/        *
 8  Third-Party Plaintiff          *  80th JUDICIAL DISTRICT
                                   *
 9  Vs.                            *
                                   *
10  ELIZABETH THOMAS,             *
    JAMES M. ANDERSEN, AND         *
11  JPMORGAN CHASE BANK, N.A.,     *
    Third-Party Defendants         *  HARRIS  COUNTY, TEXAS
12  ------------------------------------------------------------

13                      REPORTER'S RECORD

14                      OCTOBER 14, 2024

15  ------------------------------------------------------------

16
         On the 14th day of October, 2024, a hearing on came
17  on to be heard in the above-entitled and -numbered
    cause; and the following proceedings were had before the
18  Honorable Jeralynn Manor, Judge Presiding, held in
    Houston, Harris County, Texas:
19
         Proceedings reported by computerized stenotype
20  machine; Reporter's Record produced by computer-assisted
    transcription.
21

22

23

24

25
```

1                    A P P E A R A N C E S:

2

3

       COUNSEL FOR P.C.F. PROPERTIES IN TX, LLC

4

5                   BARRY & SEWART, PLLC
            4151 Southwest Freeway, Suite 680
6                   Houston, Texas 77027
                   Tele: (713) 722-0281
7                   Fax: (713) 722-9786

8           BY:  Mr. John V. Burger
                   SBN: 03378650
9            John@barryandsewart.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  P R O C E E D I N G S

 2

 3              THE COURT:  I'm calling Case 2020-35780, In

 4   the Matter of James Allan and Allan Haye vs. PCF

 5   Investments, Inc., Et Al.  Please make your

 6   announcements for the record.

 7              MR. BURGER:  Good afternoon, Your Honor.

 8   John Burger on behalf of P.C.F. PROPERTIES IN TX, LLC;

 9   and this my client, Mr. Allan.

10              THE COURT:  I imagine you know this case

11   has been removed to federal court.

12              MR. BURGER:  Well, that's open to debate.

13   What Elizabeth Thomas did over the weekend is she filed

14   a bunch of stuff and she filed a removal or an attempted

15   removal of the case to James Andersen's Chapter 7

16   bankruptcy.  Mr. Andersen's bankruptcy was dismissed.

17   It was dismissed in September for failing to comply with

18   various guidelines and requirements of the bankruptcy

19   code.

20              So as I read the attempted removal of this

21   case to the federal court, what she's trying to do is go

22   back before Judge Perez, the bankruptcy judge, and ask

23   the bankruptcy judge whether he remanded the entire

24   case, 2020-35780, or just the main case and not the

25   miscellaneous case that we have filed to clear up title
```

1   because Ms. Thomas and her band of maniacs have been

2   filing numerous documents in the real property records

3   seeking to cloud my client's title.

4           This court entered an order quieting title

5   in my client's name in April of last year; but since

6   then there has been a slew of stuff that she has filed

7   directly challenging the judgment, directly challenging

8   my client's title.  And because this court was the court

9   of original and dominant jurisdiction over the property

10  and this court's judgment cleared title, we filed that

11  miscellaneous proceeding in this court in this case to

12  get rid of those clouds on my client's title.

13          That's how I understand what she's trying

14  to do.  It's my understanding that there are two pending

15  other bankruptcy cases, one filed by Allan Haye; and

16  that's pending in New York.  And that case is curious

17  because Mr. Haye has done nothing.  He hasn't paid his

18  filing fee.  He hasn't filed schedules.  He hasn't gone

19  to any of the required meetings in the federal

20  bankruptcy proceeding in New York, notwithstanding the

21  fact that he lives in Florida and has no connection with

22  New York.

23          The other one is that Elizabeth Thomas says

24  that her son, Robert Thomas, filed Chapter 13 bankruptcy

25  in New York either Friday or Saturday.  I'm not sure

1  which day it is; but if you look at that filing, it is

2  just a bare bones petition.  And then you compare the

3  Social Security numbers that are reflected on his

4  petition with other cases that are filed and the last

5  four digits, which are the only numbers that are

6  available to the public, are the same four digits in

7  Mr. Thomas's Chapter 13 bankruptcy, and the other one --

8  and for James Allen's bankruptcy who filed way back

9  when.

10       So Judge Perez I think was clear that he

11  remanded the whole proceeding back to this court for

12  review, and we set this hearing based on stuff that has

13  been going on in the Texas Supreme Court.  As the court

14  is aware the Texas Supreme Court issued an order in

15  September remanding the case here to figure out who the

16  proper parties are and who represents which parties, and

17  I for the life of me cannot understand why the Texas

18  Supreme Court did that.  A simple review of the docket

19  sheet would indicate that my client, P.C.F. Properties

20  in TX, LLC, is the proper party; and we have represented

21  that proper party since I think June of 2020, when we

22  were served with the lawsuit.

23       And then lo and behold back in October or

24  early in November of last year, somebody in line with

25  Ms. Thomas decided to incorporate a company in Colorado

1  under the name of PCF Properties or -- yeah, PCF

2  Properties in Texas, LLC; and somehow that company that

3  just came into existence in October or November of last

4  year magically is the proper party to this litigation.

5          And I've got some raving lunatic lawyer on

6  the other side making an appearance in the court, in

7  bankruptcy court, in federal district court, in Delaware

8  bankruptcy court, Delaware district court, the Third

9  Court of Appeals, New York, all the courts in Texas,

10 saying that she represents my client and that she has

11 made a deal that vacates this court's March 19th

12 judgment and puts everything back to where it was before

13 Chase foreclosed on the property in March of 2020; and

14 then Ms. Thomas is back in title to the property.

15          I have tried to talk to Mr. Andersen.  I

16 have tried to talk to Ms. Spires.  I have refused to

17 talk to Elizabeth Thomas because I'm just not going to

18 deal with the abuse that she metes out either in writing

19 and filed with courts or in e-mail responses.  If I want

20 abuse, I'll talk to my 20-year-old son on a regular

21 basis; but I'm just not going to talk to her because

22 it's -- nothing will get resolved.

23          But Mr. Andersen ignores me.  Ms. Spires

24 has ignored me.  Mr. Halaris has filed a grievance with

25 the State Bar against Ms. Spires, and they deemed it at

1    least meritorious enough to conduct an evidentiary

2    hearing.  That's going to take place in early December

3    of this year.

4              And I don't know what to do with this

5    anymore.  On a regular basis -- if I don't get 500

6    pounds of paper on a weekly basis from Ms. Thomas, then

7    I know she is cooking something else up.  Who knows what

8    she's going to do.

9              THE COURT:  This is my position.  I'm under

10   a mandate from the Supreme Court to figure out who is

11   the proper party, is it PCF Properties in Texas, LLC or

12   is it P.C.F. Properties, whatever the rest of it is.

13             MR. BURGER:  And I think I can clear that

14   up very quickly.

15             THE COURT:  Before you start I want to know

16   how is this -- is this set as a status conference?  So

17   that's all I'm going to have is a status conference.

18   Even though it appears to be in federal court, I think

19   that I can eventually find a finding of who the proper

20   party is; but then I would need notice and all that to

21   have gone out.  I need you to tell me what kind of

22   notice has gone out to Spires.

23             MR. BURGER:  When we got the order from the

24   Texas Supreme Court, I communicated with your case

25   manager and set the hearing for today.  I gave notice by

1    e-mail.  I filed it with the court.  I sent it to all

2    the parties.  I sent it to Mr. Andersen, Ms. Thomas, I

3    sent it to Mr. Allan, Mr. Haye, I sent it to Ms. Spires,

4    on all of the addresses that I had for parties that have

5    made appearance in this lawsuit.

6                    If the court looks at the electronic

7    filing, the court will see that all those electronic

8    filings were sent out that day; and I attached a copy of

9    the Texas Supreme Court's order directing this court to

10   determine who the proper party is and who represents

11   which party.  Nothing has been filed by anybody, other

12   than a slew of nonsense by Ms. Thomas because I think

13   that, in my personal opinion, she's terrified of coming

14   into this court because this is the only court that has

15   cut her head off and told her to stop doing this stuff.

16                   I tried to get the federal court's

17   attention, and they have not enforced their numerous

18   bars to remand or removal.  The most recent case we had

19   in Judge Perez's court that was attached to

20   Mr. Andersen's order, I asked for sanctions against

21   Ms. Thomas and Ms. Andersen -- and Mr. Andersen for

22   violating the numerous court orders because not only was

23   it issued by the federal district's court judges in

24   June, it directly told both of them to stop filing

25   notices of removal because they need to get permission

1  from the chief justice or chief judge of the Southern

2  District of Texas, which they do not and they routinely

3  defy all of those orders.

4           But with respect to notice, I gave them as

5  much notice as I could.  All of the other addresses that

6  I have for Ms. Spires, Ms. Thomas -- Ms. Thomas says she

7  lives in New York, but she's always in Houston.  She has

8  got a Washington, D.C. P.O. box.  I sent it to that.  It

9  gets sent back to me saying it's the one that she has in

10  New York.  So I send things to her by e-mail, and I know

11  that she gets them because it doesn't bounce back to me.

12           THE COURT:  As far as this status

13  conference is concerned my only real interest is the

14  notice to Spires because Spires is the party that's

15  claiming to be the proper party in the appeal; and

16  before the Supreme Court hears it, they want to know who

17  is who.  You say you gave Spires notice?

18           MR. BURGER:  I did.  I gave it to the

19  notice that is reflected on --

20           (Discussion off the record)

21           THE COURT:  What we're going to do is I'm

22  going to let you on the record make your case for why

23  your client is the proper party and then we're going to

24  adjourn.

25           MR. BURGER:  Thank you, Your Honor.  My

1   client was initially sued as PCF Properties in Texas

2   comma LLC; and that was filed by James Allen and I think

3   Allan Haye, when the petition was initially filed.

4           My client was served at its registered

5   address.  My client made an appearance in the lawsuit.

6   We're talking about one particular parcel of real

7   property, which is the property on Terra Valley Lane

8   that was Ms. Thomas's former homestead.  She lost that

9   at a foreclosure sale in March of 2020.

10          Although my client was misnamed in the

11  original petition filed in June of this year, my client

12  has participated in the litigation.  My client has

13  always been the owner of the property since March of

14  2020; and if I may approach, I have a copy of the

15  substitute trustee's deed that establishes that my

16  client is the owner of the property.

17          I brought a million stacks of things

18  showing who my client is and what my client is, and I

19  didn't really want to clutter up the court's records.

20  But may I approach?

21          THE COURT:  Yes, you may.

22          MR. BURGER:  Your Honor, this is the

23  original or the certified copy of the original

24  substitute trustee's deed that establishes that my

25  client is P.C.F. Properties in TX, LLC; and it couldn't

1   have gotten any smaller.

2                THE COURT:  Okay.  Do you want to admit

3   this as an exhibit?

4                MR. BURGER:  Yes, Your Honor, and I have a

5   copy.  It is not a certified copy, but that would be

6   P.C.F. Properties in TX --

7                THE COURT:  Is it certified?

8                MR. BURGER:  That's a copy of the certified

9   copy, yes, a true and correct copy.

10               THE COURT:  What do you want to call it,

11  Exhibit 1?

12               MR. BURGER:  Yes, please.

13               THE COURT:  So I'm going to refer to it as

14  Respondent because that's who I'm trying figure out who

15  the proper party is for purposes of the appeal.  So

16  Respondent Exhibit 1 is admitted.

17               MR. BURGER:  If I may approach again, this

18  is not a certified copy but I ask the court to take

19  judicial notice of the contents of its file; and this

20  would be Exhibit -- Respondent's Exhibit No. 2.  That's

21  a copy of the initial petition that was filed; and if

22  the court looks at the name of my client, it is PCF

23  Properties in TX, LLC without the periods between the

24  P.C.F. Properties.  But it's the same registered office,

25  same registered agent, and it is dealing with the

 1    property at Terra Valley Lane.

 2                    THE COURT:  All right.  Respondent

 3    Exhibit 2 is admitted.

 4                    MR. BURGER:  And then I have Respondent's

 5    Exhibit No. 3.

 6                    THE COURT:  What is it?

 7                    MR. BURGER:  It is not a certified copy,

 8    but it's a true and correct copy of what was filed on

 9    August 12th, 2020.  It's our original third-party

10    petition against Elizabeth Thomas, James Andersen, and

11    JP Morgan Chase; and that's in this case.

12                    THE COURT:  Respondent's Exhibit 3 is

13    admitted.

14                    MR. BURGER:  As the court can see, my law

15    firm has been representing the respondent since the case

16    was -- they were served and made an appearance in this

17    lawsuit.  The attorneys have changed because two of the

18    attorneys that were initially working on the case have

19    since left and gone on to other areas of practice; but

20    my law firm, Barry & Sewart, has been the lead counsel

21    for the respondent in all of these cases.

22                    THE COURT:  Anything else?

23                    MR. BURGER:  I do have a -- this would be

24    Respondent Exhibit No. 4.  This was also filed on

25    August 14th.  It's Defendant P.C.F. Properties in TX,

1   LLC's response to the motion to dismiss pursuant to

2   90(a), and that has the correct name.  It has been our

3   contention all along that they just misnamed my client.

4   I don't know if it was out of sloppiness or

5   incompetence.

6            I don't think that Elizabeth Thomas was

7   smart enough to figure out that if she misnamed my

8   client that she would create all this other nonsense in

9   the course of this litigation; but she has been

10  asserting since at least April of last year that P.C.F.

11  Properties in TX is not correct party because she

12  nonsuited them.  Curiously enough, she continues to file

13  things against my client.

14           And over the course of the last four years

15  I went through all of the relevant cases that she's

16  filed against my client and I pulled out lists of all of

17  the names that she has used to name my client; and I

18  think, sadly, I presented that to the court of appeals

19  during the -- so then to show what they've done.

20           I do also have copies of our certificate of

21  formation and articles of organization of P.C.F.

22  Properties in TX, LLC; and this would be Respondent's

23  Exhibit No. 5, I believe.

24                THE COURT:  Yes.

25                MR. BURGER:  And then as Respondent's No.

1    Exhibit 6 this is a certificate of document filed out of

2    the State of Colorado showing that PCF Properties in

3    Texas, LLC was formed on -- it was formed on

4    November 3rd of last year pursuant to relevant Colorado

5    law.  And I pulled these off of the Colorado website on

6    Friday.  So they're not certified copies, but they're

7    true and correct copies of what the State of Colorado

8    has reflecting the formation of that company.

9            THE COURT:  So Respondent's Exhibit 6 is

10   admitted.  Anything further?

11           MR. BURGER:  No, Your Honor.  I think it

12   would just clarify everything that my client and I have

13   the legal relationship and there is no relationship

14   between that entity in Exhibit No. 6, I believe, and

15   Ms. Spires or my client.

16           THE COURT:  Okay.  All right.  Thank you.

17   If there is nothing further, y'all are excused.  Have a

18   great day.

19           (Proceedings adjourned)

20

21

22

23

24

25

1  THE STATE OF TEXAS
   COUNTY OF HARRIS
2

3              I, Kimberly Kidd, Deputy Court Reporter

4  in and for the 80th District Court of Harris County,

5  State of Texas, do hereby certify that the above and

6  foregoing contains a true and correct transcription of

7  all portions of evidence and other proceedings requested

8  in writing by counsel for the parties to be included in

9  this volume of the Reporter's Record, in the

10 above-styled and numbered cause, all of which occurred

11 in open court or in chambers and were reported by me.

12             I further certify that this Reporter's

13 Record of the proceedings truly and correctly reflects

14 the exhibits, if any, admitted, tendered in an offer of

15 proof or offered into evidence.

16             WITNESS my hand this the 14th day of

17 March, 2025.

18
                   /s/Kimberly Kidd_____
19                 Kimberly Kidd, Texas CSR No. 2437
                   Expiration Date:  8/31/26
20                 Deputy Court Reporter
                   1104 Londonderry Avenue
21                 Friendswood, Texas  77546
                   kkidd295th@live.com
22

23

24

25

1

CAUSE NUMBER ___2020-35780___

| | | |
|---|---|---|
| **ELIZABETH THOMAS** | * | IN THE ___80TH___ DISTRICT |
| | * | |
| vs. | * | COURT OF |
| | * | |
| **PCF PROPERTIES IN TX LLC** | * | HARRIS COUNTY, TEXAS |

I, ___KIMBERLY KIDD___, COURT REPORTER of the ___80TH___ Civil District
Court, do hereby tender for filing to Marilyn Burgess, District Clerk, Harris County, Texas, the following exhibits
which were admitted into evidence or tendered on bill of exception during the course of a hearing, proceeding, or trial
in the above numbered and styled cause:

| *Plaintiff's Exhibits:* | *Defendant's Exhibits:* |
|---|---|
| | Respondent's 1 - Substitute Trustee's Deed |
| | Respondent's 2 - Plaintiff's Original Petition |
| | Respondent's 3 - Original Third Party Petition |
| | Respondent's 4 - Defendant's Response |
| | Respondent's 5 - Articles of Organization |
| | Respondent's 6 - Articles of Organization |
| | |
| | |
| | **RECEIVED** |
| | **District Clerk** |
| | **NOV 1 9 2024** |
| | By_____ |
| | **Deputy** |

(If needed, use additional listing.)

I, MARILYN BURGESS, District Clerk, Harris County, Texas, do hereby acknowledge receipt of the listed
exhibits in the above numbered and styled cause.

Dated this ___19___ day of ___November___, ___2024___.

MARILYN BURGESS, DISTRICT CLERK
Harris County, Texas

By: ___Dominique Valles___
Deputy

Type of Proceedings: ___Oral Hearing___   Date(s): ___10-14-24___

RP-2020-116398
03/13/2020 ER  $20.00

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU
MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM
ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE
IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY
NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

## SUBSTITUTE TRUSTEE'S DEED

**Deed of Trust Date:**
10/19/2007
**Original Grantor(s)/Mortgagor(s):**
ELIZABETH THOMAS, AN UNMARRIED PERSON
**Original Beneficiary/Mortgagee:**
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ("MERS") SOLELY AS A
NOMINEE FOR FLAGSTONE LENDING GROUP,
ITS SUCCESSORS AND ASSIGNS
**Current Beneficiary/Mortgagee:**
JPMorgan Chase Bank, National Association
**Property County:**
HARRIS

**Foreclosure Sale Date:**
3/3/2020
**Foreclosure Sale Time:**
**Sale Amount:**
$218,000.00

**Grantee/Buyer:**
P.C.P. PROPERTIES IN TX, LLC
**Grantee/Buyer Address:**
6045 FM 2920 RD STE 160
SPRING, TX 77379

**Recorded in:**
Volume: 051-26
Page: 2293
Instrument No: 20070643669

**Legal Description of Property:** LOT TWENTY-FIVE (25), IN BLOCK TWO (2), OF MIRAMAR LAKE SECTION
THREE (3), A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF
RECORDED UNDER FILM CODE NO. 553018 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Grantor conveyed the Property to Trustee in trust to secure payment of the Note. Beneficiary declared that Grantor defaulted in
performing the obligations of the Deed of Trust. Current Beneficiary of the Note, accordingly, has appointed Substitute Trustee,
as authorized under the Deed of Trust, and has requested Substitute Trustee to enforce the trust.

Notices stating the time, place, and terms of sale of the property were mailed, posted and filed, as required by law. Substitute
Trustee sold the property to Buyer, who was the highest bidder at the public auction, for the amount of sale in the manner
prescribed by law. The subject sale was conducted no earlier than 10am as set forth in the Notice of Substitute Trustee's Sale and
was conducted within three (3) hours thereafter. All matters, duties and obligations of Beneficiary were law fully performed as
evidenced by the affidavit(s) attached hereto and made a part hereof for all purposes.

Substitute Trustee, by the authority conferred by Current Beneficiary and by the Deed of Trust, subject to prior liens and other
exceptions in the Deed of Trust, if any, and for the amount of sale paid by buyer as consideration, grants, sells and conveys to
Buyer, buyer's heirs, executors, administrators, successors or assigns forever, the property together with all rights and
appurtenances belonging to Grantor. Substitute Trustee binds Grantor and Grantor's heirs, executors, administrators, successors
or assigns, to Buyer's heirs, executors, administrators, successors or assigns against every person lawfully claiming to warrant
and defend all right, title and interest in the property or any part thereof.

WITNESS MY HAND, this ____ day of _____ 2020

Anna Sewart or David Barry or Byron Sewart or Katie
Wolfenbarger or Thurce VanderKiover or Patricia Poston
Substitute Trustee

STATE OF TEXAS
COUNTY OF Harris

Before me, the undersigned Notary Public, on this day personally appeared Anna Sewart or David Barry or Byron Sewart or
Katie Wolfenbarger or Thurce VanderKiover or Patricia Poston as Substitute Trustee, known to me or proved to me through a valid State
driver's license or other official identification described as _____ to be the person whose name is
subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration
therein expressed.

Given under my hand and seal of office this ____ day of March, 2020

Notary Public Signature

RAMELIA NAMAZI
Notary Public, State of Texas
Comm. Expires 02-20-2024
Notary ID 132588713

After recording return to:
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075

MH FILE NO.: TX-16-38XM-FC


Respondent's
1
20-35780

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and
unenforceable under the Federal Law. Confidential Information may have been redacted from the document in compliance with the
Public Information Act.

A Certified Copy
Attest: 11/20/2020

Teneshia Hudspeth, County Clerk
Harris County, Texas

CON:581243|RP-2020-116398

RP-2020-116398

## AFFIDAVIT

STATE OF       TEXAS          §
COUNTY OF     COLLIN         §

BEFORE ME, the undersigned authority on this day personally appeared Cindy Mendoza, who after being duly sworn, deposed as follows:

"1.       I am a duly authorized agent of McCarthy & Holthus, LLP, attorney for JPMorgan Chase Bank, National Association (mortgage servicer and duly authorized agent of the Current Beneficiary and Mortgagee as referenced in the foregoing Substitute Trustee's Deed) at the time of the events hereinafter set forth and make this affidavit to the best of my knowledge and belief for the purpose of declaring the incidents of statutory and contractual compliance of the entity or entities set out below.

2.       This affidavit is made with respect to the foreclosure of that certain Deed of Trust dated 10/19/2007, recorded in   Volume: 051-26 Page: 2293 Instrument No: 20070645669                of the Real Property Records, HARRIS County, Texas, executed by ELIZABETH THOMAS, AN UNMARRIED PERSON, borrower(s), to TWILA L. GROOMS, Trustee, to secure payment of a Note to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS A NOMINEE FOR FLAGSTONE LENDING GROUP, ITS SUCCESSORS AND ASSIGNS.

3.       To the best of my knowledge and belief, proper notice was sent prior to acceleration of indebtedness. All obligations duties of the holder of the debt were performed in the manner required by law and all notices were served on the Debtor at the Debtor's last known address as shown by the records of the holder of the debt.

4.       To the best of my knowledge and belief, the mortgagors holding an interest in the above described property 1) were not members of the Armed Forces of the United States of America or were not protected by the Servicemembers' Civil Relief Act or Tex. Prop. Code § 51.015 on the date of the Trustee's Sale, and 2) were alive at the time of the foreclosure sale or, if deceased, the subject Trustee's Sale is not void or voidable pursuant to Tex. Estates Code § 256.003.

5.       At the instruction and on behalf of the note holder or its agent, notice of acceleration of indebtedness and Notice of Trustee's Sale was served on every Debtor obligated on the debt, in strict compliance with the Texas Property Code, by certified mail at least twenty-one (21) days prior to the date therein specified for sale at the last known address of each such Debtor according to the records of the mortgage servicer..

6.       At the instructions and on behalf of the holder of the debt or its agent, Notice of Trustee's Sale was filed with the County Clerk in the county or counties in which the subject property is situated and copies thereof posted at said courthouse(s) as required by law and in the manner specified by ordinance or custom."

FURTHER AFFIANT SAYETH NAUGHT.

Executed on:   3 / 1 2 / 2 0                                    _____
                                                               AFFIANT – Cindy Mendoza, Authorized Agent of McCarthy
                                                               & Holthus, LLP

STATE OF       TEXAS          §
COUNTY OF     COLLIN         §

Sworn to and subscribed before me, the undersigned Notary Public, on this day personally appeared ___Cindy Mendoza___, who is a duly authorized agent of McCarthy & Holthus, LLP, on behalf of said law firm, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office dated this __12__ day of __March__, 2020

_____
Notary Public Signature

ANGELA K WOOLSTON
Notary Public, State of Texas
Comm. Expires 07-10-2020
Notary ID 1210113-8

After recording return to:
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075

MH FILE NO.: TX-16-28836-PC

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/20/2020

_Teeshia Hudspeth_
Teneshia Hudspeth, County Clerk
Harris County, Texas

 CON:581243JRP-2020-116398



RP-2020-116398
# Pages 3
03/13/2020 11:49 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
DIANE TRAUTMAN
COUNTY CLERK
Fees $20.00

RP-2020-116398

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

Any provision herein which restrict the sale, rental or use of the described Real Property because of color or race is invalid and unenforceable under the Federal Law. Confidential information may have been redacted from the document in compliance with the Public Information Act.

A Certified Copy
Attest: 11/20/2020

Teneshia Hudspeth, County Clerk
Harris County, Texas

 CON:581243|RP-2020-116398



6/15/2020 4:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 43756458
By: Wanda Chambers
Filed: 6/15/2020 4:44 PM

## 2020-35780 / Court: 080

No. _____

| | | |
|---|---|---|
| JAMES ALLEN | § | **IN THE DISTRICT COURT OF** |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| | § | |
| PCF PROPERTIES IN TX, LLC | § | |
| Defendants | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

JAMES ALLEN (the "Plaintiff"), petition the court pursuant to the Declaration Judgment

Act, Chapter 37 of the Civil Practice and Remedies Code for a declaration to remove a claim

held by PCF PROPERTIES IN TX, LLC., in order to quiet title to the property in which the

Plaintiff has an interest and for cause of action shows:

### I. DISCOVERY CONTROL PLAN

1.     Discovery shall be conducted under Level 2, pursuant to Rule 190.3 of the Texas

Rules of Civil Procedure.

### II.   PARTIES

2.     Plaintiff JAMES ALLEN, is presently residing at 8202 Terra Valley Lane,

Tomball, Texas 77375.

3.     Defendant PCF Properties in Tx, LLC., is a Domestic Limited Liability Company

service of citation can be made by serving its registered agent Corporation Service Company

d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX

78701-3218.



Respondent's
2
20-35780

1

## III. <u>VENUE AND JURISDICTION</u>

4.   This Court has jurisdiction over this matter, as the amount of the dispute is within the jurisdictional limits of this Court.   Pursuant to section 15.002(a)(1) of the Texas Civil Practices and Remedies Code, venue is property in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas and the property is located in Harris County, Texas.

## IV. <u>FACTS</u>

5.   **Plaintiff's Interest in Property**.   The plaintiff is owner of a certain tract of land located in Harris County, Texas as shown in a Trustee Deed recorded on March 3, 2020, under Clerk File No. RP-2020-97072, in the official Public records of Harris County, Texas and more particularly described as **LOT TWENTY FIVE (25) BLOCK TWO (20) MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 553018 OF THE MAP RECORDS IN HARRIS COUNTY, TEXAS.**

6.   **Defendant's claim as cloud on title.**   On March 13, 2020, Defendant caused to be recorded on March 13, 2020, a certain Trustee deed under Clerk File No. RP-2020-116398, purporting  to have an claim of interest in the property more particularly described as **LOT TWENTY FIVE (25) BLOCK TWO (20) MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 553018 OF THE MAP RECORDS IN HARRIS COUNTY, TEXAS.**

7.   **Invalidity of Defendants Claim**:   The March 13, 2020, Trustee deed under which the defendant claims asserts an interest interferes with Plaintiff title, although appearing valid on its face, is in fact invalid and of no force or effect as it while recorded after Plaintiff March 3, 2020 Trustee Deed in contrast to Texas law which provides first in line first in time.

2

8.    **Attorney fees**.   Plaintiff intends to seek an attorney an award of attorney fee to the plaintiff would be equitable and just and authorized by Section 37.009 of the Civil Practice and Remedies code.

9.    **Request for Relief**: Plaintiff request that Defendant be cited according to law and answer and that plaintiff have judgment as follows:

**(a)** Declaring that the Deed is invalid and ordering it removed from the title to the property made the subject to this litigation and   quieting title in the Plaintiff.

**(b)** Awarding the Plaintiff judgment against the Defendant for attorney fees and cost of suit, together with such other and further relief to which plaintiff maybe justly entitled.

Respectfully submitted

By /s/ *James Allen*
James Allen, Pro Se
8202 Terra Valley Lane
Tomball Tx 77375
281-216-8623
Jamesthegreat74@gmail.com

3

8/12/2020 5:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45336350
By: Lisa Thomas
Filed: 8/12/2020 5:29 PM

Cause: 2020-35780

| | |
|---|---|
| JAMES ALLEN and<br>ALLAN HAYE<br>　　*Plaintiff/Counter Defendant*<br><br>vs.<br><br>PCF PROPERTIES IN TEXAS, LLC<br>　　*Defendant/3rd Party Plaintiff*<br><br>vs.<br><br>ELIZABETH THOMAS,<br>JAMES M. ANDERSEN, and<br>JPMORGAN CHASE BANK, NA<br><br>　　*3rd Party Defendants* | IN THE DISTRICT COURT<br><br><br><br><br>80TH JUDICIAL DISTRICT<br><br><br><br>OF HARRIS COUNTY, TEXAS |

ORIGINAL THIRD PARTY PETITTION

Comes now PCF Properties in TX, LLC and files this third-party petition against

Elizabeth Thomas, James M. Andersen and JPMorgan Chase Bank, N.A. and would show unto

the court as follows:

DISCOVERY CONTROL PLAN

Third Party Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of

Civil Procedure 190.

PARTIES:

Third Party plaintiff, PCF Properties in TX, LLC, is a corporation registered in the State

of Texas

JPMorgan Chase Bank, NA is a National Banking entity that routinely conducts business

in Texas and Harris County, Texas. It may be served by its registered agent CT. Corporation

System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

*Respondent's*
*3*
*20-35780*

James M. Andersen, third party defendant, is an individual residing in Texas who may be served at 17041 El Camino Real #204, Houston, TX 77058.

Elizabeth Thomas is an individual who claims to reside in Washington, D.C. and who may be served with citation at 712 H Street NE #1297, Washington DC 20002

### FACTS:

On or about October 19, 2007, Elizabeth Thomas purchased the property known as 8202 Terra Valley Lane, Tomball, Texas ("Subject Property").

To purchase the Subject Property, Elizabeth Thomas borrowed money from Flagstone Lending Group in the amount of $239,400.00. Elizabeth Thomas pledge the Subject Property to secure the loan, thereby placing a lien against the Subject Property in favor of Flagstone Lending Group. JPMorgan Chase Bank, N.A. (hereinafter "Chase") was assigned the Deed of Trust.

Under the terms of the Security Instrument, the lender, had the right to appoint a substitute trustee to conduct a foreclosure if requested by the lender. The only authority granted to the trustee is the power to foreclose, the grant of any additional powers is prohibited under state law. Tex. Prop. Code Sec. 51.0074

On December 22, 2016, in an apparent effort to frustrate the rights of Chase[1], Elizabeth Thomas, without authority, executed an appointment of trustee naming her personal attorney

---

[1] It is apparent from the litigation history of Elizabeth Thomas, Allan Haye, James Allen (elizabeth Thomas' brother), Robert L. Thomas (Elizabeth Thomas' son) that Elizabeth Thomas' goal was to remove the lien from the Property without having to pay back the loan. For about a decade, Elizabeth Thomas, and those working in concert with her, have filed lawsuits after lawsuit to obtain a free house. The undersigned counsel has reviewed at least 20 cases filed in state, federal and bankruptcy courts and has reviewed hundreds of documents related to those filings, and filings in the real property records. Below is a partial list of cases in which one or more of the aforementioned parties filed suit trying to declare the lien invalid or otherwise avoid the effects of the deed of trust:

- Case No. 10-cv-4320 in the Southern District of Texas, filed October 21, 2010 against Mortgage Electronic Registration System, Inc.
- Adversary No. 11-03088 in the Southern District of Texas, filed February 24, 2010 against Chase Home Finance.
- Adversary No. 11-03090 in the Southern District of Texas, filed February 25, 2011.
- Case No. 11-cv-3656 in the Eastern District of New York against JP Morgan Chase, N.A.

James Andersen as a successor trustee replacing the original trustee. Elizabeth Thomas had no authority to appoint James Andersen as the Trustee. That appointment was recorded in the real property records of Harris County, Texas under instrument RP-2016-575441. See Exhibit 1.

On December 23, 2016, James Andersen, as the false trustee and without legal authority, executed a deed claiming to transfer the Subject Property to Elizabeth Thomas. The deed was recorded in the real property records of Harris County, Texas under Instrument RP-2016-577139. See Exhibit 2.

On December 28, 2016, James Andersen, as the purported trustee, executed a deed claiming to transfer the Subject Property to Elizabeth Thomas. The deed was recorded in the real property records of Harris County, Texas under Instrument RP-2016-581803. See Exhibit 3.

---

- Cause No. 2011-21651 in the 189th District Court of Harris County, Texas in 2011 against mortgage lenders Cause
- Cause No. 2013-46276 in the 333rd Judicial District Court of Harris County, Texas, against the law firm that instituted foreclosure proceedings on her home.
- Cause No. 2014-54729 filed in the 61st District Court of Harris County, Texas against Meritage (who was named but never served) and mortgage companies.
- Adversary No. 14-08267 in the Southern District of New York against JP Morgan Chase.
- Cause No. 2016-87941 filed in the 333rd District Court of Harris County, Texas against Meritage (who was named but never served), mortgage companies, a title company, and her homeowner's association.
- Cause No. 2016-87286 in the 133rd District Court of Harris County, Texas, *In re Elizabeth Thomas*, in which she sought an ex parte declaration that the deed of trust for her home is fraudulent.
- Cause No. 2017-76078 in the 127th District Court of Harris County, Texas in 2017 which includes as defendants Meritage, a title company, and mortgage companies
- Cause No. 2017-82388 in the 127th District Court of Harris County, Texas in 2017, which involved Meritage and several individuals who used to work for Meritage;
- Cause No. 2018-21597 in the 61st District Court of Harris County, Texas in 2018, in which Debtor temporarily intervened and then dismissed her claims without prejudice.
- Cause No. 2018-21597 in the 133rd District Court of Harris County, Texas, in 2018 (currently pending), in which Elizabeth Thomas' son sued Elizabeth Thomas and the law firm that attempted foreclosure proceedings. Elizabeth Thomas was named as a defendant so that the parties can try to get a judgment that there was some fraud in connection with the original mortgage for her home.
- Case No. 4:18-mc-02260 filed August 15, 2018 by the Debtor in the United States District Court for the Southern District of Texas against several persons who used to work for Meritage (the Debtor has not yet paid the filing fee, so the case is stagnant).
- Bankruptcy Case 18-23676 filed in Southern District of New York styled *In Re Thomas*;
- Bankruptcy Case 10-40785 filed in the Southern District of Texas styled *In re Thomas;*
- *Case 10-cv-4320* filed in teh Southern District of Texas against Mortg. Elec. Registration Sys.

On February 23, 2018, James M. Andersen executed a "Trustee's Notice of Satisfaction of Deed of Trust claiming" to release the lien from the Subject Property. That document was recorded in the real property records of Harris County, Texas under Instrument RP-2018-76715. Exhibit 4.

On October 2, 2019, James M. Andersen executed a document titled "Removal of all Trustees and all Substitute Trustees as Deed of Trust has been recorded as released". Said document was recorded in the Real Property Records of Harris County, Texas under Instrument RP-2019-445218. See Exhibit 5.

CAUSES OF ACTION

*Count 1: declaratory action against Elizabeth Thomas and James Andersen*

PCF brings this claim pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37 against Elizabeth Thomas and James Andersen. PCF asks this Court to declare the rights, status, or other legal relations between Plaintiff and Defendants. Specifically, PCF seeks a declaratory judgment and asks the Court to construe the Deed of Trust executed by Elizabeth Thomas and declare that the appointment of successor trustee as a nullity and void ab initio due to Elizabeth Thomas' lack of authority to appoint a trustee under the deed of trust. PCF has an interest in the determination by this Court because PCF claims title through the foreclosure of that Deed of Trust.

*Count 2: Declaratory Judgment Action against Elizabeth Thomas and James Andersen*

PCF brings this claim pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 37 against Elizabeth Thomas and James Andersen. PCF asks this Court to declare the rights, status, or other legal relations between Plaintiff and Defendants. PCF seeks a declaratory judgment and asks the Court to construe the Deed of Trust and declare that

the deeds from James Andersen, as the purported trustee, to Elizabeth Thomas as a nullity and

void ab initio due to James Andersen's lack of legal authority under the Deed of Trust and the

Texas Property Code to deed the property outside the Foreclosure. PCF seeks a determination

that the acts of James Andersen were ultra vires and of no effect.

*Count 3: Declaratory Judgment Action against Elizabeth Thomas and James Andersen*

PCF brings this third declaratory action claim against Elizabeth Thomas and James M.

Andersen to declare the deeds to Elizabeth Thomas and "Trustee's Notice of Satisfaction of

Deed of Trust" and "Removal of all Trustees and all Substitute Trustees as Deed of Trust has

been recorded as released" to be void ab initio due to the lack of authority by Elizabeth Thomas

to appoint a trustee and the lack of authority by James M. Andersen under the Deed of Trust or

the Texas Property Code to release the lien against the Subject Property. PCF seeks to have all

documents recorded in the Harris County Real Property Records by James Andersen, concerning

the subject property to be void ab initio due to lack of authority.

*Count 4: Breach of Contract against JPMorgan Chase Bank, NA*

PCF brings this breach of contract claim against JPMorgan Chase Bank. On March 3,

2020, JPMorgan Chase Bank, by and through the foreclosure trustee, foreclosed the lien by

offering the Subject Property for sale. PCF made an offer on the property being the highest

bidder at the foreclosure sale. PCF tendered the sum of $218,000.00 as the purchase price. If this

Court find Chase did not have a valid lien against the property, then Chase could not foreclose

the subject property and Chase breached the contract to sell the Subject Property to PCF.

If the court finds that the Chase's lien was extinguished by the actions of Andersen and

Elizabeth Thomas, PCF seeks return of the money spent to purchase the property since Chase

had no interest in the property to foreclose.

*Count 4: Fraud Claim against JPMorgan Chase*

PCF brings a claim for fraud against JPMorgan Chase Bank. A common-law fraud claim requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015)(interenal citation omitted). Chase knew, or should have known, that the lien was released by James Andersen and Elizabeth Thomas since Elizabeth Thomas and Chase have been locked in legal battle for years. Chase posted the Subject Property and claimed it had a valid lien against the Subject Property. Chase intended people to act upon the notice of foreclosure as evidenced by Chase auctioning the Subject Property and taking bids for the Subject Property. PCF relied upon the representation that Chase had a valid lien against the subject property and made an offer, which was accepted by Chase. Chase, through the trustee, deeded the Subject Property to PCF.

If this Court finds the lien was invalid, Chase committed fraud by knowing the lien was void, or it should have known based upon the years of litigation. PCF relied on the statement that Chase held a valid lien and was injured by tendering funds to Chase but receiving nothing in return.

PRAYER

Wherefore, premises considered, PCF prays this Court issue citation to the Defendants and upon trial on the merits, grant PCF all relief to which it is justly entitled including:

1) An Order declaring the appointment of James Andersen a nullity and void ab initio;

2) An Order declaring the Deeds and other documents alleging releasing the Subject Property from Chase's lien as a nullity and void ab initio;

3) An Order declaring the lien held by Chase as a valid lien against the Subject Property;

4) An Order removing all documents filed by Elizabeth Thomas or James Andersen indicated in this petition from the Harris County Real Property Records;

5) In the alternative, if this Court finds in favor of Elizabeth Thomas, James Anderson, Allan Haye or James Allen, PFC requests the return of the fund it paid to Chase to purchase the subject property;

6) In the alternative, if this Court finds in favor of Elizabeth Thomas, James Anderson, Allan Haye or James Allen, PFC requests a finding that JPMorgan Chase Bank, NA committed fraud by posting the Subject Property for sale, and order Chase to pay for all of PCF's damages, including attorney fees, in an amount to be determined at trial.

7) All other relief to which PFC is justly entitled in law and/or in equity.

Respectfully Submitted

BARRY & SEWART, PLLC

/s/ Keith A. Wolfshohl
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Keith A. Wolfshohl, SBN: 24047135
Nicholas M. Frame, SBN: 24093448
Austin R. DuBois, SBN: 24065170
Kamelia Namazi, SBN: 24074793
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
efile@barryandsewart.com

Certificate of Service

I certify that a true and correct copy of the foregoing pleading was served upon the following

persons by electronic mail via the Texas Efile System on the 12th day of August 2020.

James Allen
8202 Terra Valley Lane
Tomball, Texas 77375.

Allan Haye
8202 Terra Valley Lane
Tomball, Texas 77375.

/s/ Keith A. Wolfshohl
Keith A. Wolfshohl

Unofficial Copy Office of Marilyn Burgess District Clerk

8/14/2020 11:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 45390205
By: Keeley Hodgins
Filed: 8/14/2020 11:49 AM

Cause 2020-35780

| | |
|---|---|
| JAMES ALLEN and ALLEN A. HAYE<br>*Plaintiffs* | IN THE DISTRICT COURT |
| Vs | 80TH DISTRICT COURT |
| P.C.F. PROPERTIES IN TX, LLC<br>*Defendant* | HARRIS COUNTY, TEXAS |

## DEFENDANT'S RESPONSE TO THE MOTION TO DISMISS PURSUANT RULE 91a

Comes now P.C.F. Properties in TX, LLC ("PCF") and files this response to Plaintiffs'

Motion to Dismiss pursuant to 91a and would show unto the Court as follows.

### I. OBJECTION TO MOTION

As a preliminary matter, Defendant was not served with the 91a Motion. Although

Plaintiffs certified Defendant was served with the Motion, the undersigned counsel had to learn

of the Motion from reviewing the Court's Online Docket. As of the Date of this Response,

Defendant still has not been served.

Second, the hearing is scheduled for August 24, 2020. On July 29, 2020, Plaintiffs filed

their Notice of Submission setting the date as August 24, 2020. However, like the Motion,

Defendant was not served with the Notice of Submission. Under Rule 91a.6, a party is entitled to

14-day notice before the hearing. Defendant was not provided with notice of the hearing 14 days

prior.

Even though Plaintiffs are pro se, they must still comply with the Rules of Civil

Procedure. *Johnson v. Harris County*, No. 01-18-00783-CV, 2020 Tex. App. LEXIS 1652, at *5

(Tex. App.—Houston [1st Dist.] Feb. 27, 2020)("Although we liberally construe pro se briefs,

we nonetheless require pro se litigants to comply with applicable laws and rules of procedure.")

Here, Plaintiffs have not complied with the rules and have not served the Defendant with the 91a

Respondent's
4
20-35780

Motion nor the Notice of Submission. The Court should strike the pleadings until Plaintiffs have

complied with the Rules of Civil Procedure.

## II. RESPONSE

Subject to and without waiving the foregoing Objections to the Motion to Dismiss

Pursuant to Rule 91a, Defendant responds as follows:

### DECLARATORY JUDGMENT

Plaintiffs argue that the declaratory judgment claim filed by PCF has no basis in law or

fact because of the doctrine of res judicata. Plaintiffs allege that the issues regarding the deed of

trust were resolved in prior lawsuit, and that PCF is now bound by those alleged court actions.

However, res judicata is inapplicable because a final judgment on the merits was never made and

PCF was never a party to the prior litigation.

Res judicata precludes relitigation of claims that have been finally adjudicated. *Barr v.*

*Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Res judicata requires proof of the

following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction;

(2) identity of parties or those in privity with them; and (3) a second action based on the same

claims as were raised or could have been raised in the first action. *See Texas Water Rights*

*Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979). None of those requirements

have been met in this case.

First, there is no final judgment on the merits by a court of competent jurisdiction. In the

lawsuit filed by **Robert L. Thomas (Elizabeth Thomas' son)** and **James Allen (Elizabeth**

**Thomas' brother and a Plaintiff herein)** against Elizabeth Thomas, the plaintiffs sued

Elizabeth Thomas because they claim she committed fraud when she transferred the property to

them with a lien against said property. **See Exhibit** 1 – a true and correct copy of the Fifth

Verified Amended Original (sic) Petition filed in case 2018-14171 styled *Robert L. Thomas and*

*James Allen vs. McCarthy & Holthus, LLP and JPMorgan Chase Bank and Elizabeth Thomas*, incorporated herein. Elizabeth Thomas filed a motion for summary judgment claiming the deed of trust was forged. **See Exhibit 2** – a true and correct copy of the Motion for Summary Judgment incorporated herein. The plaintiffs did not object to the motion for summary judgment and Judge McFarland signed a judgment against the plaintiffs that they take nothing by way of their cause of action against Elizabeth Thomas. **See Exhibit 3** – a true and correct copy of the Summary Judgment Order incorporated herein. That summary judgment only Ordered that the plaintiffs (Robert L. Thomas and James Allen) take nothing by way of their causes of action against Elizabeth Thomas and those claims were dismissed. That order never declared the deed of trust as fraudulent.

Additionally, the interlocutory summary judgment contains no findings of facts as alleged by the Plaintiffs. And in a summary judgment order, "[t]he trial court should not make… findings of fact in connection with a summary judgment." See *Ikb Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). The summary judgment only grants the Motion and dismissed the claims against Elizabeth Thomas but never made a final determination on the merits nor did it dispose of all claims or issues in the then-live pleadings (the judgment did not deal with the remaining defendants nor claims). Thus, because the summary judgment order did not dispose of all claims or parties, it is an interlocutory order. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)(A judgment is final if it disposes of all parties and claims in the record.) An interlocutory order cannot be used to maintain a defense of res judicata because it is not a final order. In that case, since the summary judgment was merely interlocutory, it does not invoke res judicata. See *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991)(A partial summary judgment that is interlocutory and non-appealable is not final and cannot support a plea of res judicata.). The case in which Elizabeth Thomas was granted the summary judgment is still pending with a

trial date schedules for mid-year 2021, thus the Order is interlocutory. **See Exhibit 4** – a true and correct copy of the Docket Control Order.

Second, Defendant was not a party to the lawsuit nor is Defendant in privity with either Elizabeth Thomas, James Allen or Robert Thomas. To be in privity with a party , there must be a showing that (1) a party can control an action of another party even if they are not parties to lawsuit; (2) a party's interests can be represented by a party to the action; or (3) the party is a successors in interest, deriving their claims through a party to the prior action. *Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). At the time that lawsuit was filed, and through the date of the summary judgment order against James Allen and Robert Thomas, PCF had no relationship with either the Plaintiffs nor the Defendants in that suit, therefore, Defendant cannot be said to be in control of the parties at that time (nor at any time thereafter) and Plaintiffs have not shown PCF was a party to the suit, nor have they shown PCF had congorl over any of the parties to that suit. Additionally, PCF had no interest in the property at that time, therefore its interest in the subject property could not be represented by any of the parties. Lastly, PCF does not claim an interest as successor to Elizabeth Thomas, James Allen or Robert Thomas. Therefore, PCF is not in privity with any of the parties of the Summary Judgment order.

Because PCF was not a party to the previous lawsuits nor is it in privity with any of the parties to that suit, res judicata does not bar the current claims filed by PCF in this suit. The prior summary judgment was only an interlocutory order since it did not dispose of all parties or issues; the order therefore does not act as an estoppel to the claims filed by PCF.

Plaintiffs also attempt to mislead this court by claiming the federal bankruptcy court determined that Allan A Haye purchased the subject property not "subject to" the lien. *See* Page 12 of the 91a motion. This statement is completely false, and the Court should sanction the Defendants for this attempted deceit upon the Court.

The Order that Plaintiffs allege determined there was not a lien on the subject property is from the United States Bankruptcy Court for the Southern District of Texas in Case 19-32662 styled *In Re Allan A. Haye*. The Order is a confirmation order only; it did not adjudicate any rights to the subject property and could not, by itself, determine interest in any property. Under the bankruptcy code, any attempt by a debtor to invalidate a lien or to determine the validity or priority of the lien must be determined in an adversary proceeding. Fed. R. Bankr. P. 7001[1]. Plaintiffs have not presented any order from the Bankruptcy court in an adversary proceeding that determined the validity of the lien; the confirmation order alone does not implicate res judicata as to the validity of the lien.

Plaintiffs falsely claim the confirmation order precludes the claims by PCF because of res judicata, but Plaintiffs overlook a critical prior order from the bankruptcy court that negate their arguments. Prior to the confirmation order, the Bankruptcy court issued an Order lifting the automatic stay of 11 U.S.C. Sec. 362. In that Order, the Bankruptcy Court specifically stated the loan made by Elizabeth Thomas was collateralized by the subject property:

> [T]he Court having determined that [Allan Hayes'] acquisition of the Collateral and filing of the bankruptcy petition **was part of a scheme**

---

[1] Federal Rules of Bankruptcy Procedure 7001:
An adversary proceeding is governed by the rules of this Part VII. **The following are adversary proceedings:**
(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;
(2) **a proceeding to determine the validity, priority, or extent of a lien or other interest in property,** but not a proceeding under Rule 3012 or Rule 4003(d);
(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;
(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8), 1 (a)(9), or 1328(f);
(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;
(6) a proceeding to determine the dischargeability of a debt;
(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;
(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;
(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or
(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

> **to delay, hinder, and defraud creditors** that has involved multiple bankruptcy filings by Ms. Thomas and others, including the Debtor, and **affecting the Collateral; and good and sufficient cause appearing, including the payment delinquency, the transfer of the Collateral to the Debtor in violation of the Loan agreement, and the failure of Ms. Thomas and the Debtor to perform their duties as debtors under the Bankruptcy Code** in good faith in multiple bankruptcy cases affecting the Collateral, it is
>
> ORDERED that, under 11 U.S.C. § 362(d)(1), the automatic stay arising in this bankruptcy case **as to the Debtor and the Collateral** is terminated immediately upon entry of this Order.

**See Exhibit 5** - a true and correct copy of the Order Pursuant to 11 U.S.C. Sec. 362(d)(1) and (4) Modifying the Automatic Stay Imposed by 11 U.S.C. Sec. 362(a) incorporated herein (emphasis added). The Bankruptcy Court specifically stated the subject property was collateral for the loan made by Elizabeth Thomas and it allowed the lender to pursue its remedies by lifting the automatic stay. The bankruptcy court further penalized Allen Haye, Elizabeth Thomas and anyone else that attempted to file bankruptcy to stop the foreclosure of the subject property by lifting the stay *in rem* (which keeps any future bankruptcy cases from acting as a stay to the foreclosure of the subject property).

## TRESPASS TO TRY TITLE

Plaintiffs ask the Court to dismiss the Trespass to Try Title claim filed by PFC because they claim they did not obtain title through Elizabeth Thomas. Plaintiffs fail to understand the nature of a trespass to try title claim. "[T]he Texas Property Code states that a trespass to try title action is the method of determining title to lands, tenements, or other real property." *Lance v. Robinson*, 543 S.W.3d 723, 735 (Tex. 2018) citing Tex. Prop. Code § 22.001(a) (emphasis removed). To prove title to the property, a party must "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove a title by limitations, or (4) prove title by prior possession coupled with proof that possession was not

abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). The common source in this case is Elizabeth Thomas.

On October 19, 2007, Elizabeth Thomas was deeded the subject property from Meritage Homes of Texas. **See Exhibit 6** - a true and correct copy of the Warranty Deed to Elizabeth Thomas. Concurrently, she executed a deed of trust placing a lien on the subject property. **See Exhibit 7** - a true and correct copy of the Security Instrument executed by Elizabeth. That subject property was foreclosed under that deed of trust, and PCF purchased the property at the foreclosure sale. **See Exhibit 8** – a true and correct copy of the Trustee's Deed.

On April 5, 2017, Elizabeth Thomas deeded the subject property to Robert L. Thomas. **See Exhibit 9** - a true and correct copy of the Special Warranty Deed to Robert L. Thomas incorporated herein. On April 29, 2019, Robert L. Thomas conveyed the subject property to Allan Haye. **See Exhibit 10** - a true and correct copy of the deed to Allan Haye incorporated herein. Allan Haye placed a lien on the property in favor of James Allen FKA Jeve Enterprises. **See Exhibit 11** – a true and correct copy of the Deed of Trust to Jeve Enterprises. That lein was foreclosed and James Allen claims title from the foreclosure of Jeve's lien. **See Exhibit 12** – a true and correct copy of the Trustee's Deed to James Allen. The last common source of title being Elizabeth Thomas.

Because both parties can trace a line of title instruments/deeds back to Elizabeth Thomas, the 91a Motion is frivolous as to this cause of action and the 91a Motion must fail. Plaintiff's argument that he is the third owner of the property is nonsensical. There is nothing requiring both parties to obtain title from the same individual, only that both parties can trace title back to the same individual – in this case Elizabeth Thomas.

QUIET TITLE

Plaintiffs also ask this court to dismiss the Quiet title Action because Plaintiffs allege PCF does not have standing to contest a voidable deed. *See* page 15 of the Motion. Generally, a third party does not have standing to bring suit to set aside voidable deed, *see Nobles v. Marcus*, 533 S.W.2d 923 (Tex. 1976), however, **a third party does have standing to challenge a void deed**. *See Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547 (Tex. 2016).

Here, Plaintiffs inartfully claim that the deeds and releases executed by **James Andersen** removed the lien against the property and that PCF does not have standing to avoid the deed. If the deed was merely fraudulent and avoidable, then Plaintiffs would be correct; but this deed is void ab initio because James Andersen never had authority to release the lien or otherwise deed the subject property as a Trustee – his appointment itself is void ab initio. This is because he was not appointed by the lender and thus, he never had authority to deed the property, release any liens, or otherwise forgive the debt incurred by Elizabeth Thomas.

Under the terms of the deed of trust, Elizabeth Thomas agreed to the appointment of a trustee, Twila L. Grooms, to conduct a foreclosure sale if requested by the Lender. The terms of the deed of trust gives only the lender the authority to remove and appoint the trustee. The Deed of Trust specifically states:

> **Lender**, at it its option and with, or without cause, **may from time to time,** by power of attorney or otherwise, **remove or substitute any trustee, add one or more trustees, or appoint successor trustee to any Trustee** without the necessity of any formality other than **the designation by Lender in writing**.

**See Exhibit 7** (emphasis added). The Deed of Trust does not give Elizabeth Thomas, nor any party other than the lender, the right to appoint a successor trustee. Therefore, when Elizabeth Thomas appointed her attorney as the Trustee, the appointment was a nullity since Elizabeth Thomas did not have the authority to appoint a successor trustee. See *Sullivan v. Hardin*, 102

S.W.2d 1110, 1113 (Tex. Civ. App.—Amarillo 1937)(Appointment of the trustee must be strictly followed. Since the appointment was done under a power of attorney and the deed of trust did not authorize the appointment of a trustee under a power of attorney, the appointment was a nullity and the sale is void.)

Additionally, the terms of the deed of trust in appointing a successor trustee must be strictly followed. The Texas Supreme Court has noted that the appointment of a trustee is not inherent in a *cestui que* trust, but rather "[i]t is only through the express authority of the instrument that the power can be exerted. It can be exercised only by those persons to whom it is expressly given[.]" *Michael v. Crawford*, 108 Tex. 352, 354, 193 S.W. 1070, 1071 (1917) (internal citations omitted). Therefore, the appointment by Elizabeth Thomas of James Andersen, as successor trustee, failed as a matter of law since she did not have the authority under the deed of trust to appoint anyone as a successor trustee, let alone her personal attorney.

Moreover, even if Elizabeth Thomas had the authority to appoint a trustee, the trustee did not have the power to release the lien. A trustee is limited to the power of foreclosure. Tex. Prop. Code Sec. 51.0074[2]. The powers the trustee does have must be strictly complied with. See *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983); *Slaughter v. Qualls*, 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942). Since a trustee under a deed of trust may only be granted the power to sell the property, and since the deed of trust did not authorize the trustee to deed the property or release the lien absent a foreclosure, the "trustee" acted outside the scope of his authority under the deed of trust and state law and thus the Deed/releases are void ab initio.

---

[2] Texas Property Code Sec. 51.0074. DUTIES OF TRUSTEE.
(a) One or more persons may be authorized to exercise the power of sale under a security instrument.
(b) **A trustee may not be:**
   (1) **assigned a duty under a security instrument other than to exercise the power of sale in accordance with the terms of the security instrument;** or
(2) held to the obligations of a fiduciary of the mortgagor or mortgagee.
(emphasis added)

Because those deeds and releases constitutes a cloud upon PCF's title, PCF has standing to bring a suit to quiet title.

MESNE PROFIT / INJUNCTIVE RELIEF

Plaintiffs claim that because PCF cannot maintain the causes of action for quiet title, declaratory judgment and trespass to try title, that PCF's claims for injunctive relief and mesne profits cannot be maintained. As shown above, all claims filed by PCF have a basis in law and in fact. Because the appointment was invalid to confer power unto James M Andersen and, because the prior orders do not invoke res judicata, the claims can proceed forward. If the Court finds PCF is the true owner of the subject property, it is entitled to recover for Plaintiffs' continued use of the property. Likewise, PCF has the right to seek injunctive relief as necessary to protect this Court's jurisdiction and to preserve the status quo pending a final resolution of this case.

ATTORNEY FEES

Plaintiffs are not entitled to attorney fees as they are have not engaged the services of a lawyer in this case. See *Jackson v. State Office of Administrative Hearings*, 351 S.W.3d 290, 300 (Tex. 2011) citing *Kay v. Ehrler*, 499 U.S. 432, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991). Because Plaintiffs are not attorneys, nor have they engaged the services of an attorney to prepare the 91a Motion, Plaintiffs are not entitled to an award of attorney fees. Additionally, Plaintiffs have not proffered any evidence of attorney fees as required under Tex. R. Civ. P. 91a.7.

III. REQUEST FOR ATTORNEY FEES

Under Rule 91a.7, the Court should award attorney's fees to the prevailing party with respect to each challenged cause of action. Rule 91a.7 requires the parties to proffer evidence with the Motion and this response respectively on attorney's fees.

PFC relies upon the attached and incorporated Declaration of Keith A. Wolfshohl as Exhibit 13. The Court should award the PFC the attorney's fees as set forth in the Wolfshohl Declaration.

## IV. CONCLUSION:

Each cause of action filed by PCF has a basis in law and in fact. Judge McFarland never found the lien to be invalid. Instead Judge McFarland only granted the summary judgment dismissing the claims of the plaintiffs against Elizabeth Thomas. Further, that order is interlocutory and res judicata cannot be maintained on an interlocutory order. Additionally, PCF was not party to that case nor is it in privity with any of the parties. Because not all elements of res judicata have been met, Defendants have not met their burden and the court should maintain the claim for declaratory judgment.

Both parties acquired property from a string of deeds/deeds of trust that originate from Elizabeth Thomas. Under a trespass to try claim, a party is required to show a common source of title. Since Elizabeth Thomas is the common source, Plaintiffs argument is nonsensical and the 91a should be denied and the court should maintain the claim for trespass to try title.

Likewise, the court should maintain the quiet title claim since both parties claim an interest in the subject property and the Court must determine who has a greater right to title. Plaintiffs have not shown the claim has no basis in law or in fact because PCF claims the prior instruments to be void and not merely voidable. Because a third party may maintain a suit contesting a void instrument, PCF has standing and there is a basis in law and in fact for this court to deny the 91a Motion.

The Court should award attorney fees to PFC for having to respond to the frivolous, unserved 91a Motion and the false and misleading claims contained therein.

## V. PRAYER:

Wherefore premises considered, PCF prays this court sustain the objection to the Motion to Dismiss; deny the Motion to Dismiss and grant to PCF its attorney fees.

Respectfully Submitted

BARRY & SEWART, PLLC

/s/ Keith A. Wolfshohl
Anna C. Sewart, SBN: 24029832
David W. Barry, SBN: 01835200
Keith A. Wolfshohl, SBN: 24047135
Nicholas M. Frame, SBN: 24093448
Austin R. DuBois, SBN: 24065170
Kamelia Namazi, SBN: 24074793
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tele: (713) 722-0281
Fax: (713) 722-9786
efile@barryandsewart.com

Verification

On this day, Keith A. Wolfshohl, appeared before me, the undersigned Notary Public, and after being duly sworn, stated that he has read the foregoing pleading and the factual allegations contained therein are within his personal knowledge and are true and correct.

Keith A. Wolfshohl

Subscribed and sworn to before me on this the 13th day of August, 2020.

Notary Public



DAVID ARCE BUSTOS
Notary ID #132220461
My Commission Expires
October 22, 2023

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response to Plaintiff's Motion to

Dismiss Pursuant to 91a was served upon the following persons by certified mail, return receipt

requested and by electronic mail via the Texas efile Service, on *August 14, 2020.*

JAMES ALLEN
8202 Terra Valley Lane
Tomball, Texas 77375

ALLEN A. HAYE
8202 Terra Valley Lane
Tomball, Texas 77375

/s/ Keith A. Wolfshohl
Keith A. Wolfshohl

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Jane Nelson
Secretary of State

# Office of the Secretary of State

The undersigned, as Secretary of State of Texas, does hereby certify that the attached is a true and correct copy of each document on file in this office as described below:

P.C.F. PROPERTIES IN TX, LLC
Filing Number: 800450156

Articles of Organization

February 07, 2005

In testimony whereof, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in Austin, Texas on April 06, 2023.



*Jane Nelson*

Jane Nelson
Secretary of State

Respondent's
5
20-35780

Phone: (512) 463-5555
Prepared by: SOS-WEB

*Come visit us on the internet at https://www.sos.texas.gov/*
Fax: (512) 463-5709
TID: 10266

Dial: 7-1-1 for Relay Services
Document: 1236031860004

**Form 205**

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $200



**Articles of Organization
Pursuant to Article
1528n, Texas Limited
Liability Company Act**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 800450156 02/07/2005
Document #: 81939270002
Image Generated Electronically
for Web Filing**

| Article 1 - Name |
|---|

The name of the limited liability company is as set forth below:

### P.C.F. PROPERTIES IN TX, LLC

The name of the entity must contain the words "Limited Liability Company" or "Limited Company," or an accepted abbreviation of such terms. The name must not be the same as, deceptively similar to or similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for the "name availability" is recommended.

| Article 2 – Registered Agent and Registered Office (Select and complete either A or B and complete C) |
|---|

☑A. The initial registered agent is an organization (cannot be company named above) by the name of:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

**OR**

☐B. The initial registered agent is an individual resident of the state whose name is set forth below:

Name:

C. The business address of the registered agent and the registered office address is:

Street Address:
701 Brazos, Ste. 1050    Austin  TX 78701

| Article 3 - Management (Complete items A or B) |
|---|

☐A. The limited liability company is to be managed by managers.

**OR**

☑B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the initial members are set forth below:

Managing Member 1:
Antony    Halaris

Title: Managing Member

Street Address:
13089 Peyton Dr. Ste. C-160    Chino Hills  CA, USA  91709

| Article 4 - Duration |
|---|

The period of duration is perpetual.

| Article 5 - Purpose |
|---|

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized.

| Supplemental Provisions / Information |
|---|

[The attached addendum, if any, is incorporated herein by reference.]

**Organizer**

**The name and address of the organizer is set forth below.**
Corporation Service Company        701 Brazos, Ste. 1050, Austin, TX 78701

**Effective Date of Filing**

☑A. This document will become effective when the document is filed by the secretary of state.

**OR**

☐B. This document will become effective at a later date, which is not more than ninety (90) days from the date of its filing by the secretary of state. The delayed effective date is:

**Name Reservation Document Number**

**EXECUTION**

The undersigned organizer signs these articles of organization subject to the penalties imposed by law for the submission of a false or fraudulent document.

Chris Hornsby

**Signature of Organizer**

FILING OFFICE COPY

# OFFICE OF THE SECRETARY OF STATE
# OF THE STATE OF COLORADO

# **CERTIFICATE OF DOCUMENT FILED**

I,   Jena Griswold   , as the Secretary of State of the State of Colorado, hereby certify that, according to the records of this office, the attached document is a true and complete copy of the

Articles of Organization

with Document # 20238170094  of
PCF Properties in Texas LLC

Colorado Limited Liability Company

(Entity ID # 20238170094  )

consisting of   1   pages.

This certificate reflects facts established or disclosed by documents delivered to this office on paper through 01/04/2024 that have been posted, and by documents delivered to this office electronically through 01/07/2024@ 09:23:52.

I have affixed hereto the Great Seal of the State of Colorado and duly generated, executed, and issued this official certificate at Denver, Colorado on 01/07/2024 @ 09:23:52 in accordance with applicable law. This certificate is assigned Confirmation Number  15630922   .



_Jena Griswold_

Secretary of State of the State of Colorado

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*End of Certificate\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Notice: A certificate issued electronically from the Colorado Secretary of State's website is fully and immediately valid and effective. However, as an option, the issuance and validity of a certificate obtained electronically may be established by visiting the Validate a Certificate page of the Secretary of State's website, https://www.coloradosos.gov/biz/CertificateSearchCriteria.do entering the certificate's confirmation number displayed on the certificate, and following the instructions displayed. Confirming the issuance of a certificate is merely optional and is not necessary to the valid and effective issuance of a certificate. For more information, visit our website, https://www.coloradosos.gov click "Businesses, trademarks, trade names" and select "Frequently Asked Questions."*



Respondent's
6
20-35780



Colorado Secretary of State
ID#: 20238170094
Document #: 20238170094
Filed on: 11/03/2023 10:42:33 AM
Paid: $50.00

## Articles of Organization for a Limited Liability Company

filed pursuant to § 7-90-301 and § 7-80-204 of the Colorado Revised Statutes (C.R.S.)

**The domestic entity name of the limited liability company is**   PCF Properties in Texas LLC

**The principal office street address is**  1942 Broadway St. STE 314C
Boulder CO 80302
US

**The principal office mailing address is**  1942 Broadway St. STE 314C
Boulder CO 80302
US

**The name of the registered agent is**  Northwest Registered Agent LLC

**The registered agent's street address is**  1942 Broadway St. STE 314C
Boulder CO 80302
US

**The registered agent's mailing address is**  1942 Broadway St. STE 314C
Boulder CO 80302
US

The person above has agreed to be appointed as the registered agent for this entity.

**The management of the limited liability company is vested in**  Members

There is at least one member of the limited liability company.

**Person(s) forming the limited liability company**

Nat Smith
1942 Broadway St. STE 314C
Boulder CO 80302
US

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., and, if applicable, the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

**Name(s) and address(es) of the individual(s) causing the document to be delivered for filing**

Nat Smith
1942 Broadway St. STE 314C
Boulder CO 80302
US




Skip to content | About Secretary Griswold | Español

# Summary

**For this Record...**

**Filing history and documents**

**Get a certificate of good standing**

**File a form**

**Subscribe to email notification**

**Unsubscribe from email notification**

**Subscribe to text notification**

**Unsubscribe from text notification**

**Business Home**

**Business Information**

**Business Search**

**FAQs, Glossary and Information**

| Details | | | |
|---|---|---|---|
| Name | PCF Properties in Texas LLC | | |
| Status | Good Standing | Formation date | 11/03/2023 |
| ID number | 20238170094 | Form | Limited Liability Company |
| Periodic report month | November | Jurisdiction | Colorado |
| Principal office street address | 1942 Broadway St. STE 314C, Boulder, CO 80302, US | | |
| Principal office mailing address | 1942 Broadway St. STE 314C, Boulder, CO 80302, US | | |

| Registered Agent | |
|---|---|
| Name | Northwest Registered Agent LLC |
| Street address | 1942 Broadway St. STE 314C, Boulder, CO 80302, US |
| Mailing address | 1942 Broadway St. STE 314C, Boulder, CO 80302, US |

Filing history and documents

Get a certificate of good standing

Get certified copies of documents

File a form

Set up secure business filing

Subscribe to email notification

Unsubscribe from email notification

Subscribe to text notification

Unsubscribe from text notification

Back

Terms & conditions | Accessibility statement | Browser compatibility

Colorado Secretary of State
ID#: 20238170094
Document #: 20238170094
Filed on: 11/03/2023 10:42:33 AM
Paid: $50.00

# Colorado
# **Secretary of State**

## Articles of Organization for a Limited Liability Company

filed pursuant to § 7-90-301 and § 7-80-204 of the Colorado Revised Statutes (C.R.S.)

**The domestic entity name of the limited liability company is**  PCF Properties in Texas LLC

**The principal office street address is**  1942 Broadway St. STE 314C
Boulder CO 80302
US

**The principal office mailing address is**  1942 Broadway St. STE 314C
Boulder CO 80302
US

**The name of the registered agent is**  Northwest Registered Agent LLC

**The registered agent's street address is**  1942 Broadway St. STE 314C
Boulder CO 80302
US

**The registered agent's mailing address is**  1942 Broadway St. STE 314C
Boulder CO 80302
US

The person above has agreed to be appointed as the registered agent for this entity.

**The management of the limited liability company is vested in**  Members

There is at least one member of the limited liability company.

**Person(s) forming the limited liability company**

Nat Smith
1942 Broadway St. STE 314C
Boulder CO 80302
US

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., and, if applicable, the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

**Name(s) and address(es) of the individual(s) causing the document to be delivered for filing**

Nat Smith
1942 Broadway St. STE 314C

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below:

Envelope ID: 98864693
Filing Code Description: Unlisted
Filing Description: HONORABLE JUDGE JERALYNN MANOR HEARING
FINDINGS OF FACTS AND CONCLUSION OF LAW
Status as of 3/25/2025 3:16 PM CST

Associated Case Party: RobertLThomas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Robert L.Thomas | | robert9thomas@yahoo.com | 3/25/2025 2:23:41 PM | SENT |

Associated Case Party: PCF Investments Inc its Subsidary PCF Properties in Texas
LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alzadia Spires | | alzadia@spireslawfirm.com | 3/25/2025 2:23:41 PM | SENT |

Associated Case Party: P.C.F. PROPERTIES IN TX, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JOHN VBURGER | | john@barryandsewart.com | 3/25/2025 2:23:41 PM | SENT |
| John VBurger | | evictions@barryandsewart.com | 3/25/2025 2:23:41 PM | SENT |