IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIMPSON, ERNESTO,<br>*Plaintiffs* | §<br>§<br>§ | CIVIL ACTION No. 25-02600 |
| vs. | §<br>§ | |
| HARRIS COUNTY et. al.,<br>*Defendant* | §<br>§<br>§<br>§ | |

**OBJECTION TO DEFENDANTS MOTION TO DISMISS
DUE TO COURT LACK OF JURSDICTION**

**TO: THE HONORABLE JUDGE ANDREW S. HANEN SENIOR U.S.D.J.**

**COMES NOW,** the Plaintiff Ernesto Simpson and files this objection the Defendants Motion to Dismiss as the Court lacks jurisdiction to hear its Motion as their exist no federal question before the Court and for cause shows as follows:

**PROCEDURAL HISTORY**

This case arises out of an ultra vires cause of action solely against Harris County, Constable Mark Herman Harris County Precinct 4, Deputy Constable Roman Ruiz Harris County Precinct 4, and Christen Menefee as Harris County Attorney in individual and official capacities there are no other parties named as defendant before this Court.

On June 6.2025, while the Plaintiff Application for a Temporary Restraining Order ("TRO") was pending in state court the defendants removed the ultra vires cause of action to this court. The basis of the Defendants removal is that they alleged that the Plaintiff pleaded in its Second Amended Petition that federal question by pleading that Harris County violated his U.S. Constitutional rights under the Fourth Amendment though "illegal conviction." (Dkt. 1-3 at ¶ 51-66.).

On June 13, 2025, the Plaintiff filed a Response with a "Amended Complaint" that has completely removed any and all alleged pleading that Harris County violated his U.S. Constitutional rights under the Fourth Amendment though "illegal conviction." (Dkt. 1-3 at ¶ 51-66.). After removal to federal court, a plaintiff can still amend their complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1). This right to amend exists within 21 days after serving the original complaint, or 21 days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion, whichever is earlier. If neither of those triggers has occurred, the plaintiff can amend within 21 days of the removal.

Since federal question jurisdiction does not exist, Plaintiff's respectfully requests that this Court remand this case back to the County Civil Court at Law No. 2 Harris County, Texas cause No. 1249845, due to lack of jurisdiction.

Additionally, in support of the Defendant Motion to Dismiss is s **Exhibit** (A), and it appears to the original May 8, 2024, writ of possession that expired on August 7, 2023 (90 days after issuance) and no longer had any legal force of effect.

Indeed the August 15, 2023, writ of possession used by Deputy Constable Ruiz is a fake and fabricated replica of the expired and recalled May 8, 2023, writ of possession.

## TEXAS LEGISLATIVE BACKGROUND

Plaintiff argues and Texas law supports that May 8, 2023, writ of possession expired on August 7, 2023 and no longer had any legal force or effect. The Texas legislature enacted and approved Tex. R. Civ. P. 629, which mandates that a writ possession "*must*" be returnable to the court within 30, 60 or 90 days. Accordingly, under Texas Law a writ of possession is only valid for a maximum of 90 days from the date it was issued before it would need to be reissued as it cannot be executed after 90 days. As detailed below and attached as **Exhibit** 1 the "Writ of

Possession" was issued by Marilyn Burgess District Clerk Harris County: Witness my hand officially, and this seal (which is stamped on the writ) of said Court hereto affixed, at office of the City of Houston, Texas this 8th day of May, 2023 A.D, via signed by Deputy Clerk Melissa Medina. The May 8, 2023, Writ of Possession commands any Sheriff or Constable to seize and deliver to PCF Properties in Texas LLC., the possession of said property.

EXHIBIT-2

4/290N
I 18

CONSTABLE FEES IN THE AMOUNT OF $125.00 WERE PAID ON RECEIPT #952711 TO MARILYN BURGESS, HARRIS COUNTY DISTRICT CLERK.

DELIVERED THIS 17 DAY OF 4 2 14
MARK HERMAN, Constable
Precinct 4, Harris County, Texas
By:_____

CAUSE NO. 2020-35780
TR# 74155838

JAMES ALLEN and ALLAN HAYE,

V.

PCF PROPERTIES IN TEXAS, LLC

V.

ELIZABETH THOMAS, JAMES M. ANDERSEN, and JPMORGAN CHASE BANK, N.A.;

8209 Terra Valley Ln
Tomball, TX 77375

IN THE DISTRICT COURT OF

HARRIS COUNTY, T E X A S

80TH JUDICIAL DISTRICT

WARRANT CHECK
CAUTION ☐
OPEN ☐
CLEAR ☐

**WRIT OF POSSESSION**

THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF ANY COUNTY WITHIN THE STATE OF TEXAS, GREETING:

WHEREAS, on the 19TH day of APRIL A.D. 2023, PCF PROPERTIES IN TX, LLC Defendant(s) recovered a judgment in the 80TH Judicial District Court of Harris County, Texas against JAMES ALLEN AND ALLAN HAYE Plaintiff(s) for the possession of certain property or properties, described as follows, to-wit;

LOT TWENTY-FIVE (25), BLOCK TWO (2), MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING OT THE MAP OR PLAT THEREOF UNDER FILM CODE 553018 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS (the "Property")

and all costs of suit;

THEREFORE, YOU ARE HEREBY COMMANDED TO SEIZE AND DELIVER to the said PCF PROPERTIES IN TX, LLC the possession of said property or properties hereinbefore described, as against the said JAMES ALLEN AND ALLAN HAYE and all persons claiming under or through them since the institution of this suit.

HEREIN FAIL NOT, but of this writ make due return on or before the 90th day from date of issuance hereof, with your endorsement thereon, showing how you have executed the same.

WITNESS my hand officially, and the seal of said Court hereto affixed, at office in the City of Houston, Texas, this 8TH day of MAY, 2023 A.D.

Issued at request of:
JOHN VINCENT BURGER
BARRY & SEWART PLLC
4151 SOUTHWEST FREEWAY SUITE 680
HOUSTON TX 77027

MARILYN BURGESS, District Clerk
HARRIS COUNTY, T E X A S

By ___Melissa Medina___ Deputy
MELISSA MEDINA

The May 8, 2023, has an expiration date wherein it states: **HEREIN FAIL NOT**, but of this writ make "***due return***" on or before the "***90th day from the date of issuance***" hereof, your endorsement thereon, showing how you executed the same. This writ expired on August 7, 2023, as mandated under Tex. R. Civ. P. 629. This is the law.

In the upper right corner of the May 8, 2023, Writ of Possession stamped in red is the date of May 17, 2023, which is the date the Writ of Possession, was delivered Constable Mark Herman Harris County Precinct 4 and was signed by Deputy Constable Gonzales.

The delivery stamp is **of** significance because it further evidences how the May 8, 2023, Writ of Possession is tracked. On May 8, 203, after Marilyn Burgess District Clerk Harris County, Deputy Clerk Melissa Medina, in the Harris County Post Civil/Family Department issued said writ of possession, a constable from Alan Rosen Constable Harris County Precinct 1 known as "runner" who personally picked up the May 8, 2023, writ on May 9, 2023, and signed a log book in the clerks as part of their record.

After the Constable runner picked up the May 8, 2023, writ of possession from the Deputy Clerks, in the Harris County Post Civil/Family Department it was taken to Alan Rosen Constable Harris County Precinct 1, were it was stamped as received along the side with the date of May 9, 2023. Thereinafter the Clerks log the Writ of Possession into their computer system and given another tracking number. Thereinafter Constable runner personally ***delivered*** the writ of possession to Constable Mark Herman Harris County Precinct 4.

On May 17, 2023, Deputy Constable Gonzales posted a 24 hour eviction notice on the Plaintiffs front door along with a copy of the May 8, 2023, "Writ of Possession." **Exhibit** 2.

On June 6, 2023, the Defendants deposited cash in lieu of Supersedaes. **Exhibit** 3; and on Marilyn Burgess[1] District Clerk Harris County, Deputy Clerk LeRoy Simmons , in the Harris

County Post Civil/Family Department issued a writ recalling and demanding the return of the May 8, 2023, writ of possession on behalf 80th Judicial Court Harris County, Texas to Sheriff or any Const able within the State f Texas, indeed the June 6, 2023, states: **HEREIN FAIL NOT,** but of this Writ make due return showing your endorsement thereon. **Exhibit** 4. This June 6, 223, writ was delivered to Constable Mark Herman Harris County Precinct 4, in the same manner as the May 8, 2023, writ of possession by a constable runner from the Alan Rosen Constable Harris County Precinct 1 and also has a tracking number.

<p style="color:red; text-align:center;"><b>COMPARE WITH CONSTABLE RUIZ AUGUST 15, 2023 WRIT</b></p>

EXHIBIT-6

4/290N
I/18

**CONSTABLE FEES IN THE AMOUNT OF $125.00 WERE PAID ON RECEIPT #952711 TO MARILYN BURGESS, HARRIS COUNTY DISTRICT CLERK.**

DELIVERED THIS 15 DAY OF AUG 20 23
MARK HERMAN, Constable
Precinct 4, Harris County, Texas
By: _____

CAUSE NO. 2020-35780
TR# 74155838

JAMES ALLEN and ALLAN HAYE,

V.

PCF PROPERTIES IN TEXAS, LLC

V.

ELIZABETH THOMAS, JAMES M. ANDERSEN, and JPMORGAN CHASE BANK, N.A.;

8202 Terra Valley Ln
Tomball, TX 77375

WARRANT CHECK
CAUTION ☐
OPEN ☐
CLEAR ☐

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

80TH JUDICIAL DISTRICT

2023 MAY -9 PM 2:31

**WRIT OF POSSESSION**

THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF ANY COUNTY WITHIN THE STATE OF TEXAS, GREETING:

WHEREAS, on the 19TH day of APRIL A.D. 2023, **PCF PROPERTIES IN TX, LLC** Defendant(s) recovered a judgment in the 80TH Judicial District Court of Harris County, Texas against **JAMES ALLEN AND ALLAN HAYE** Plaintiff(s) for the possession of certain property or properties, described as follows, to-wit:

LOT TWENTY-FIVE (25), BLOCK TWO (2), MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING OT THE MAP OR PLAT THEREOF UNDER FILM CODE 553018 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS (the "Property")

and all costs of suit;

THEREFORE, YOU ARE HEREBY COMMANDED TO SEIZE AND DELIVER to the said **PCF PROPERTIES IN TX, LLC** the possession of said property or properties hereinbefore described, as against the said **JAMES ALLEN AND ALLAN HAYE** and all persons claiming under or through them since the institution of this suit.

HEREIN FAIL NOT, but of this writ make due return on or before the 90th day from date of issuance hereof, with your endorsement thereon, showing how you have executed the same.

WITNESS my hand officially, and the seal of said Court hereto affixed, at office in the City of Houston, Texas, this 8TH day of MAY, 2023 A.D.

Issued at request of:
JOHN VINCENT BURGER
BARRY & SEWART PLLC
4151 SOUTHWEST FREEWAY SUITE 680
HOUSTON TX 77027

MARILYN BURGESS, District Clerk
HARRIS COUNTY, TEXAS

**Exhibit** 5.

The Texas legislature enacted and approved Tex. R. Civ. P. 629, which mandates the Requisites for Execution of valid Writs of Possession and provides they ***must***:

> " The style of the execution "***shall***" be "The State of Texas." It "***shall*** "be directed to any sheriff or any constable within the State of Texas. It "***shall***" be signed by the **clerk** or justice officially, and bear ***the seal of the court***, if issued out of the ***district or county court***, and "***shall***" require the officer to execute it according to its terms, and to make the costs which have been is a law that mandates the adjudged against the defendant in execution and the further costs of executing the writ. It "***shall*** "describe the judgment, stating the court in which, and the time when, rendered, and the ***names of the parties in whose favor and against whom the judgment was rendered***. A correct copy of the bill of costs taxed against the defendant in execution "***shall***" be attached to the ***writ***. It "***shall***" require the officer to return it within thirty, sixty, or ***ninety days***, as directed by the plaintiff or his attorney."

Tex. R. Civ. P. 629 sets forth in pertinent part the legal description of a valid writ and provides that " it ***must*** be directed to any sheriff or any constable within the State of Texas, "***shall***" be ***signed by the clerk*** or justice officially, and ***bear the seal of the court***, if issued out of the district or county court and "***shall***" require the officer to execute it according to its terms "***shall***" require the officer to return it within thirty, sixty, or ***ninety days*** of issuance." ("Describing the Legal Requirements of a Writ of Possession: The General Rules for all Writs required to be served by Law Enforcement Service & Action")**.** The use of the word "***shall***" imposes a duty. See TEX. GOV'T CODE ANN. § 311.016(1), (2) (West 2005) (stating word "may" "creates discretionary authority or grants permission or a power" while word "***shall*** imposes a duty"); *Robinson v. Budget Rent-A-Car Sys., Inc*., 51 S.W.3d 425, 430–31 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (concluding use of "***shall***" indicated mandatory action, citing Code Construction Act).

The August 15, 2023, "writ of possession" bears no signature of any Clerk of Court as mandatorily required under Tex. R. Civ. P. 629 evidencing that this writ was in fact issued by the clerk of the court by order of any court at law. Indeed the August 15, 2023, bears no ***seal of***

***any court at law,*** as mandatorily required   Tex. R. Civ. P. 629. Counsel took this August 15, 2023 writ of possession down to Marilyn Burgess District Clerk Harris County Post Civil/Family Department where all writs on behalf of Harris County District Courts are issued and (i) requested a certified copy of August 15, 2023 writ of possession from the Deputy Clerk; and, (ii) a copy of the page in the log book showing the date a Constable runner from the Alan Rosen Constable Harris County Precinct 1 picked the August 15, 2023, writ up.

The Marilyn Burgess District Clerk Harris County, Deputy Clerks informed counsel that they have no records of the August 15, 2023, writ of possession because no Harris County Deputy Clerk issued said writ of possession by order of any Harris County District Court or requested a constable runner from the Alan Rosen Constable Harris County Precinct 1 to picked an  August 15, 2023, pick said writ up.

Counsel then proceeded to Alan Rosen Constable Harris County Precinct 1 with a copy of the August 15, 2023, writ of possession and requested copies of log book showing the date and tracking number that a constable runner delivered said writ of possession to Constable Mark Herman Harris County Precinct 4 on August 15, 2023, as stamped as the delivery date of said writ in the upper right corner. The Clerk responded that they have no records of constable runner an August 15, 2023, writ of possession being  pick up from the Harris County Post Civil/Family Department and delivered on August 15, 2023, to Constable Mark Herman Harris County Precinct 4 and this is the only means for which a writ of possession court have been delivered is by constable runner.

The August 15, 2023, is merely a fake fabricated replica of the recalled and expired May 8, 2023, writ of possession that was not authorized to be issue by any court at law. Upon information and belief Constable Ruiz issued and delivered the fake said writ of possession

himself in violation of Tex. R. Civ. P. 629.

## ARUGMENTS AND AUTHORIES

A recent Supreme Court decision strengthened plaintiffs' ability to control whether their case will be litigated in state or federal court.In *Royal Canin U.S.A., Inc. v. Wullschleger*, No. 23–677 (S. Ct. Jan. 15, 2025), the Supreme Court considered whether a plaintiff, after removal to federal court, can direct their case back to state court by amending the complaint to exclude all federal claims. The Court resolved a circuit split on this issue, answering the question in the affirmative.

The Supreme Court recently held in Royal Canin U.S.A., Inc. v. Wullschleger that even if a defendant properly removes a complaint from state to federal court based on federal question jurisdiction, a plaintiff's post-removal amendment of the complaint to eliminate the basis for federal question jurisdiction will also deprive the federal court of supplemental jurisdiction over the remaining state-law claims.  — S. Ct. —-, 2025 WL 96212 (Jan. 15, 2025).

In Royal Canin, a plaintiff brought a putative class action against a manufacturer of prescription dog food.  The plaintiff alleged that she bought the food incorrectly thinking it contained medication not found in off-the-shelf products.  According to the plaintiff, the defendant's product is ordinary dog food, and defendant sold the product with a prescription not because the dog food's ingredients make a prescription necessary, but rather to mislead consumers into overpaying for it.  The plaintiff's complaint—originally filed in state court— alleged that defendant violated Missouri consumer protection and antitrust laws as well as the Federal Food, Drug, and Cosmetic Act (FDCA).

The defendant properly removed the case to district court based on the asserted FDCA violations.  As the Court noted, "[t]hat removal properly brought to the District Court not only

Wullschleger's FDCA claims, but also her factually intertwined state-law claims," because 28 U.S.C. § 1367(a) provides that a district court may exercise supplemental jurisdiction over state-law claims sharing a common nucleus of operative fact with federal-law ones. Royal Canin, 2025 WL 96212, at *4–5. After removal, the plaintiff amended her complaint "to delete its every mention of the FDCA, leaving her state claims to stand on their own." Id. at *4. The plaintiff then moved to remand her all-state-law complaint back to the state court. The district court denied the plaintiff's request, which the Eighth Circuit subsequently reversed, finding that the plaintiff's amendment eliminated any basis for federal jurisdiction. Defendant's appeal to the Supreme Court followed. The Supreme Court, in a unanimous opinion by Justice Kagan, affirmed the Eighth Circuit and held that "[i]f (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims." Id. at *5. The Court reasoned that a host of statutes and prior cases link jurisdiction to the amended—rather than the initial—complaint: "[t]he amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy jurisdiction." Id. at *7. Thus, if a complaint initially contains a federal question but a plaintiff later removes her federal-law claims (as the plaintiff did in Royal Canin), then there is no "federal anchor" for the case, "supplemental jurisdiction over the residual state claims disappears as well," and the case must be remanded. Id. at *9.

## CONCLUSION

**WHEREFORE,** Since federal question jurisdiction does not exist, Plaintiff's respectfully requests that this Court remand this case back to the County Civil Court at Law No. 2 Harris County, Texas cause No. 1249845, due to lack of jurisdiction and award counsel attorney fees.

Respectfully submitted,

/s/**James M. Andersen**
James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
Email: jandersen.law@gmail.com

*Attorney for Ernesto Simpson*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 20, 2025, a copy of the foregoing Objection to Motion to Dismiss was served by EFC- Service System on all parties and counsel of record.

/s/*James M. Andersen*